IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARTFORD FIRE INSURANCE     :
COMPANY and HARTFORD CASUALTY :
INSURANCE COMPANY,
                            :
        Plaintiffs,         :
                            :
    v.                      :  Civil Action No. 06-422-JJF
                            :
INTERDIGITAL COMMUNICATIONS :
CORPORATION and INTERDIGITAL :
TECHNOLOGY CORPORATION,     :
                            :
        Defendants.         :

---

Gale White, Esquire and Anthony L. Miscioscia, Esquire of WHITE AND WILLIAMS LLP, Philadelphia, Pennsylvania.
James S. Yoder, Esquire of WHITE AND WILLIAMS LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Stephen J. Mathes, Esquire; Arleigh P. Helfer, III, Esquire and Thomas S. Coleman, Esquire of HOYLE, FICKLER, HERSCHEL & MATHES LLP, Philadelphia, Pennsylvania.
Richard L. Horwitz, Esquire of POTTER ANDERSON & CORROON, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

December 14, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is the Motion Of Defendants InterDigital Communications Corporation And InterDigital Technology Corporation To Dismiss Count Two Of The Complaint. D.I. 10. For the reasons discussed, the Court will grant Defendants' Motion To Dismiss Count Two Of The Complaint, and Count II will be dismissed without prejudice and with leave to refile.

## BACKGROUND

### I. Procedural Background

Plaintiffs, Hartford Fire Mutual Insurance Company and Hartford Casualty Mutual Insurance Company ("Hartford"), brought this action against Defendants, InterDigital Communications Corporation and InterDigital Technology Corporation ("InterDigital"), seeking declaratory judgment that Hartford has no duty to defend or indemnify InterDigital in connection with an underlying action brought against InterDigital by Nokia Corporation and Nokia, Inc. ("Nokia"), pending before this Court and styled as <u>Nokia Corporation and Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology Corporation</u>, Civil Action No. 05-16-JJF (the "Nokia action"). In the Nokia action, the Court dismissed twenty of the twenty-one counts brought against InterDigital by Nokia leaving only Nokia's claim for violation of Section 43(a) of the Lanham Act based on

statements purportedly made by InterDigital about its patents and Nokia's products, which Nokia contends damaged its business and reputation in the wireless market.

Hartford originally commenced this action for declaratory judgment in the Eastern District of Pennsylvania, and it was transferred to this Court on July 7, 2006. Briefing on InterDigital's Motion To Dismiss has been completed, and therefore, the Motion is ready for the Court's review.

## II.  Factual Background

Hartford issued two insurance policies (the "Policies") to InterDigitial, one effective for the period from December 22, 2003 to December 22, 2004, and the other effective for the period from December 22, 2004 until December 22, 2005. Pursuant to these Policies, Hartford agreed to indemnify InterDigital for "'those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.'"  D.I. 13 at 4 (referring to the Policies). For coverage to exist, the offense must, among other things, arise out of the insured's business and be committed in the "coverage territory" during the period that the Policies were effective. Id.

Under the Policies, "personal and advertising injury" is defined as injury, including consequential bodily injury, arising out of certain listed offenses. Id. For purposes of this

litigation, the applicable listed offense refer to "'[o]ral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.'" Id. However, the Policies bar coverage for "personal and advertising injury" that falls within certain exclusions, including but not limited to "personal and advertising injury" (1) caused by an offense committed by, at the direction of or with the consent of the insured with the expectation of inflicting "personal and advertising injury," (2) arising out of oral, written or electronic publication material, if done by or at the direction of the insured (i) with knowledge of its falsity or (ii) whose publication occurred prior to the beginning of the policy period, (3) arising out of the failure of goods, products or services to conform with statements of quality or performance made in the insured's advertisements or on the insured's website, and (4) arising out of violations of intellectual property rights such as copyright, patent, and trademark. Id. at 4-5.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss a complaint for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial challenge or a factual challenge to the Court's subject matter jurisdiction. Courts have considered challenges

3

to the ripeness of a claim to be facial challenges to subject matter jurisdiction.  See e.g. Thompson v. Borough of Munhall, 44 Fed. Appx. 582, 583 (3d Cir. 2002); Corporate Aviation Concepts, Inc. v. Multi-Service Aviation Corp., 2005 WL 1693931, *2 n.6 (E.D. Pa. Jul. 19, 2005).

In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply.  In this regard, the Court must accept all factual allegations in the complaint as true and all reasonable inferences must be drawn in favor of the plaintiff.  NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001).  The Court's inquiry under Rule 12(b)(1) is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters in the public record.  Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).

## DISCUSSION

### I.  The Parties' Contentions

By its Motion, InterDigital requests the Court to dismiss, without prejudice to its renewal, Count Two of Hartford's Complaint, which seeks a declaratory judgment that Hartford does not have a duty to indemnify InterDigital in connection with Nokia's Lanham Act claim.  InterDigital contends that a Lanham Act violation requires Nokia to demonstrate that InterDigital (1) made false or misleading statements, and (2) acted in bad faith.

Because the facts concerning InterDigital's alleged conduct have yet to be determined in the Nokia action and InterDigital has not yet suffered an adverse judgment in that action, InterDigital contends that Count Two of Hartford's Complaint is premature and unripe for judicial determination.

In response, Hartford contends that there are numerous factual and legal issues in this case that do not depend on the Nokia action which could demonstrate that Hartford does not have a duty to indemnify InterDigital.  Hartford also contends that it will be prejudiced if the Court dismisses Count Two with leave to renew after an adjudication of liability against InterDigital in the Nokia action, because Hartford will have to continue to defend InterDigital with no recourse for repayment if the Court should later determine that the Policies do not provide coverage for Nokia's Lanham Act claim.

According to Hartford, Pennsylvania law permits an insurer to cut off its defense and indemnity obligations before trial, if the insurer can demonstrate that there is no coverage for the claim asserted against its insured.[1]  In this regard, Hartford urges the Court to allow it to discover (1) whether InterDigital's alleged statements involve an enumerated "personal

---

[1]  For purposes of the instant Motion To Dismiss, the parties have relied upon Pennsylvania law without making any detailed choice of law arguments.  Accordingly, the Court will proceed under the principles of Pennsylvania law for adjudicating this Motion.

5

or advertising injury" as defined in the Policies, (2) when and by whom such statements were made to determine if they fall within the coverage period, (3) the circumstances concerning the statements to determine whether a policy exclusion applies (e.g. whether the insured knew the statements were false or expected to inflict "personal or advertising injury"), and (4) whether InterDigital has other insurance applicable to this matter. Hartford contends that it should be permitted to adjudicate these issues now for the additional reason that Hartford may be asked to fund a settlement of the Nokia action before any judgment is rendered. Thus, Hartford contends that a determination of whether it has a duty to indemnify InterDigital is ripe at this time, without the need to have liability in the underlying Nokia action adjudicated first.

## II. Whether InterDigital Is Entitled To Dismissal Of Count Two Of Hartford's Complaint

### A. Applicable Legal Principles

The insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured. Sphere Drake P.L.C. v. 101 Variety, Inc., 35 F. Supp. 2d 421, 427 (E.D. Pa. 1999) (citing Erie Ins. Exchange v. Erie Ins. Exchange v. Transamerica Ins. Co., 516 Pa. 574, 533 A.2d 1363, 1368 (Pa. 1987)). The duty to indemnify is a narrower duty, and "arises only when the insured is determined to be liable for damages within the coverage of the policy." Britamco

Underwriters, Inc. v. Loque's Tavern, Inc., No. 95-2997, 1995 WL 710570, at *2 (E.D.Pa. Dec. 1, 1995)). The duty to indemnify is based on actually liability, while the duty to defend is based upon the allegations of the complaint. Id.

As a general matter, courts refrain from adjudicating whether an insurer has a duty to indemnify the insured until after the insured is found liable for damages in the underlying action.[2] See e.g., American States Ins. Co. v. Component Techs., Inc., 2005 WL 2253583, *1 (M.D. Pa. Sept. 15, 2005); Cincinnati Ins. Cos. v. Petsco, Inc., 374 F. Supp. 2d 451, 464-465 (W.D. Pa. Sept. 15, 2005); Home Ins. Co. v. Law Offices of Jonathan DeYoung, 107 F. Supp. 2d 647, 650 (E.D. Pa. 2000); Heffernan & Co. v. Hartford Ins. Co. of Am., 614 A.2d 295, 298 (Pa. Super. Ct. 1992); United Servs. Auto. Ass'n v. Elitzky, 517 A.2d 982, 992 (Pa. Super. Ct. 1986). In reaching the conclusion to defer indemnity claims, courts typically engage in an analysis of ripeness. Specifically, courts consider three factors: (1) the adversity of the parties' interests; (2) the probable conclusiveness of a judgment, and (3) the practical utility of the judgment to the parties. Step-Saver Data Sys., Inc. v. Wyse

---

[2] Courts outside of the Third Circuit have also taken this approach. See e.g., Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc., 401 F.3d 876, 882-883 (8th Cir. 2005); Lear Corp. v. Johnson Elec. Holding Ltd., 353 F.3d 580, 583 (7th Cir. 2003); Certain Underwriters at Lloyd's London v. St. Joe Minerals Corp., 90 F.3d 671, 676 (2d Cir. 1996).

Technology, 912 F.2d 643, 647 (3d Cir. 1990).

In addition to ripeness concerns, the question of whether to defer adjudication of the duty to indemnify also raises "a more basic concern with fairness given the insurer's conflict of interest in representing an insured at the same time it attempts to establish facts that support the insured's liability." Couch on Insurance 3d. § 227:37. To extent that basic notions of fairness are implicated, this issue has also been characterized as "more a matter of when the court should exercise its discretion to decline jurisdiction, rather than its lack of jurisdiction under the principles of justicability." Id.

B.   Whether Count II Of Hartford's Complaint Is Ripe

Reviewing Hartford's claim for indemnification asserted in Count II of its Complaint in light of the circumstances of this case and the applicable law, the Court concludes that Count II is not ripe for adjudication at this time. Under the first prong of the Step-Saver analysis, the parties' interests are considered adverse when actual harm will result if the declaratory judgment is not granted. 912 F.2d at 647-648. In this case, the Court concludes that Hartford has not demonstrated the actual harm required to establish adversity. Perlberger, 900 F. Supp. at 773 (holding that the "adversity of the parties' interests as to the duty to indemnify will not be complete until after the resolution of the [underlying] action, when it will be clear whether [the

8

insured] can assert a claim for indemnity from [his insurer]"); Westport Ins. Corp. v. Howell, 2005 WL 1124092, *1 (E.D. Pa. May 10, 2005) (holding that where there has been no settlement or judgment of liability regarding the underlying claim, any imposition of liability is not so immediate as to warrant declaratory relief on the issue of indemnification).

Hartford suggests that it will be harmed if it must continue to defend InterDigital without first establishing whether a duty to indemnify exists. Specifically, Hartford contends that "i[f] the Court were to conclude that Hartford cannot proceed to adjudicate whether it has a duty to indemnity InterDigital before the Nokia action is concluded (and the Court concludes that there is a duty to defend), Hartford would be in the prejudicial position of having to defend Nokia's very expensive lawsuit for as long as that suit drags out, with no way to prove before judgment that there is no coverage." (D.I. 13 at 2). In the Court's view, however, no actual harm or prejudice to Hartford arises from this scenario. As the Court has recognized, the duty to defend is separate from the duty to indemnify, and Hartford may have to defend InterDigital regardless of whether it will ultimately be required to indemnify it. See Component Techs., 420 F. Supp. 2d at 375 (recognizing that if there is a duty to defend, the duty extends to the entire lawsuit and not just the claims that the insurer will be required to indemnify, thus

9

resolution of indemnification prior to the end of the underlying litigation could create a conflict between the insurer's duty to defend and its interest in avoiding coverage). Further, Hartford's claim regarding the duty to defend will be adjudicated in the context of this lawsuit, and if that claim is resolved in its favor, Hartford's duty to indemnify will also be extinguished.

Hartford directs the Court to several cases which it contends support the proposition that a declaratory judgment on the duty to indemnify may be entertained before liability has been determined in the underlying action. The Court has reviewed the cases identified by Hartford and finds them to be distinguishable from the circumstances here. For example, several cases cited by Hartford are cases involving coverage and indemnification claims that were brought <u>after</u> the resolution of the underlying litigation. <u>See</u> <u>e.g.</u> <u>Lucker Mfg. v. Home Ins. Co.</u>, 23 F.3d 808 (3d Cir. 1994) (action against insured for bad faith failure to indemnify or defend); <u>First Fid. Bancorporation v. National Union Fire Ins. Co.</u>, 1990 WL 165937 (E.D. Pa. Oct. 25, 1990) (addressing insured's failure to consent to settlement and indemnification liability after final settlement of underlying litigation was approved and funds were deposited in escrow). Other cases involve claims in which it is clear as a matter of law, that the claims asserted in the complaint fall

within an exclusion under the policy and there are no factual disputes. See e.g. First Oak Brook Corp. Syndicate v. Comly Holding Corp., 93 F.3d 92 (3d Cir. 1996) (holding that claims were clearly excluded from coverage under assault and battery exclusion, and therefore, insurer had no duty to defend or indemnify); Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743 (Pa. 1999) (holding that factual allegations in underlying complaint constituted "knowing endangerment" as a matter of law, and thus, there was no duty to defend or indemnify under the knowing endangerment coverage exclusion). In these cases, there is no duty to defend, and hence, no duty to indemnify. By contrast, where as here, the coverage issues are less than clear and the facts relevant to the underlying litigation are also relevant to the question of indemnification, courts have advocated an approach which defers adjudication of the indemnity question.[3] Universal Underwriters Ins. Co. Nationwide Ins. v. Zavalis, 52 F.3d 689, 693 n.5 (7th Cir. 1995) (stating that it may be appropriate for a court to add that there is no duty to indemnify when it is clear that the insured cannot be held liable under any theory that could potentially fall within the policy coverage, but where possibility of coverage exists, "the prudent thing for

---

[3]  See infra Section II.A. of this Memorandum Opinion and note 2 for additional cases recognizing the principle that courts should refrain from adjudicating whether an insurer has a duty to indemnify until after the insured is found liable in the underlying action.

the court to do is to refrain from comment on the duty to indemnify"); see also Landpen Co. v. The Maryland Cas. Co., 2005 WL 356809, *9-10 (S.D.N.Y. Feb. 15, 2005); Hartford Cas. Ins. Co. v. Chase Title, Inc., 247 F. Supp. 2d 779, 780 n.1 (D. Md. 2003); Dana Corp. v. LTV Corp.; 668 A.2d 752, 756 (Del. Ch. 1995).

As for the second-prong of the Step-Saver analysis, the Court likewise concludes that Hartford has not demonstrated that a declaratory judgment on indemnification would be conclusive. As courts have recognized in discussing this prong of the Step-Saver analysis, a declaratory ruling concerning the duty to indemnify is contingent upon the insured subsequently being held liable in the underlying litigation. Indeed, Hartford acknowledges the contingent and speculative nature of its indemnification obligation in the following allegations of its Complaint:

> 69. Even if Hartford were to have an obligation to defend the Nokia complaint (which Hartford denies), Hartford may not ultimately owe any indemnity to InterDigital because they duty to indemnify is not based on the allegations of the complaint.
>
> 70. The duty to indemnify is based on the true facts which have not yet been determined.

(D.I. 1 at ¶ 69-70). Hartford's allegations also demonstrate that its indemnification claim is factually driven, and while Hartford contends that certain factual issues will not be decided

in the Nokia action[4], the Court is persuaded that sufficient overlap exists between the coverage issues here and the underlying claims in the Nokia action such that continued litigation of the indemnity issue would be imprudent. As a result of this overlap, the Court is more likely to face duplicative litigation which will squander the Court's and the parties' resources. In addition, the Court has concerns that a determination of the indemnification issue here could result in anomalous repercussions on the underlying Nokia action. For example, it is not inconceivable that the Court could determine that coverage does not exist in this litigation, yet Nokia could ultimately prevail on a theory within the Policies' coverage once all the facts of that litigation are thoroughly considered. Such results would undoubtedly lead to continued litigation thwarting the probability that a declaratory judgment on indemnity in this

---

[4]  Hartford contends that the following facts will not be addressed in the Nokia action:  (1) whether InterDigital made any slanderous, libelous or disparaging statements during the Policies' period; (2) whether InterDigital knew such statements were false; (3) whether Nokia's alleged injury arises out of intellectual property rights which are excluded from coverage under the Policies; and (4) whether InterDigital has other insurance that applies to some of the amounts claimed by Nokia. Through its Lanham Act claim, however, Nokia has put forward questions which touch on at least two of the factual inquiries identified by Hartford. Specifically, Nokia's Lanham Act claim concerns whether InterDigital made false or misleading statements and acted in bad faith. Though separate legal theories, the facts underlying these issues also pertain to Hartford's inquiry concerning whether InterDigital's statements were slanderous, libelous or disparaging and whether Nokia knew the alleged statements were false.

13

case would be conclusive.

With regard to the third prong of the Step-Saver test, the Court must determine whether a declaratory judgment concerning the duty to indemnify would have practical utility to the parties at this time. In evaluating this prong, the Court may consider such things as (1) the hardship to the parties if the court withholds a declaratory decision, (2) whether the claim involves uncertain or contingent events, and (2) whether the parties' plans for future action may be affected by the declaratory judgment. NE Hub Partners, L.P. 239 F.3d at 342 n.9, 344.

For the reasons discussed in the context of the other two Step-Saver elements, including the contingent nature of Hartford's indemnity claim and the possibility of duplicative litigation, the Court concludes that a declaratory judgment concerning the duty to indemnify will have little practical value to the parties and may work to prejudice InterDigital in the underlying Nokia action. As InterDigital points out, if facts material to the Nokia action are adjudicated here, InterDigitial runs the risk of being collaterally estopped from litigating those issues in the underlying action. Further, the type of anomalous results discussed in the context of the conclusivity prong may also lead to additional litigation in this action. On the other hand, a finding of no liability in the Nokia action would render any judgment on indemnity in this case of no value

14

to the parties.  Given these circumstances, the Court cannot conclude that a declaratory judgment on indemnity will be useful to the parties at this time.

    C.    <u>Whether The Court Should Exercise Its Discretion To Decline to Exercise Jurisdiction Over Count II Of Hartford's Complaint</u>

In the alternative, the Court concludes, in its discretion, that it should decline to exercise jurisdiction over Count Two until completion of the Nokia action.  <u>Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc.</u>, 887 F.2d 1213, 1222 (3d Cir. 1989); <u>Nationwide Mut. Fire Co. v. Shank</u>, 951 F. Supp. 68, 70-72. (E.D. Pa. 1997). The Court's conclusion in this regard is guided foremost by the concern that adjudication of the duty to indemnify prior to resolution of the Nokia action will unduly prejudice InterDigital in its litigation of the Nokia Action.  Courts have recognized the concern that an overlapping declaratory judgment action by an insurer may result in collaterally estopping the insured from litigating certain issues in the underlying action, explaining:

> [T]he superior resources and expertise of the
> insurance company in litigating these maters
> are one aspect of the protection an insured
> purchases with his policy.  Here, the policy
> language was sufficiently clear to preclude
> any reasonably expectation of a defense to
> claims for damages caused intentionally.  At
> the same time, the insured could not possibly
> have anticipated that the very resources for
> which he bargained would be turned against
> him and used to establish his liability
> whenever intentional tort was alleged.  An
> early declaratory judgment in these
> circumstances would serve as a procedural

15

>                mechanism to defeat the reasonable
>                expectations of the insured, which state
>                courts have so zealously guarded through
>                contract interpretation.

Terra Nova Ins., 887 F.2d at 1225 (quoting Allstate Ins. Co. v. Harris, 445 F. Supp. 847, 851 (N.D. Cal. 1978)).  By contrast, the Court discerns little prejudice to Hartford if a declaratory judgment on indemnity is deferred until the completion of the Nokia action.  As the Court has noted, the question of Hartford's duty to defend InterDigital will go forward, and a result favorable to Hartford on that claim will, in effect, eliminate the issue of indemnity.  On the other hand, if the Court concludes that Hartford has the duty to defend InterDigital, it will be required to continue participation in the underlying Nokia action regardless of any duty to indemnify, and the facts relevant to the indemnity question will be developed in that action with Hartford's involvement.  Once the Nokia action is resolved and the underlying facts relevant to liability have been established, Hartford can then litigate its indemnity claim.  Accordingly, the Court will dismiss Count II of Hartford's Complaint with leave to renew following the resolution of the Nokia action.

## CONCLUSION

  For the reasons discussed, the Court will grant InterDigital's Motion To Dismiss Count Two Of The Complaint.  Count II will be dismissed without prejudice to its refiling

16

following the conclusion of the underlying litigation in the Nokia action.

An appropriate Order will be entered.