**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

HARTFORD FIRE INSURANCE )
COMPANY, et al., )
                      )
         Plaintiffs, )
                      )
      v. )     C. A. No. 06-422-JJF
                      )
INTERDIGITAL COMMUNICATIONS )
CORPORATION, et al., )
                      )
         Defendants. )
                      )
INTERDIGITAL COMMUNICATIONS )
CORPORATION and INTERDIGITAL )
TECHNOLOGY CORPORATION )
                      )
         Counterclaim Plaintiffs, )
                      )
      v. )
                      )
HARTFORD FIRE INSURANCE )
COMPANY and HARTFORD )
CASUALTY INSURANCE COMPANY, )
                      )
         Counterclaim Defendants. )

**INTERDIGITAL'S ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS TO PLAINTIFF HARTFORD'S**
**FIRST AMENDED COMPLAINT**

Defendants InterDigital Communications Corporation ("ICC") and/or InterDigital

Technology Corporation ("ITC") (collectively referred to herein as "InterDigital")

answer the First Amended Complaint of Plaintiffs Hartford Fire Insurance Company

("Hartford Fire") and Hartford Casualty Insurance Company ("Hartford Casualty")

(collectively, "Hartford") as follows:

       1.     InterDigital admits the allegations set forth in paragraph 1 of the First

Amended Complaint.

2.      InterDigital admits the allegations set forth in paragraph 2 of the First Amended Complaint.

3.      InterDigital admits that since this Court's ruling dismissing Count II of Hartford's initial complaint, which concerned the duty to indemnify, Nokia has filed an Amended Complaint in the *Nokia* action; however, InterDigital denies that information obtained by Hartford, which allegedly goes beyond the policies at issue and the facial allegations of the complaints in the underlying action, has any bearing on the determination of Hartford's duty to defend under applicable law.  InterDigital denies knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the First Amended Complaint.

4.      InterDigital denies the allegations set forth in paragraph 4 of the First Amended Complaint.

5.      InterDigital admits the allegations set forth in paragraph 5 of the First Amended Complaint.

6.      InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint.

7.      InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the First Amended Complaint.

8.      InterDigital admits the allegations set forth in paragraph 8 of the First Amended Complaint.

9.      InterDigital admits that ITC is organized under the laws of the state of Delaware and that it maintains its principal place of business in Wilmington, Delaware.

InterDigital denies the remaining allegations set forth in paragraph 9 of the First Amended Complaint.

10.     InterDigital admits the allegations set forth in paragraph 10 of the First Amended Complaint.

11.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint.

12.     InterDigital admits the allegations set forth in paragraph 12 of the First Amended Complaint.

13.     InterDigital admits the allegations set forth in paragraph 13 of the First Amended Complaint.

14.     InterDigital admits the allegations set forth in paragraph 14 of the First Amended Complaint.

15.     InterDigital admits the allegations set forth in paragraph 15 of the First Amended Complaint.

16.     InterDigital admits the allegations set forth in paragraph 16 of the First Amended Complaint.

17.     InterDigital denies the allegations set forth in paragraph 17 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint in the underlying action, a document that is attached to the First Amended Complaint as Exhibit A and that speaks for itself.

18.     InterDigital denies the allegations set forth in paragraph 18 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint in the underlying action, a document that speaks for itself.

19.    InterDigital denies the allegations set forth in paragraph 19 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint in the underlying action, a document that speaks for itself.

20.    InterDigital denies the allegations set forth in paragraph 20 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint in the underlying action, a document that speaks for itself.

21.    InterDigital admits the allegations set forth in paragraph 21 of the First Amended Complaint.

22.    InterDigital admits the allegations set forth in paragraph 22 of the First Amended Complaint.

23.    InterDigital admits the allegations of paragraph 23 of the First Amended Complaint.

24.    InterDigital denies the allegations set forth in paragraph 24 of the First Amended Complaint, because they are plaintiffs' characterization of the *Nokia* Amended Complaint, a document that is attached to the First Amended Complaint as Exhibit B and that speaks for itself.

25.    InterDigital denies the allegations set forth in paragraph 25 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

26.    InterDigital denies the allegations set forth in paragraph 26 of the First Amended Complaint, because they are plaintiffs' characterization of the *Nokia* Amended Complaint, which is attached to the First Amended Complaint as Exhibit B, and which speaks for itself.

4

27.    InterDigital denies the allegations set forth in paragraph 27 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Amended Complaint, a document that speaks for itself.

28.    InterDigital denies the allegations set forth in paragraph 28 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

29.    InterDigital denies that discovery in the underlying action has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue, and lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, which are therefore denied.

30.    InterDigital denies that discovery in the underlying action has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue, and lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, which are therefore denied.

31.    InterDigital denies the allegations set forth in paragraph 31 of the First Amended Complaint because they are plaintiffs' characterization of Nokia's Statement Pursuant to First Discovery Order, a document that is attached to the First Amended Complaint as Exhibit C and that speaks for itself.

32.    InterDigital denies the allegations set forth in paragraph 32 of the First Amended Complaint because they are plaintiffs' characterization of Nokia's Statement Pursuant to First Discovery Order, a document that speaks for itself.

33.     InterDigital admits that Nokia served its First Supplemental Objections and Responses to InterDigital's Interrogatories on or about August 15, 2006, but denies that discovery in the underlying action has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue.

34.     InterDigital denies the allegations set forth in paragraph 34 of the First Amended Complaint because they are plaintiffs' characterization of Nokia's First Supplemental Objections and Responses to InterDigital's Interrogatories, a document that is attached to the First Amended Complaint as Exhibit D and that speaks for itself.

35.     InterDigital denies the allegations set forth in paragraph 35 of the First Amended Complaint because they are plaintiffs' characterization of InterDigital's redacted exhibits to InterDigital's proposed December 2006 Summary Judgment brief, documents that are attached to the First Amended Complaint as Exhibit E and that speak for themselves.  InterDigital denies that its subjective belief about which statements may be at issue in the underlying lawsuit has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue.

36.     InterDigital denies the allegations set forth in paragraph 36 of the First Amended Complaint because they are plaintiffs' characterization of InterDigital's redacted exhibits to InterDigital's proposed December 2006 Summary Judgment brief, documents that speak for themselves.

37.     InterDigital denies the allegations set forth in paragraph 37 of the First Amended Complaint because they are plaintiffs' characterization of Hartford's March 27,

2007 letter from Michael Herbert to Stephen Mathes and the chart appended thereto, documents that are attached to the First Amended Complaint as Exhibit F and that speak for themselves.

38.     InterDigital denies that discovery in the underlying lawsuit has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue. InterDigital lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38 of the First Amended Complaint, which are therefore denied.

39.     InterDigital denies the allegations set forth in paragraph 39 of the First Amended Complaint because they are plaintiffs' characterization of Hartford's March 27, 2007 letter from Michael Herbert and a chart appended thereto, documents that speak for themselves. InterDigital further denies that the requested information from the underlying lawsuit has a bearing on the duty to defend, which is determined under applicable law from the face of the underlying complaint and the insurance policies at issue.

40.     InterDigital admits the allegations set forth in paragraph 40 of the First Amended Complaint.

41.     InterDigital admits that the policies described in paragraph 41 of the First Amended Complaint are among the commercial general liability policies Hartford Fire has issued to ICC.

42.     InterDigital admits the allegations set forth in paragraph 42 of the First Amended Complaint insofar as they pertain to potential indemnification. However, InterDigital denies that these limits apply to the duty to defend.

43.     InterDigital denies the allegations set forth in paragraph 43 of the First Amended Complaint because they are plaintiffs' characterization of Hartford Fire's general liability policies, documents that are attached hereto as Exhibit 1 and that speak for themselves.

44.     InterDigital denies the allegations set forth in paragraph 44 of the First Amended Complaint because they are plaintiffs' characterization of Hartford Fire's general liability policies, documents that speak for themselves.

45.     InterDigital admits that the allegations set forth in paragraph 45 of the First Amended Complaint accurately quote the Hartford Fire policies.

46.     InterDigital admits that the allegations set forth in paragraph 46 of the First Amended Complaint accurately quote the Hartford Fire policies.

47.     InterDigital admits that the allegations set forth in paragraph 47 of the First Amended Complaint accurately quote the Hartford Fire policies.

48.     InterDigital denies the allegations regarding InterDigital's contention and denies knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 of the First Amended Complaint.

49.     InterDigital admits that plaintiffs' selected quotations from the Hartford Fire policies are accurate but denies the remaining allegations set forth in paragraph 49 of the First Amended Complaint because they are plaintiffs' characterization of the policies, documents that speak for themselves.

50.     InterDigital admits that plaintiffs' selected quotations from the Hartford Fire policies set forth in paragraph 50 of the First Amended Complaint are accurate.

51.    InterDigital admits that plaintiffs' selected quotations from the Hartford Fire policies set forth in paragraph 51 are accurate but denies plaintiffs' incorrect citation of the provisions added by the Cyberflex endorsement.

52.    InterDigital denies that the duty to indemnify is at issue following this Court's order dismissing Count II of Hartford's original complaint. InterDigital lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the First Amended Complaint, which are therefore denied.

53.    InterDigital admits that plaintiffs' selected quotations from the Hartford Fire general liability policies are accurate but denies the remaining allegations set forth in paragraph 53 of the First Amended Complaint because they are plaintiffs' characterization of the Hartford Fire policies, documents that speak for themselves.

54.    InterDigital admits that the policies described in the allegations set forth in paragraph 54 of the First Amended Complaint are among the policies Hartford Casualty has issued to ICC.

55.    InterDigital admits the allegations set forth in paragraph 55 of the First Amended Complaint insofar as they pertain to potential indemnification. However, InterDigital denies that these limits apply to the duty to defend.

56.    InterDigital admits that plaintiffs' selected quotations from the Hartford Casualty policies set forth in paragraph 56 of the First Amended Complaint are accurate.

57.    InterDigital admits that plaintiffs' selected quotations from the Hartford Casualty policies set forth in paragraph 57 of the First Amended Complaint are accurate.

58.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the First Amended Complaint.

59.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the First Amended Complaint.

60.    InterDigital admits that plaintiffs' selected quotations from the Hartford Casualty policies set forth in paragraph 60 of the First Amended Complaint are accurate.

61.    InterDigital admits the allegations of paragraph 61 of the First Amended Complaint.

62.    InterDigital admits the allegations set forth in paragraph 62 of the First Amended Complaint.

63.    InterDigital admits the allegations set forth in paragraph 63 of the First Amended Complaint.

64.    InterDigital admits the allegations set forth in paragraph 64 of the First Amended Complaint.

65.    InterDigital admits that Hartford requested additional information concerning ITC but lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the First Amended Complaint, which are therefore denied.

66.    InterDigital admits the allegations set forth in paragraph 66 of the First Amended Complaint.

67.    InterDigital admits the allegations set forth in paragraph 67 of the First Amended Complaint.

68.    InterDigital admits the allegations set forth in paragraph 68 of the First Amended Complaint.

10

69.    InterDigital admits the allegations of paragraph 69 of the First Amended Complaint.

70.    InterDigital denies the allegations set forth in paragraph 70 of the First Amended Complaint because they are plaintiffs' characterization of Hartford's March 27, 2007 letter, a document that is attached as Exhibit F to the First Amended Complaint and that speaks for itself.

71.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the First Amended Complaint.

72.    InterDigital admits that an actual, justiciable controversy exists between the parties concerning their respective rights and obligations under the Hartford policies with respect to the Nokia complaint and Amended Complaint.

73.    InterDigital restates the answers set forth in paragraphs 1 through 72 and incorporates them by reference herein.

74.    InterDigital denies the allegations set forth in paragraph 74 of the First Amended Complaint.

75.    InterDigital denies the allegations of paragraph 75 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

76.    InterDigital denies the allegations of paragraph 76 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

77.    InterDigital denies the allegations of paragraph 77 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

78.    InterDigital denies the allegations set forth in paragraph 78 of the First Amended Complaint.  InterDigital further denies that the information described has any bearing on the determination of Hartford's duty to defend under applicable law, which is determined from the face of the underlying complaint and relevant policies.

79.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the First Amended Complaint.

80.    InterDigital denies that the information described has any bearing on the determination of Hartford's duty to defend under applicable law, which is determined from the face of the underlying complaint and relevant policies.  InterDigital lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 80 of the First Amended Complaint, which are therefore denied.

81.    InterDigital denies that the information described has any bearing on the determination of Hartford's duty to defend under applicable law, which is determined from the face of the underlying complaint and relevant policies.  InterDigital lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 of the First Amended Complaint, which are therefore denied.

82.    InterDigital admits the allegations set forth in paragraph 82 of the First Amended Complaint.

83.     InterDigital denies the allegations of paragraph 83 of the First Amended Complaint because they are plaintiffs' characterization of the *Nokia* Complaint and the *Nokia* Amended Complaint, documents that speak for themselves.

84.     InterDigital denies the allegations of paragraph 84 of the First Amended Complaint, because they are plaintiffs' characterization of the *Nokia* Amended Complaint, attached as Exhibit B to the First Amended Complaint, and which speaks for itself.

85.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85 of the First Amended Complaint.

86.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations of paragraph 86 of the First Amended Complaint.

87.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations of paragraph 87 of the First Amended Complaint.

88.     InterDigital denies the allegations of paragraph 88 of the First Amended Complaint.

89.     InterDigital admits that plaintiffs' selected quotations from the Hartford Fire policies are accurate but denies the remaining allegations set forth in paragraph 89 of the First Amended Complaint.

90.     InterDigital admits that plaintiffs' selected quotations from the Hartford Fire policies are accurate but denies the remaining allegations set for in paragraph 90 of the First Amended Complaint.

91.     InterDigital admits that plaintiffs' selected quotations from the Policy are accurate, but denies the remaining allegations set forth in paragraph 91 of the First Amended Complaint.

92.     InterDigital admits that plaintiffs' selected quotations from the Policy are accurate, but denies the remaining allegations set forth in paragraph 92 of the First Amended Complaint.

93.     InterDigital admits that plaintiffs' selected quotations from the Policy are accurate, but denies the remaining allegations set forth in paragraph 93 of the First Amended Complaint.

94.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegation set forth in paragraph 94 of the First Amended Complaint regarding coverage under the Policy and denies the remaining allegations as plaintiffs' characterizations of the *Nokia* Complaint and *Nokia* Amended Complaint, documents that speak for themselves.

95.     InterDigital denies the allegations set forth in paragraph 95 of the First Amended Complaint.

96.     InterDigital denies the allegations set forth in paragraph 96 of the First Amended Complaint.

97.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the First Amended Complaint.

98.     InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the First Amended Complaint.

14

99.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the First Amended Complaint.

100.    InterDigital admits that Hartford sent it a denial letter on or about March 27, 2007, in response to InterDigital's tender of the Nokia Amended Complaint. InterDigital also admits that Hartford denied it a defense based in part on purported information that is extrinsic to the complaint and policies at issue, contrary to the requirements of applicable law.  InterDigital denies the remaining allegations of paragraph 100 of the First Amended Complaint as plaintiffs' characterization of the Marcy 27, 2007 denial letter, a document that speaks for itself.

WHEREFORE, Defendants request that this Court deny the relief requested in Count I of the First Amended Complaint.

101.    InterDigital restates the answers set forth in Paragraphs 1 through 100 and incorporates them by reference herein.

102.    InterDigital admits the allegations set forth in paragraph 102 of the First Amended Complaint.

103.    InterDigital admits the allegations set forth in paragraph 103 of the First Amended Complaint.

104.    InterDigital admits the allegations set forth in paragraph 104 of the First Amended Complaint.

105.    InterDigital admits that ITC is not expressly identified by name in the Hartford Policies, but denies the remaining allegations set forth in paragraph 105 of the First Amended Complaint.

106.    InterDigital denies the allegations set forth in paragraph 106 of the First Amended Complaint.

107.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 of the First Amended Complaint.

108.    InterDigital denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the First Amended Complaint.

WHEREFORE, Defendants request that this Court deny the relief requested in Count II of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

InterDigital asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

InterDigital had a reasonable expectation that it would be covered under the Hartford policies.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Hartford policies are ambiguous, any ambiguity must be construed against plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have breached their duty of good faith and fair dealing and plaintiffs' claim for relief is barred by the doctrine of unclean hands.

InterDigital hereby reserves the right to assert additional affirmative defenses if any are discovered during the course of this litigation.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, and that Defendants be awarded their attorneys' fees, costs, and such other relief as the Court deems just and appropriate.

## COUNTERCLAIM

Counterclaim plaintiffs InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC") (collectively referred to herein as "InterDigital") hereby bring these counterclaims against Counterclaim defendants Hartford Fire Insurance Company ("Hartford Fire") and Hartford Casualty Insurance Company ("Hartford Casualty") (collectively referred to herein as "Hartford") and in support thereof avers as follows:

## THE PARTIES

1.      Counterclaim plaintiff ICC is a citizen of the Commonwealth of Pennsylvania, being a corporation that is organized under the laws of the Commonwealth of Pennsylvania and that maintains its principal place of business in King of Prussia, Pennsylvania.

2.      Counterclaim plaintiff ITC is a citizen of the state of Delaware, being a corporation that is organized under the laws of Delaware and that maintains its principal place of business in Wilmington, Delaware.

3.      Counterclaim defendant Hartford Fire avers that it is a citizen of the State of Connecticut, being a corporation that is organized under the laws of the State of Connecticut and that maintains its principal place of business in Hartford, Connecticut.

4.      Counterclaim defendant Hartford Casualty avers that it is a citizen of the State of Indiana, being a corporation that is organized under the laws of the State of Indiana and that maintains its principal place of business in Indianapolis, Indiana.

17

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these counterclaims

pursuant to 28 U.S.C. § 1332(a)(1) and supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because

a substantial part of the events or omissions giving rise to the claim occurred in this

district.  Notably, the underlying *Nokia* action is pending in this district.

7.      InterDigital is entitled to a declaration that Hartford owes a duty to defend

InterDigital in the underlying *Nokia* action.

## FACTUAL BACKGROUND

### The Underlying *Nokia* Action

**Nokia's Initial Complaint**

8.      On or about January 12, 2005, Nokia Corp. and Nokia, Inc. (collectively

"Nokia") filed the initial *Nokia* Complaint against ICC and ITC in the United States

District Court for the District of Delaware.

9.      The *Nokia* Complaint sought declaratory judgments against InterDigital

for purported patent invalidity and noninfringement and purported violations of the

Lanham Act relating to Third Generation ("3G") Mobile Phone Technology.

10.     By Memorandum Opinion dated December 21, 2005, the United States

District Court for the District of Delaware dismissed Nokia's declaratory judgment

claims relating to non-infringement and patent invalidity for lack of jurisdiction, but did

not dismiss the pending Lanham Act claims.

**Nokia's Amended Complaint**

11.    On or about February 6, 2007, the court granted Nokia leave to file an amended complaint. Pursuant to the February 6, 2007, Order, the *Nokia* Amended Complaint was deemed filed as of that date.

12.    In its Amended Complaint, Nokia alleges that InterDigital made false statements regarding 3G Technology. *See Nokia* Amended Complaint, attached as Exhibit B to First Amended Complaint.

13.    In its Amended Complaint, Nokia also alleges that "InterDigital has engaged in a campaign of publicity regarding its claim of essentiality in the press and in other ways intended to be disseminated in the communications industry. InterDigital claims in public statements that it has patents essential to the practice of the UMTS standard, and that it expects to obtain substantial license revenue from all companies who make standards compliant products." *Nokia* Amended Complaint at ¶ 34.

14.    Specifically, Nokia alleges that "InterDigital does more than just claim that it has essential patents with respect to 3G technologies. InterDigital claims that its portfolio of patents is sufficiently broad that all manufacturers of 3G products must pay InterDigital substantial fees for the privilege of making standards-compliant products." *Id.* at ¶ 35.

15.    The *Nokia* Amended Complaint alleges that it is false and at least "misleading for InterDigital to say or suggest that the industry as a general matter owes it money, or should pay it money, for the practice of 3G standards," and alleges that it is false and at least misleading "for InterDigital to say or suggest that Nokia owes it money, or should pay it money, for the practice of 3G standards." *Id.* at ¶ 37.

16.    Nokia alleges that InterDigital's "bad faith conduct, false and misleading behavior, and other wrongful acts" have injured Nokia. Specifically, Nokia alleges that InterDigital's statements have "inhibited the development of 3G technology, damaged Nokia's business, and its reputation in the wireless market." *Id.* at ¶ 42, 49.

## The Hartford Policies

### The General Liability Policies

17.    Hartford Fire issued the following two commercial general liability policies, among others, to ICC as the named insured:

(a)    Policy No. 39 UUN TS 0845 DB for the December 22, 2003 to December 22, 2004 policy period; and

(b)    Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to December 22, 2005 policy period.

18.    Under Section II(2)(e) of the Hartford Fire policies, entitled "Who is An Insured," InterDigital Technology Corporation is also an insured because ITC is a direct, wholly-owned "subsidiary" of InterDigital Communications Corporation.

19.    Under the Hartford Fire policies' "insuring agreement," Hartford Fire is obligated to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury.'" Hartford has "the right and duty to defend the insured against any 'suit' seeking those damages."

20.    The Hartford Fire policies provide indemnification coverage subject to, among other things, a $1 million per occurrence limit, a $1 million personal and advertising injury limit, and a $2 million general aggregate limit. These limits do not apply to the duty to defend.

21.    The Hartford Fire policies define "personal and advertising injury" as "injury, . . . arising out of one or more of the following offenses:

d.    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;"

22.    Under the Hartford Fire policies, Hartford Fire has at least a duty to defend alleged advertising injuries as defined under the policies.

23.    Under applicable law and the law of this case, the duty to defend is determined solely from the four corners of the complaint in the underlying action and the insurance policies at issue.

24.    The *Nokia* Complaint and the *Nokia* Amended Complaint both allege advertising injury within the definition of the Hartford Fire policies.

**The Umbrella Policies**

25.    Hartford Casualty issued the following two umbrella policies to ICC as the named insured:

(a)    Policy No. 39 RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy period; and,

(b)    Policy No. 39 RHU TS 0953 for the December 22, 2004 to December 22, 2005 policy period.

26.    Under the Hartford Casualty umbrella policies, Hartford is obligated to "pay those sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance . . . because of . . . 'personal or advertising injury' . . . caused by an 'occurrence.'"

27.    The Hartford Casualty umbrella policies define "occurrence" as:

2.    With respect to "personal and advertising injury": an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".

28.    The Hartford Casualty umbrella policies each provide indemnification coverage subject to a $10,000 self-insured retention, a $15 million per occurrence limit, and a $15 million general aggregate limit.  These limits do not apply to the duty to defend.

29.    Additionally, the Hartford Casualty umbrella policies contain an endorsement entitled Amendment of Insuring Agreement -- Known Injury or Damage, which provides *inter alia*:

(2) This insurance applies to . . . "personal and advertising injury" only if:

(a) The . . . "personal and advertising injury" occurs during the "policy period";

30.    The Hartford Casualty umbrella policies further provide a duty to defend . . . "personal and advertising injury" to which the insurance applies and for which either there is no "underlying insurance" or the "underlying insurance" has been exhausted by payments of "damages" for "occurrences" within the "policy period."

31.    Under the umbrella policies, Hartford Casualty has at least a duty to defend alleged advertising injuries as defined under the Hartford Casualty policies.

32.    The *Nokia* Complaint and the *Nokia* Amended Complaint both allege advertising injury within the definition of the Hartford Fire policies and, thus, the umbrella policy.

33.    In the *Nokia* Complaint and the *Nokia* Amended Complaint, Nokia alleges that InterDigital made oral, written or electronic publication of material that slandered or

22

libeled Nokia and disparaged Nokia's company, goods and products. Specifically, the *Nokia* Complaint alleges that "InterDigital has used false or misleading descriptions or representations in connection with its patent portfolios, the WCDMA Standard, the CDMA 2000 Standard, Nokia's products, the applicability of InterDigital's patents to Nokia's products, and the applicability of InterDigital's patents to 3G wireless standards .... This misconduct of InterDigital has inhibited the development of 3G technology, damaged Nokia's business and its reputation in the wireless market." *Nokia* Complaint at ¶ 142; *Nokia* Amended Complaint at ¶¶ 48-49.

34.      Pursuant to section d. of its policy, Hartford is obligated to defend a "suit" that seeks covered damages.

35.      The Hartford Fire general liability policies provide a duty to defend and/or indemnify "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies" provided that the offense arises out of the insured's business and was committed in the "coverage territory" during the policy period.

36.      The Hartford Fire policies define "coverage territory" as:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

b. International waters on airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

c. All other parts of the world if the injury or damage arises out of:

    (1) Goods or products made or sold by you in the territory described in a. above;

    (2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

(3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic communication

provided the insured's responsibility to pay damages is determined in the United States of America (including its territories and possessions), Puerto Rico and Canada, in a "suit" on the merits according to the substantive law in such territory or in a settlement we agree to.

37.     The *Nokia* Complaint and the *Nokia* Amended Complaint allege that InterDigital made statements inside the Hartford coverage territory.  The *Nokia* Complaint alleges that "[m]ore recently, InterDigital has made allegations that it has patents that cover '3G' mobile systems that are currently being rolled out and further developed in the United States, referred to as the WCDMA and CDMA 2000 products . . . ." *Nokia* Complaint at ¶ 11.  The *Nokia* Amended Complaint alleges that "[m]ore recently, InterDigital has alleged that its patents are essential to 3G mobile telephone standards, including UMTS, CDMA 2000, and a standard called TD-SCDMA." *Nokia* Amended Complaint at ¶ 27.

38.     Nokia also alleges "personal and advertising injury" offenses that took place through the Internet or similar electronic communication, respecting which the Hartford policies explicitly provide coverage:  "For example, InterDigital has filed declarations claiming at least 195 patents were essential to the practice of the UMTS standard with the European Telecommunications Standards Institute ("ETSI").  InterDigital made these declarations through two filings with ETSI.  The first was made in April 2001.  The second filing was made in April 2004. . . . ETSI makes these declarations publicly available through a searchable database on its website." *See Nokia* Amended Complaint at ¶¶ 28-29.

**Coverage Dispute**

**Submission of the Claim to Hartford**

39.    InterDigital tendered the *Nokia* Complaint and later the *Nokia* Amended Complaint to Hartford seeking a defense and indemnity for the *Nokia* litigation.

40.    In response to the tender of the *Nokia* Complaint, by letter dated April 5, 2005, Hartford denied any obligation to defend and/or indemnify InterDigital and advised, *inter alia*, that the *Nokia* Complaint did not seek damages for any "bodily injury," "property damage," or "personal and advertising injury" as defined in the Hartford Policies.

41.    Thereafter, InterDigital challenged Hartford's declination of coverage and argued that the Lanham Act allegations within the *Nokia* complaint constitute "personal and advertising injury."

42.    By letter dated June 6, 2005, Hartford reaffirmed its declination of coverage.

43.    By letter dated October 12, 2005, InterDigital again challenged Hartford's declination of coverage and demanded that Hartford provide a defense and indemnity with respect to the *Nokia* Amended Complaint.

44.    In response to the tender of the *Nokia* Amended Complaint, by letter dated March 27, 2007, Hartford denied any obligation to defend InterDigital.

**COUNT I**

**Declaration of Duty to Defend Under the Hartford Policies**

45.    InterDigital incorporates by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

25

46.    Under applicable law and the law of this case, the duty to defend is determined solely by measuring the allegations within the four corners of the complaint in the underlying action measured against the coverage provisions of the relevant policies.

47.    The *Nokia* Complaint and *Nokia* Amended Complaint allege injury within the coverage scope of the Hartford Fire and Hartford Casualty policies.

48.    There are no exclusions in the Hartford Policy, or other reasons, that justify Hartford's denial of coverage of the cost of defense of the *Nokia* action.

49.    An actual, justiciable controversy exists between the parties concerning their respective rights and obligations, if any, under the Hartford Policies with respect to the *Nokia* action.

50.    Pursuant to 28 U.S.C. § 2201 *et seq.*, InterDigital is entitled to a judicial determination concerning the scope and nature of its rights and obligations with respect to the duty to defend under the Hartford Policies in light of the *Nokia* Complaint and *Nokia* Amended Complaint.

51.    An actual and justiciable controversy concerning an amount that exceeds $75,000 exists between InterDigital and Hartford concerning whether Hartford Fire and Hartford Casualty have a duty to defend InterDigital in the *Nokia* action.

WHEREFORE, plaintiff InterDigital respectfully requests that the Court grant the following relief in favor of InterDigital and against Hartford:

a.    A declaration stating that Hartford Fire and/or Hartford Casualty have a duty to defend the *Nokia* action against InterDigital under the Hartford Policies and to

provide coverage for defense costs stemming from the *Nokia* action against InterDigital; and

      b.     Such other relief as the Court shall deem appropriate.

## COUNT II

### Breach of Contract

52.     InterDigital incorporates by reference the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     Hartford has breached its obligations under the Hartford Policies by wrongfully refusing to reimburse InterDigital for all of the costs and expenses which InterDigital has assumed in defending the *Nokia* action.

54.     Hartford has also breached its obligations under the policies by refusing to compensate InterDigital for its defense expenses in the *Nokia* action.

55.     InterDigital has complied with all of its obligations under the Policies.

56.     As a direct and proximate result of Hartford's aforementioned breaches of the Policies, InterDigital has been damaged in that InterDigital has been denied the benefits of insurance coverage for which it has contracted and for which Hartford collected a substantial premium.  InterDigital has also been forced to incur the substantial burden, expense and further disruption of bringing and pursuing these Counterclaims against Hartford and in defending this action.

WHEREFORE, InterDigital demands judgment in its favor and against Hartford:

      a.     for all money damages sustained by InterDigital because of Hartford's breach of the Policy;

      b.     for attorneys' fees and costs of suit;

      c.     for prejudgment interest; and

d.    for any such other relief as the Court may deem appropriate.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
    MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

Dated:  June 11, 2007
800608 / 30373

By:  _/s/ Richard L. Horwitz_____
        Richard L. Horwitz (#2246)
        Jennifer C. Wasson (#4439)
        Hercules Plaza, 6th Floor
        1313 North Market Street
        Wilmington, DE 19801
        (302) 984-6000
        rhorwitz@potteranderson.com
        jwasson@potteranderson.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 11, 2007, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE  19899

I hereby certify that on June 11, 2007, I have Electronically Mailed the documents

to the following non-registered participants:

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103
miscfosciaa@whiteandwilliams.com
whiteg@whiteandwilliams.com

By:  /s/ Richard L. Horwitz
Richard L. Horwitz
Jennifer C. Wasson
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

695031