IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY**<br><br>Plaintiffs,<br><br>v.<br><br>**INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION**<br><br>Defendants. | JURY TRIAL DEMANDED<br><br><br>CIVIL ACTION NO. 06-422-JJF |

## ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs/Counterclaim Defendants Hartford Fire Insurance Company (hereafter "Hartford Fire") and Hartford Casualty Insurance Company (hereafter "Hartford Casualty") (Hartford Fire and Hartford Casualty are referred to herein collectively as "Hartford") hereby answer the counterclaims raised by Defendants/Counterclaim Plaintiffs InterDigital Communications Corporation (hereafter "ICC") and InterDigital Technology Corporation (hereafter "ITC") (ICC and ITC are referred to herein collectively as "InterDigital") in InterDigital's Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' First Amended Complaint, as follows:

### THE PARTIES

1.  Admitted upon information and belief.

2.  It is admitted upon information and belief that ITC is a citizen of the state of Delaware, being a corporation that is organized under the laws of Delaware and which maintains its principal place of business in Wilmington, Delaware. To the extent that this description

-2-

attempts to imply that ITC was not authorized to conduct business in the Commonwealth of Pennsylvania, including within the Eastern District, this allegation is denied as Hartford is without knowledge or information sufficient to form a belief as to the truth of this allegation.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied as a conclusion of law to which no response is required.

6. Denied as a conclusion of law to which no response is required. By way of further answer, a substantial part of the events or omissions giving rise to this action took place in the Eastern District of Pennsylvania, upon information and belief the Hartford Policies were delivered to ICC in King of Prussia, Pennsylvania, and upon information and belief ICC, a resident of the Commonwealth of Pennsylvania, is located in and regularly conducts business from King of Prussia, Pennsylvania.

7. Denied as a conclusion of law to which no response is required. By way of further answer, denied. For the reasons detailed more fully in Hartford's First Amended Complaint, which is incorporated herein as if set forth in its entirety, Hartford has no duty to defend InterDigital in connection with the *Nokia* action.

## FACTUAL BACKGROUND

### The Underlying *Nokia* Action

**Nokia's Initial Complaint**

8. Admitted.

9.      Denied as stated.  The *Nokia* Complaint is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

10.     Denied as stated.  It is admitted that the District Court issued a Memorandum Opinion dated December 21, 2005.  That Memorandum Opinion is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

**Nokia's Amended Complaint**

11.     Admitted.  By way of further answer, the February 6, 2007 Order is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

12.     Admitted.  By way of further answer, the *Nokia* Amended Complaint is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

13.     Admitted in part, denied in part.  It is admitted that this paragraph accurately quotes the selected text from the *Nokia* Amended Complaint.  However, the *Nokia* Amended Complaint is a document in writing that speaks for itself and Hartford denies any characterization of this document that is at odds with its actual content.

14.     Admitted in part, denied in part.  It is admitted that this paragraph accurately quotes the selected text from the *Nokia* Amended Complaint.  However, the *Nokia* Amended

Complaint is a document in writing that speaks for itself and Hartford denies any characterization of this document that is at odds with its actual content.

15.     Admitted in part, denied in part.  It is admitted that this paragraph accurately quotes the selected text from the *Nokia* Amended Complaint.  However, the *Nokia* Amended Complaint is a document in writing that speaks for itself and Hartford denies any characterization of this document that is at odds with its actual content.

16.     Admitted in part, denied in part.  It is admitted that this paragraph accurately quotes the selected text from the *Nokia* Amended Complaint.  However, the *Nokia* Amended Complaint is a document in writing that speaks for itself and Hartford denies any characterization of this document that is at odds with its actual content.

## The Hartford Policies

### The General Liability Policies

17.     It is admitted that Hartford Fire issued the two commercial general liability policies listed in subsections (a) and (b) of paragraph 17.  To the extent that paragraph 17 uses the phrase "among others" without identifying which policies it is referencing, Hartford is without knowledge or information sufficient to form a belief as to what InterDigital intends and therefore denies the allegation.

18.     Denied as a conclusion of law to which no response is required.  Hartford is also without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the purported relationship between ITC and ICC.  Further, the two referenced Hartford Fire policies are documents in writing that speak for themselves.  Hartford denies any characterization of these documents that is at odds with their actual content.

-4-

19. Denied as a conclusion of law to which no response is required. Further, the two referenced Harford Fire policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content. Hartford further denies this allegation to the extent it implies or states that Hartford Fire's obligation, if any, is solely determined by the "insuring agreement". To the contrary, Hartford Fire's obligations, if any, are based upon the entire policy – including any terms, definitions, conditions, exclusions, endorsements, and limits of liability that may apply.

20. Denied as a conclusion of law to which no response is required. Further, the two referenced Hartford Fire policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

21. Denied as stated. This paragraph does not fully or completely quote the definition of "personal and advertising injury" contained in the two referenced Hartford Fire policies. By way of further response, the two referenced Hartford Fire policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

22. Denied as a conclusion of law to which no response is required. By way of further answer, denied. The two referenced Hartford Fire policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

23. Denied as a conclusion of law to which no response is required.

24. Denied as a conclusion of law to which no response is required. By way of further answer, denied. The two referenced Hartford Fire policies, the *Nokia* Complaint, and the

-5-

*Nokia* Amended Complaint are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

**The Umbrella Policies**

25.     Admitted.

26.     Denied as a conclusion of law to which no response is required. Further, the two referenced Hartford Casualty policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content. By way of further answer, Hartford Casualty's obligation, if any, is based upon the entire policy – including any terms, definitions, conditions, exclusions, endorsements, and limits of liability that may apply.

27.     Denied as stated. This paragraph does not fully or completely quote the definition of "occurrence" as set forth in the two referenced Harford Casualty policies. By way of further response, the two referenced Hartford Casualty policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

28.     Denied as a conclusion of law to which no response is required. Further, the two referenced Hartford Casualty policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

29.     Admitted in part, denied in part. It is admitted that paragraph 29 accurately quotes part of the "Amendment of Insuring Agreement – Known Injury or Damage" endorsement. However, the endorsement and the two referenced Hartford Casualty policies are

-6-

documents in writing that speaks for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

30. Denied as a conclusion of law to which no response is required. Further, the two referenced Hartford Casualty policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

31. Denied as a conclusion of law to which no response is required. By way of further answer, denied. The two referenced Hartford Casualty policies are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

32. Denied as a conclusion of law to which no response is required. By way of further answer, Hartford incorporates herein, as if set forth in its entirely, Hartford's First Amended Complaint. Further, the four referenced Hartford policies, the *Nokia* Complaint, and *Nokia* Amended Complaint are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content.

33. Admitted in part, denied in part. It is admitted that Paragraph 33 accurately quotes certain language from the *Nokia* Complaint (except that Paragraph 33 mistakenly makes the word "portfolio" plural). However, it is denied that the quoted language is contained in the *Nokia* Amended Complaint. Moreover, the *Nokia* Complaint and *Nokia* Amended Complaint are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content. Further, Hartford denies the allegation in sentence one of Paragraph 33 as a conclusion of law to which no response is required.

34.     Denied as a conclusion of law to which no response is required.  Further, although InterDigital does not indicate or specify which of the four policies previously cited it is referencing in this paragraph, whichever policy InterDigital attempts to implicate is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

35.     Denied as a conclusion of law to which no response is required.   By way of further answer, the two referenced Hartford Fire policies are documents in writing that speak for themselves.  Hartford denies any characterization of these documents that is at odds with their actual content.

36.     Denied.  The paragraph misquotes the selected text from the Hartford Fire policies in that paragraph 36 contains two typos.  The quotation should read, in pertinent part:

> b. International waters or airspace, but only if the injury or damage
> occurs in the course of travel or transportation between any places
> included in a. above; or
>
> * * *
>
> provided the insured's responsibility to pay damages is determined
> in the United States of America (including its territories and
> possessions), Puerto Rice or Canada, in a "suit" on the merits
> according to the substantive law in such territory or in a settlement
> we agree to.

Otherwise, the paragraph accurately quotes the selected text from the Hartford Fire policies.  By way of further answer, the Hartford policies are documents in writing that speak for themselves and Hartford denies any characterization of these documents that is at odds with their actual content.

37. Admitted in part, denied in part. It is admitted that this paragraph accurately quotes the selected text from the *Nokia* Complaint and *Nokia* Amended Complaint. However, the *Nokia* Complaint and *Nokia* Amended Complaint are documents in writing that speak for themselves. Hartford denies any characterization of these documents that is at odds with their actual content. Further, this paragraph contains a conclusion of law to which no response is required.

38. Denied as a conclusion of law to which no response is required. Further, the paragraph misquotes the selected text from the *Nokia* Amended Complaint in that paragraph 38 omits the word "filing" from its quotation of *Nokia* Amended Complaint paragraph 28 (i.e. "The first filing was made in April 2001."). Otherwise, the paragraph accurately quotes the selected text from the *Nokia* Amended Complaint. By way of further answer, the *Nokia* Amended Complaint is a document in writing that speaks for itself. Hartford denies any characterization of this document that is at odds with its actual content.

**Coverage Dispute**

39. Admitted.

40. Admitted. By way of further answer, the April 5, 2005 letter is a document in writing that speaks for itself. Hartford denies any characterization of this document that is at odds with its actual content.

41. Admitted.

42.     Admitted.  By way of further answer, the June 6, 2005 letter is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

43.     Admitted.  By way of further answer, the October 12, 2005 letter is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

44.     Admitted.  By way of further answer, the March 27, 2007 letter is a document in writing that speaks for itself.  Hartford denies any characterization of this document that is at odds with its actual content.

## AS TO COUNT I

### Declaration of Duty to Defend Under the Harford Policies

45.     Hartford hereby incorporates by reference its answers to paragraphs 1 through 44 of this answer, as if set fully set forth herein.

46.     Denied as a conclusion of law to which no response is required.

47.     Denied as a conclusion of law to which no response is required.  By way of further answer, denied.  The *Nokia* Complaint, *Nokia* Amended Complaint, and the four referenced Hartford policies are documents in writing that speak for themselves.

48.     Denied as a conclusion of law to which no response is required.  By way of further answer, denied.  Although InterDigital does not indicate or specify which of the four policies previously cited they are referencing in this allegation, whichever policy they attempt to implicate is a document in writing that speaks for itself.  Hartford denies any characterization of

this document that is at odds with its actual content. By way of further answer, Hartford's First Amended Complaint is incorporated herein as if set forth in its entirety.

49. It is admitted that an actual, justifiable controversy exists between the parties concerning their respective rights and obligations, if any, under certain policies, based upon the causes of action raised in Hartford's First Amended Complaint. To the extent that this paragraph attempts to address the propriety or validity of InterDigital's counterclaims, this assertion is denied as a conclusion of law to which no response is required.

50. Denied as a conclusion of law to which no response is required.

51. It is admitted that an actual and justifiable controversy concerning an amount that exceeds $75,000 exists between the parties concerning whether Hartford has a duty to defend InterDigital in the *Nokia* action, based upon the causes of action raised in Hartford's First Amended Complaint. To the extent that the paragraph attempts to address the propriety or validity of InterDigital's counterclaims, this assertion is denied as a conclusion of law to which no response is required.

## AS TO COUNT II

### Breach of Contract

52. Hartford hereby incorporates by reference its answers to paragraphs 1 through 51 of this answer, as if set fully set forth herein.

53. Denied as a conclusion of law to which no response is required. For the reasons detailed more fully in Hartford's First Amended Complaint, which is incorporated herein as if set forth in its entirety, Hartford has no duty to defend InterDigital in connection with the *Nokia* action.

54. Denied as a conclusion of law to which no response is required. For the reasons detailed more fully in Hartford's First Amended Complaint, which is incorporated herein as if set forth in its entirety, Hartford has no duty to defend InterDigital in connection with the *Nokia* action.

55. Denied as a conclusion of law to which no response is required.

56. Denied as a conclusion of law to which no response is required. Further, Hartford is without knowledge or information sufficient to form a belief as to InterDigital's alleged damages and demands strict proof thereof at trial.

## DEFENSES TO COUNTERCLAIMS

### First Defense

InterDigtal's Counterclaims fail to state a claim upon which relief can be granted.

### Second Defense

Some or all of InterDigtal's Counterclaims may be barred, in whole or in part, by estoppel, waiver, and/or laches.

### Third Defense

The claims in the *Nokia* Amended Complaint do not implicate coverage for "bodily injury", "property damages" or "personal and advertising injury" as defined by the Hartford Policies.

### Fourth Defense

Some or all of the claims in the *Nokia* Amended Complaint are based on alleged statements made outside of the territory covered under the Hartford Policies, and therefore the policies provide no coverage for these claims.

### Fifth Defense

Some or all of the claims in the *Nokia* Amended Complaint are based on alleged statements made outside of the time period covered under the Hartford Policies, and therefore the policies provide no coverage for these claims.

### Sixth Defense

Coverage is precluded by one or more of the exclusions to "personal and advertising injury" coverage found in the Hartford Policies, including, but not limited to: Exclusion a (Knowing Violation of Rights or Another); Exclusion b (Material Published with Knowledge of Falsity); Exclusion c (Material Published Prior to Policy Period); Exclusion g (Quality or Performance of Goods – Failure to Conform to Statements); and/or Exclusion i (Infringement of Intellectual Property Rights).

### Seventh Defense

To the extent that some portions of the underlying claims against InterDigital are deemed to be subject to a duty to defend or indemnify, InterDigital may be required to apportion the defense and liability between "covered and uncovered claims" as Hartford has no obligation to reimburse for the costs or settlement of an uncovered claim.

### Eighth Defense

There is no coverage under the Hartford Policies for any settlement or judgment or portion thereof which does not fall within the meaning of "damages" as used in the Hartford Policies.

**Ninth Defense**

To the extent that some or all of InterDigital's expenses, loss, or obligations were voluntarily incurred, without the consent of Hartford, such expense, loss, or other obligations are excluded from the Hartford Policies.

**Tenth Defense**

To the extent that InterDigital failed to mitigate and/or avoid any legal fees and costs incurred in connection with the underlying claims, such legal fees, costs or other obligations are excluded from the Hartford Policies.

**Eleventh Defense**

Coverage is precluded for the reasons more fully explained in Hartford's First Amended Complaint, which is incorporated herein as if set forth in its entirety.

**Twelfth Defense**

To the extent that ITC is not an insured within the meaning of the Hartford Policies, ITC would not be covered under these policies.

**Thirteenth Defense**

To the extent that other insurance is available to InterDigital for the claims asserted against it, the Hartford Policies shall apply (if at all) only to the extent provided in the "other insurance" clauses and Hartford's obligations, if any, may be effected and/or limited by any such other insurance.

WILDMS 145822v.1

### Fourteenth Defense

To the extent that InterDigital has failed to comply with all terms and conditions of the Hartford Policies, coverage may be barred.

### Fifteenth Defense

Hartford reserves the right to amend, supplement or raise additional exclusions, conditions or provisions in the policies as may appear applicable as discovery and other investigation proceeds on this action.

### Sixteenth Defense

Hartford hereby asserts all other defenses, whether statutory, common law, factual, or any combination thereof, to which it is entitled.

WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendants, that the Court enter the relief requested in Plaintiffs' First Amended Complaint, that Defendants' Counterclaims be denied with prejudice, and that such other relief be granted as the Court deems just and appropriate.

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire Insurance Company and Hartford Casualty Insurance Company

By: _/s/ James S. Yoder_
James S. Yoder, Esquire
White and Williams LLP
824 N. Market Street - Suite 902
Wilmington, DE  19899-0709
(302) 654-0424

-15-

        and

        Gale White, Esquire
Anthony L. Miscioscia, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
Tel. No. (215) 864-6234/6356

Dated: July 2, 2007

-16-

WILDMS 145822v.1

**CERTIFICATE OF SERVICE**

  I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Answer to Defendants' Counterclaims to be served, via regular mail, postage prepaid, on this date, upon the following:

| | |
|---|---|
| Arleigh P. Helfer, III, Esquire<br>Steven Mathes, Esquire<br>Hoyle, Fickler, Herschel & Mathes LLP<br>Suite 1500<br>One South Broad Street<br>Philadelphia, PA  19107-3418<br>*Counsel for InterDigital*<br>*Communications Corporation and*<br>*InterDigital Technology Corporation* | Richard L. Horwitz, Esquire<br>Jennifer C. Wasson, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Counsel for InterDigital Communications*<br>*Corporation and InterDigital Technology*<br>*Corporation* |

                WHITE AND WILLIAMS LLP

                */s/ James S. Yoder*
                James S. Yoder
                White and Williams LLP
                824 N. Market Street - Suite 902
                Wilmington, DE  19899-0709
                (302) 654-0424

Dated: July 2, 2007

WILDMS 145822v.1