IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION, et al., <br><br> Defendants. <br><br>――――――――――――――― <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) C. A. No. 06-422-JJF ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**JOINT STIPULATED MOTION TO MODIFY SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b), plaintiffs/counterclaim defendants Hartford Fire Insurance Co. and Hartford Casualty Co. (collectively "Hartford") and defendants/counterclaim plaintiffs InterDigital Communications Corp. and InterDigital Technology Corp. (collectively "InterDigital"), through their undersigned counsel, hereby move the Court for an amended scheduling order and stipulate as follows:

1.  The current scheduling order in this insurance coverage dispute was entered on or about January 22, 2007.

2.  The underlying action from which the coverage dispute arises, and which is pending before this Court, is *Nokia Corp., et al. v. InterDigital Communications Corp., et al.*, United States District Court for the District of Delaware, C. A. No. 05-16-JJF (the "*Nokia* lawsuit").

3.  On or about February 6, 2007, Nokia Corp. amended its complaint in the underlying *Nokia* lawsuit, adding thirteen causes of action and additional factual allegations.

4.  InterDigital gave notice of the amended *Nokia* lawsuit complaint to Hartford, which performed a coverage analysis and, by letter dated March 27, 2007, again denied InterDigital a defense.

5.  Subsequently, Hartford sought to amend its declaratory judgment complaint in this action to account for its denial of a defense of the claims made in Nokia's amended complaint, and InterDigital granted permission for Hartford to do so. Hartford's First Amended Complaint was filed on or about May 10, 2007.

6.  InterDigital answered the First Amended Complaint and lodged a counterclaim on June 11, 2007, pursuant to agreement of the parties.

7.  Hartford answered InterDigital's counterclaim on July 2, 2007, pursuant to agreement of the parties.

8.  The current scheduling order in this case sets a discovery deadline for fact discovery of July 31, 2007.

9.  Because the initial case scheduling order in this case was entered before Nokia Corp. amended its complaint in the underlying *Nokia* lawsuit, and because of the need for additional coverage analysis by Hartford resulting from Nokia's amended complaint, the parties agree that additional time is needed to complete discovery in this matter.

10. The parties desire to extend the fact discovery deadline and remaining deadlines by ninety (90) days, rounding to the nearest business day in cases where the ninetieth day falls on a weekend or holiday.

11. The parties have attached a proposed scheduling order reflecting the stipulated extensions of time as Exhibit A hereto.

12. The parties note that the Court has scheduled a pretrial conference in this case for April 10, 2008. The parties are amenable to that date being adjourned to permit the other extensions proposed in the revised scheduling order.

13. Pursuant to D. Del. LR 16.4, this request is being made prior to the expiration of the discovery deadline.

14. Pursuant to D. Del. LR 16.4(b), the undersigned counsel certify that they have forwarded a copy of this request for an extension of deadlines to their respective clients.

Accordingly, for good cause shown, the parties respectfully request that the Court enter the proposed revised scheduling order.

Respectfully submitted,

WHITE AND WILLIAMS LLP                      POTTER ANDERSON & CORROON LLP

By: /s/ James S. Yoder                       By: /s/ Richard L. Horwitz
    James S. Yoder (#2643)                       Richard L. Horwitz (#2246)
    824 N. Market Street, Suite 902              Jennifer C. Wasson (#4933)
    Wilmington, DE 19899                         Hercules Plaza, 6th Floor
    (302) 654-0424                               1313 North Market Street
    yoderj@whiteandwilliams.com                  Wilmington, DE 19801
                                                 (302) 984-6000
                                                 rhorwitz@potteranderson.com
                                                 jwasson@potteranderson.com

OF COUNSEL:

Gale White
Anthony L. Miscioscia
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7000

*Attorneys for Plaintiffs*

Dated: July 31, 2007
809997 / 30373

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
HOYLE, FICKLER, HERSCHEL &
 MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

*Attorneys for Defendants*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION, et al., <br><br> Defendants. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Counterclaim Defendants. | C. A. No. 06-422-JJF |

### PROPOSED STIPULATED RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **February 28, 2007,** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before **February 28, 2007.**

3. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4. **Discovery.**

(a) Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by **October 29, 2007**.

(b) Maximum of fifty (50) interrogatories by each party to any other party.

(c) Maximum of fifty (50) requests for admission by each party to any other party.

(d) Maximum of five (5) depositions by plaintiff and five (5) by defendant, not including expert depositions. Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) are completed.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiffs by **February 13, 2008**, and from the defendants by **March 14, 2008**.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition as follows: deposition(s) of plaintiffs' expert(s) by **March 14, 2008**, and deposition(s) of defendants' expert(s) by **April 14, 2008**, unless otherwise agreed in writing by the parties.

(g) The parties may raise with the Court at a later date, should the need arise, the timing of rebuttal expert reports and rebuttal expert depositions.

5. **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at *jjf_civil@ded.uscourts.gov* that the parties have completed briefing.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6. **Amendment on the Pleadings.** All motions to amend the pleadings shall be filed on or before **April 30, 2007.**

7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief within ten (10) days of **May 15, 2008.** Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

      (b)    No facsimile transmissions will be accepted.

      (c)    No telephone calls shall be made to Chambers.

      (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: *jjf_civil@ded.uscourts.gov*. The e-mail shall provide a short statement describing the emergency.

      9.    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

                                                      Respectfully submitted,

| WHITE AND WILLIAMS LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: */s/ James S. Yoder* <br> James S. Yoder (#2643) <br> 824 N. Market Street, Suite 902 <br> Wilmington, DE 19899 <br> (302) 654-0424 <br> yoderj@whiteandwilliams.com | By: */s/ Richard L. Horwitz* <br> Richard L. Horwitz (#2246) <br> Jennifer C. Wasson (#4933) <br> Hercules Plaza, 6th Floor <br> 1313 North Market Street <br> Wilmington, DE 19801 <br> (302) 984-6000 <br> rhorwitz@potteranderson.com <br> jwasson@potteranderson.com |

-5-

| OF COUNSEL: | OF COUNSEL: |
|---|---|
| Gale White<br>Anthony L. Miscioscia<br>WHITE AND WILLIAMS LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103<br>(215) 864-7000<br><br>*Attorneys for Plaintiffs* | Stephen J. Mathes<br>Arleigh P. Helfer III<br>HOYLE, FICKLER, HERSCHEL &<br>   MATHES LLP<br>One South Broad Street - Suite 1500<br>Philadelphia, PA 19107<br>(215) 981-5710<br><br>*Attorneys for Defendants* |

It is SO ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

810015 / 30373