IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** | : : : : : : : : : : : : : : : : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** | | |
| Defendants. | | |

## NOTICE OF DEPOSITION

To:   Arleigh P. Helfer, III, Esquire          Richard L. Horwitz, Esquire
      Steven Mathes, Esquire               Jennifer C. Wasson, Esquire
      Hoyle, Fickler, Herschel & Mathes LLP    Potter Anderson & Corroon LLP
      Suite 1500                         Hercules Plaza, 6th Floor
      One South Broad Street              1313 North Market Street
      Philadelphia, PA  19107-3418         Wilmington, DE 19801
      *Counsel for InterDigital Communications*    *Counsel for InterDigital*
      *Corporation and InterDigital Technology*    *Communications Corporation and*
      *Corporation*                       *InterDigital Technology Corporation*

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), on

**Wednesday, August 29, 2007 at 9:00 a.m**, at the law offices White and Williams LLP, 1800

One Liberty Place, Philadelphia, PA 19103, Plaintiffs, Hartford Fire Insurance Company and

Hartford Casualty Insurance Company (collectively referred to herein as "Hartford"), will take

the deposition in the above-captioned action of Defendants, InterDigital Communications

Corporation and InterDigital Technology Corporation (collectively referred to herein as

"InterDigital"), before an officer authorized by law to administer oaths, and such deposition will

PHLDMS1 3246147v.1

continue from day-to-day thereafter until completed.  Defendants shall designate one or more

persons who consent to testify on their behalf about matters known or reasonably available to the

Defendants concerning the topics set forth below.  You are invited to attend and cross-examine

the witness(es) if you so desire.

## DEFINITIONS

Hartford refers to and incorporates herein as if set forth at length the definitions set forth

in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007

Interrogatories directed to InterDigital Communications Corporation and InterDigital

Technology Corporation.

## TOPICS FOR EXAMINATION

1.     The facts, claims, and allegations contained in Nokia's Amended Complaint filed

in the *Nokia* action, and InterDigital's Original Answer to Nokia's First Amended Complaint and

Original Counterclaims.


2.     Any statements made by InterDigital which Nokia and/or InterDigital has

identified or seeks damages on account of in the *Nokia* action, including but not limited to the

statements identified in Nokia's Statement Pursuant to First Discovery Order, Nokia's First

Supplemental Objections and Responses to InterDigital's Interrogatories, and InterDigital's

proposed December 2006 Summary Judgment Brief.


3.     The dates, substance, place(s) of publication, and speaker of any statements which

Nokia has identified or seeks damages on account of in the *Nokia* action, including but not

limited to: (a) when each statement were made, (b) the manner in which each statement was

made, and (c) where each statement was made.

-2-

4.    InterDigital's legal and factual defenses to the claims asserted in the *Nokia* action.

5.    Any statements allegedly made by InterDigital that either InterDigital or Nokia contend slanders or libels Nokia or disparages Nokia's goods, products or services.

6.    InterDigital's defense fees and related costs of the defense of the *Nokia* action, the services associated with such fees and costs, and the person(s) providing such services.

7.    Any agreements, including licensing agreements, between InterDigital and Nokia.

8.    The relationship or connection between InterDigital Communications Corporation and InterDigital Technology Corporation.

9.    Any disputes, arbitrations, lawsuits, and/or other civil proceedings between InterDigital and Nokia.

10.    Any insurance coverage (including defense and indemnity) which is being, or was, provided for any disputes, arbitrations, lawsuits and/or any other civil proceedings between InterDigital and Nokia.

11.    Insurance policies issued by Hartford to InterDigital and the extent of the coverage provided therein.

12.    Any insurance policies (other than the Hartford Policies) issued to InterDigital and/or providing coverage to InterDigital for any period at issue in the *Nokia* action, including but not limited to 1999 through the present, including but not limited to any domestic or international liability coverage.

PHLDMS1 3246147v.1

13.    Any insurance carrier (other than Hartford) to which the *Nokia* action was tendered for defense and/or indemnity and any coverage position taken by those carriers.

14.    Any communications with insurance carriers or brokers (other than Hartford) concerning the *Nokia* action, including but not limited to whether an insurance carrier provides coverage for the *Nokia* action and any response by the insurer.

15.    InterDigital's claim for defense and indemnity under the Hartford policies for claims asserted in the *Nokia* action.

16.    InterDigital's factual responses, admissions, and/or denials in response to Hartford's First Amended Complaint filed in this litigation.

17.    Any relief, including but not limited to all sums, InterDigital is seeking from Hartford in connection with the *Nokia* action and/or this litigation

18.    Any defense fees and/or related costs that InterDigital is seeking to recover from Hartford, including but not limited to the entity billing such amounts and the entity paying such amounts.

Additionally, to the extent not previously produced by InterDigital in advance of the deposition, Royal hereby requests, pursuant to Fed. R. Civ. P. Rule 30(b)(5) and Rule 34, that InterDigital produce at the deposition all documents requested in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007 Request For Production of Documents Directed to Defendants InterDigital Communications Corporation and InterDigital Technology Corporation.

-4-

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Company and Hartford Casualty
Insurance Company

By:    /s/ James S. Yoder
       James S. Yoder, Esquire
       White and Williams LLP
       824 N. Market Street - Suite 902
       Wilmington, DE  19899-0709
       (302) 654-0424

       and

       Gale White, Esquire
       Anthony L. Miscioscia, Esquire
       White and Williams LLP
       1800 One Liberty Place
       Philadelphia, PA  19103-7395
       Tel. No. (215) 864-6234/6356

PHLDMS1 3246147v.1

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's notice of deposition directed to InterDigital Communications Corporation and InterDigital Technology Corporation's corporate designee as to certain designated topics to be served, via First Class Mail, postage prepaid, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA  19107-3418
*Counsel for InterDigital*
*Communications Corporation and*
*InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

WHITE AND WILLIAMS LLP

_____/s/ James S. Yoder_____
James S. Yoder

Date: July 31, 2007

-6-