**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) C. A. No. 06-422-JJF |
| v. | )<br>) |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION | )<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>) |
| v. | )<br>) |
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Counterclaim Defendants. | ) |

**<u>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

WHEREAS, Plaintiffs/Counterclaim Defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford") and Defendants/Counterclaim Plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") (collectively, the "Parties") expect to exchange documents and information pursuant to the Federal Rules of Civil Procedure and the Delaware Local Rules of Civil Procedure in connection with the above-captioned action; and

WHEREAS, the Parties believe that said documents and information may be confidential, valuable, proprietary, and/or sensitive;

WHEREAS, the Parties desire to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted to make reasonably necessary uses of such confidential materials in preparation for and in the conduct of trial;

NOW THEREFORE, IT IS HEREBY AGREED, between the Parties, and ORDERED by the Court pursuant to Federal Rule of Civil Procedure 26(c), that:

1.  The dissemination of all information disclosed during the course of this action by the Parties or by any third party shall be governed by this Confidentiality Agreement and Protective Order ("Protective Order").  Moreover, the terms of the Protective Order shall apply by agreement of the Parties whether or not entered as an Order of the Court.

2.  The term "Confidential Information" as used herein shall mean any testimony, response to discovery request, document, tape or other information (whether in digital or other form), including any copies, abstracts, excerpts or analyses thereof produced in connection with this litigation, or any other information contained in such testimony, response to discovery request, document, tape or other information, that contains, discusses or otherwise discloses commercial, legal, financial, or proprietary information or trade secrets of the Parties or third parties; information which previously has been maintained as sensitive business information; and/or information the disclosure of which may impact the interests of third parties in privacy or confidentiality.

PHLDMS1 3260427v.1

3. The following information is not Confidential Information:

a. Any information that is in the public domain at the time of disclosure to the receiving party;

b. Any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order; and

c. Any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

4. Any Confidential Information obtained by any Party from any person pursuant to discovery in this litigation shall be used solely for purposes of preparation for and trial of this matter and for no other purpose, suit, arbitration, or proceeding, except as permitted herein.

5. Any person or Party subject to this Order who becomes subject to a subpoena, motion, law, rule or regulation which requires the disclosure of another Party's or third party's information designated "Confidential" shall promptly notify that Party or third party of potential disclosure so that the Party or third party may have an opportunity to appear and be heard as to whether the information should be disclosed. Any person or Party who receives a third-party request for information produced by another Party in discovery, whether confidential or not, shall promptly inform the producing Party of the request.

6. Prior to or at the time that Confidential Information is produced in this case, the producing Party or third party shall designate or identify the documents or information as "Confidential." All documents, whether in paper or electronic form, and any other tangible materials produced shall be designated as "Confidential" by the producing Party placing thereon a legend which states on each page (or on each page or the storage medium, in the case of

electronic data) "Confidential – Subject to Protective Order". All testimony, documents, or other information that the Parties submit during any court proceeding or produce in response to any discovery request shall be subject to this Protective Order if designated "Confidential." The disclosing Party is not restricted by this Protective Order, however, in the use of its own Confidential Information. A Party that inadvertently fails to designate Confidential Information as "Confidential" at the time of the production may subsequently designate the Confidential Information as "Confidential"; however, the terms of this Order requiring non-disclosure of Confidential Information will only apply after the designation of the Confidential Information as "Confidential."

      7.      The Parties further anticipate that some Confidential Information may be discussed in sworn statements or depositions (collectively, "depositions"). The Parties may wish to conduct depositions without unnecessary interruption or concern about designating information or documents as "Confidential" at the time of deposition. Therefore, it will not be necessary for the Parties to designate information as "Confidential" at the time of deposition (although they may elect to do so), and the failure to do so designate at the time of the deposition shall not constitute a waiver of the right to designate any information as such. Rather, all information obtained in depositions, and all exhibits thereto, shall be treated as Confidential Information subject to this Protective Order until 30 days after delivery of the transcript and exhibits to the Parties without need of any designation by the Parties. During the 30-day period, the Parties may designate any information in deposition or any deposition exhibits as "Confidential" by serving on counsel for the Parties a written designation of confidentiality subject to the provisions of this Protective Order identifying the specific pages and/or exhibits to be treated as Confidential Information.

8.      In the event that counsel must disclose information designated "Confidential" during the deposition of a witness, the portion of the deposition that will result in such disclosure shall be taken only in the presence of the court reporter and of persons identified in Paragraph 11.  No transcript or copy of a transcript containing such disclosure shall be furnished to any person other than those identified in Paragraph 11 without first redacting the protected information.  If the original or any copy of any deposition transcript designated as "Confidential" is filed with the Court, those parts designated "Confidential" shall be filed under seal.

9.      The Parties will make a good-faith effort to resolve between themselves any disputes challenging a designation of confidentiality under this Protective Order.  In the event that such disputes cannot be resolved, the Parties may seek the Court's intervention to reach a resolution.

10.     If a Party wishes to include or refer to information protected under this Protective Order in any motion or other documents it files with or submits to the Court, the Party shall file or submit the Confidential Information under seal with a designation that such material is subject to this Protective Order.

11.     Information designated as "Confidential" shall not be disclosed to anyone, except as required by law as described in Paragraph 5 or as permitted pursuant to an Order of this Court granted in response to a motion or application filed by a Party pursuant to Paragraphs 13 and 14 *infra*, other than: (a) directors, officers, partners, employees and in-house counsel of the Parties in this case and/or of any Party's parents, subsidiaries, and affiliates who have reasonable need to review the Confidential Information for purposes of handling the *Nokia* claims against InterDigital, maintaining, defending, or evaluating this litigation, and/or handling any

reinsurance claim of Hartford related thereto; (b) the Parties' counsel of record in this lawsuit, including their paralegals, secretaries and other legal support staff; (c) outside experts and outside consultants retained by the Parties or their counsel in this action; (d) the Court, court personnel and court and deposition reporters; (e) reinsurers or their retrocessionaires that may be requested and/or become liable to reimburse the Parties for any funds paid in connection with this lawsuit or the underlying lawsuit, *Nokia Corp., et al. v. InterDigital Communications Corp., et al.*, U.S. District Court for the District of Delaware 05-16-JJF; (f) auditors of the Parties in connection with the rendering of an audit or regulatory activity; (g) such other persons as may be disclosed and agreed to in advance, in writing, by the Parties. Confidential Information may be disclosed as provided in Paragraph 11 (c), (e), (f), and (g), however, only after the person and/or entity to whom/which the Confidential Information is to be disclosed has been provided with a copy of this Protective Order and agreed to be bound by its terms by executing the Confidentiality Agreement attached hereto as Exhibit A. Confidential Information also may be disclosed to any regulators in connection with their regulatory activity; however, Hartford shall use its best efforts to get any regulators seeking Confidential Information to sign the attached Confidentiality Agreement prior to disclosing the Confidential Information, but in the event that the regulator refuses, Hartford will then use its best efforts to give InterDigital advanced notice before any such Confidential Information is disclosed to the regulator. Each Party or entity receiving Confidential Information shall maintain a log of all persons and/or entities in categories (c), (e), (f), and (g) to whom it has disclosed Confidential Information, along with the executed Confidentiality Agreements from such persons. Additionally, each Party or entity receiving Confidential Information shall be obligated to advise its employees and others inside its organization to whom any Confidential Information is provided that such Confidential

Information must be maintained as Confidential, and shall place a copy of this Protective Order in any file in which any such Confidential Information is maintained. Each Party or entity receiving Confidential Information shall further be obligated, after the execution of this Protective Order, promptly to forward a copy of this Protective Order to each of the persons at such Party or entity expected to work on, or to have potential involvement in, this matter.

12. The Parties shall use reasonable care when designating documents or information as Confidential. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as Confidential has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Confidential designation with respect to any document or the information contained within.

13. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time it is made. A failure to do so will not preclude a subsequent challenge to the propriety of the designation. Any challenge to a confidentiality designation shall be made in writing and served on counsel for the producing Party. The writing shall identify the documents or information that the receiving Party contends should be differently designated. The Parties shall use their best efforts to resolve such challenges promptly and informally. If an agreement cannot be reached, the receiving party may move the Court to cancel or modify a Confidential designation. Any such motion will include a certification that the filing party made good faith efforts to resolve the challenge with the producing Party prior to filing the motion. The burden of demonstrating the Confidential nature of any information shall at all times be and remain on the designating party.

14.     Nothing herein precludes any Party from filing a motion or application with this Court seeking permission to disclose Confidential Information in any other proceeding or forum nor the right of any Party to oppose such motion.

15.     Within 30 days of final resolution or adjudication of this lawsuit, including, but not limited to, final adjudication of any appeals or petitions for extraordinary writs, either Party may request that the other return or destroy (and confirm doing such) within 30 days all copies of Confidential Information and summaries thereof, and all portions of deposition transcripts and copies thereof, containing Confidential Information in the actual and constructive custody or possession of any Party or person, except those actually offered into evidence at trial, which shall be disposed of as the Court may order on stipulation of the Parties, on motion of a Party, or on the Court's own initiative; provided, however, that should Hartford need to present any such Confidential Information to its reinsurers or their retrocessionaires, Hartford, subject to all of the other provisions of this Protective Order, need not return or destroy any such Confidential Information needed for reinsurance purposes until thirty (30) days after the resolution of any reinsurance claim or proceedings.  After conclusion of the lawsuit, outside counsel of record for either Party in this lawsuit shall be entitled to retain papers submitted by any Party to the Court, deposition and trial transcripts and exhibits, and attorney work product (including filings, transcripts, and attorney work product that contains Confidential Information), provided that such counsel, and employees of such counsel, shall not disclose any such materials to any person or entity except pursuant t a written agreement with the producing Party.

16.     The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or of the same

PHLDMS1 3260427v.1

or related subject matter.  However, a confidentiality designation hereunder will only be effective upon and after actual designation.

17. The disclosure or production of Confidential Information shall not waive any attorney-client, work-product, or other privilege that would otherwise apply, nor open the door to additional discovery beyond the scope of the information produced.

18. Unless otherwise ordered by the Court, the provisions of this Protective Order shall continue to be binding on the Parties, and on each person executing a Confidentiality Agreement pursuant to this Protective Order, during and after the litigation of this case.

Respectfully submitted by all Parties,

| WHITE AND WILLIAMS LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: ___/s/ James S. Yoder___<br>James S. Yoder (#2643)<br>824 N. Market Street, Suite 902<br>Wilmington, DE 19899<br>yoderj@whiteandwilliams.com<br>(302) 654-0424 | By: ___/s/ Richard L. Horwitz___<br>Richard L. Horwitz (#2246)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>rhorwitz@potteranderson.com<br>(302) 984-6000 |
| OF COUNSEL:<br><br>Gale White<br>Anthony L. Miscioscia<br>WHITE AND WILLIAMS LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103<br>(215) 864-7000<br><br>*Attorneys for Plaintiffs* | OF COUNSEL:<br><br>Stephen J. Mathes<br>Arleigh P. Helfer III<br>HOYLE, FICKLER, HERSCHEL &<br>   MATHES LLP<br>One South Broad Street - Suite 1500<br>Philadelphia, PA  19107<br>(215) 981-5710<br><br>*Attorneys for Defendants* |

Dated:  August 7, 2007

PHLDMS1 3260427v.1

SO ORDERED BY THE COURT:

_____

DATED: _____, 2007

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 06-422-JJF |
| v. | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

## CONFIDENTIALITY AGREEMENT

I, _____, being duly sworn, state that:

1.   [Delete if inapplicable.] I have been retained by _____ [Party] to serve as _____ [an expert/consultant] in the above-captioned case.

2.   I have read and understand the Protective Order, and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be

PHLDMS1 3260427v.1

bound by the terms of the Protective Order.  I hereby submit to the jurisdiction of the United States District Court for the District of Delaware (the "Court") for the purpose of enforcement of this Protective Order.

     3.    I will not use or disclose to others, except to my employees and staff working on this matter (whom I agree to instruct to keep such information confidential) or except in accordance with the Protective Order, any Confidential Information.

     4.    I will return all Confidential Information, and summaries, abstracts, and excerpts thereof, that come into my possession, and will release all documents or things that I prepare relating to Confidential Information, to counsel for the Party by whom I am employed or retained.

     5.    If I fail to abide by the terms of the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory and/or punitive damages to remedy contemptuous conduct.

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

Dated: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) C. A. No. 06-422-JJF |
| v. | ) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Counterclaim Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I, James S. Yoder, Esquire, do hereby certify that on this 7th day of August, 2007, copies of the foregoing **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** were delivered to the following parties via electronic filing and/or regular U.S. First Class Mail, postage prepaid:

Stephen J. Mathes, Esquire
Bess Madway Collier, Esquire
Arleigh P. Helfer, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
One South Broad Street

Gale White
Anthony L. Miscioscia
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103

PHLDMS1 3260427v.1

Suite 1500  
Philadelphia, PA 19107  
    Richard L. Horwitz (#2246)  
    Hercules Plaza, 6th Floor  
    1313 North Market Street  
    Wilmington, DE 19801  
    rhorwitz@potteranderson.com  
    (302) 984-6000

(215) 864-7000

    /s/ James S. Yoder  
    James S. Yoder (#2643)  
    824 N. Market Street, Suite 902  
    Wilmington, DE 19899  
    yoderj@whiteandwilliams.com  
    (302) 654-0424