**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY et al.** | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  06-422-JJF |
| | : | |
| **INTERDIGITAL COMMUNICATIONS CORPORATION et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY**
**INSURANCE COMPANY'S MOTION TO COMPEL DEPOSITION TESTIMONY**

Plaintiffs ("Hartford") move for an order pursuant to Fed. R. Civ. P. 37 compelling

Defendants ("InterDigital") to produce a corporate designee(s) to testify as to all topics identified

in Hartford's July 31, 2007 Notice of Deposition.  In support hereof, Hartford states:

1.      On July 31, 2007, Hartford served a Notice of Deposition for InterDigital's

corporate designee(s) as to certain enumerated topics concerning, *inter alia*, (a) the legal fees and

costs for which InterDigital demands recovery from Hartford in this lawsuit, as well as

(b) factual matters that are relevant to the extent, if any, of Hartford's duty to defend.  *See* Tab A.

2.      InterDigital flatly refused to produce a designee as to topics nos. 1-5, 7, 9 and 10

noticed by Hartford.  *See* Tab B.  Plus, while InterDigital initially offered to produce a designee

as to a few topics, InterDigital later reneged upon its offer when Hartford sought to schedule a

deposition as to those topics for which InterDigital was willing to produce a designee without

Court order.  *See* Tabs B and C, attaching InterDigital's 8/31/07 letter and 9/7/07 email.

InterDigital now refuses to produce any designee for deposition until after this Court rules on

Hartford's motion.  *See* Tab C.

3.     Hartford seeks deposition testimony concerning, *inter alia*, (a) the defense fees and related costs for which InterDigital seeks recovery of Hartford (which relate to the amount and reasonableness of InterDigital's claimed damages), (b) the relationship or connection between the two InterDigital defendants (which relates to whether one or both are insureds to the Hartford policies), (c) the facts, claims and allegations in the *Nokia* pleadings (which relates to whether Hartford has any duty to defend), (d) InterDigital's purported statements at issue in the *Nokia* action, including the dates and place(s) of publication (which relate to whether Hartford has any duty to defend, and whether any offense has been committed during the Hartford policy period and/or in the Hartford coverage territory), (e) InterDigital's statements that either InterDigital or Nokia contend slanders or libels Nokia or disparages Nokia's goods, products or services (which relates to InterDigital's claim for coverage), and (f) any other insurance policies providing coverage to InterDigital for any period at issue in the *Nokia* action (which relates to whether Hartford's alleged liability, if any, is impacted by any other insurance). *See* Tab A.

4.     InterDigital refuses to identify a corporate designee because it alleges the only issue in this case concerns Hartford's potential duty to defend and that, under applicable law, extrinsic evidence is irrelevant to that analysis. InterDigital's objections are misplaced.

5.     Hartford's discovery goes directly to the heart of the duty to defend issues – e.g., what amounts InterDigital seeks to recover and why, whether those amounts are reasonable, whether Hartford has any duty to defend (and/or whether any such duty has been terminated), whether both InterDigital defendants qualify as insureds to the Hartford policies, and whether other insurance exists that may impact Hartford's alleged duty to defend.

6.     "A party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *In re Intel Corp. Microprocessor Antitrust*

*Litigation*, 2007 WL 137152, *5 (D. Del. Jan. 12, 2007) (J. Farnan) (citing Fed.R.Civ.P. 26).

      7.    While the party seeking discovery has the burden of demonstrating its merit, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *Id.* at *5 (quoting *La Chemise Lacoste v. Alligator Co. Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973)).  As this Court has explained:

> The requirement of relevancy must be construed liberally and with common sense rather than measured by the precise issues framed by the pleadings or limited by other concepts of narrow legalisms.  Thus, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.  [Citation omitted.] This is so because the spirit of Rule 26(b) calls for all relevant information, however remote, to be brought out for inspection not only by the opposing party but also for the benefit of the Court which in due course can either eliminate the information or give it just such weight as the information is entitled when determining the ultimate issues at trial.

*La Chemise Lacoste*, 60 F.R.D. at 170-171.

      8.    The discovery requested by Hartford is relevant not only to the issue of whether the millions of dollars in alleged defense fees sought by InterDigital are reasonably related to the defense of the *Nokia* action, but also to the issues of whether the claims asserted against InterDigital involve an offense covered by the Hartford policies, whether any such offense was committed in the Hartford "coverage territory", whether any such offense was committed during the Hartford policy period, and whether one or more of the policy exclusions (such as the prior publication exclusion) may apply to negate or terminate a duty to defend.[1]

---

[1] E.g., the Hartford CGL policies apply to "personal and advertising injury" caused by an offense arising out of InterDigital's business but only if the offense was committed in the "coverage territory" during the policy period, and the CGL policies exclude coverage for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period.  (The examples raised herein are without limitation or prejudice to Hartford's raising any of the other issues and/or defenses raised in its pleadings and prior letters to InterDigital.)

PHLDMS1 3314845v.1

9.    Although the duty to defend is generally determined solely by comparing the factual claims in the underlying complaint to the terms of the policies, the "four corners" rule does not preclude an insurer from looking outside the pleadings to ascertain facts **material to coverage <u>but</u> immaterial to the underlying litigation** – such as, here, whether a putative insured does in fact qualify as an insured, whether any alleged offense occurred in the coverage territory, and whether any alleged statement was made, or first made, outside the policy period.  *See QBE Ins. Group v. M&S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007) ("an insurer's obligation to defend … 'is fixed solely by the allegations in the underlying complaint.' … the insurer must defend its insured until the claim is confined to a recovery the policy does not cover"); *Upright Material Handling, Inc. v. Ohio Cas. Group*, 74 Pa. D. & C. 4th 305, 324 (Lacka. Cty. 2005) (insurer "carried the duty to defend until it met its burden of proving the applicability of its exclusion"); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 113 (2000) ("A limited exception to the majority [four corners] rule described above has been recognized by several jurisdictions, **which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured**.'") (*quoting Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co.*, 98 N.J. 18, 483 A.2d 402, 406 (1984)) (emphasis added).

10.    As the facts which Hartford seeks to discover are not material to and will not be resolved in the *Nokia* action, but are essential to coverage, and given that courts recognize the possible termination of a duty to defend, Hartford is entitled to the discovery sought in its Notice.

**WHEREFORE**, Hartford respectfully requests that this Court grant its Motion, and compel InterDigital to produce a designee as to all topics set forth in the July 31, 2007 Notice.  A proposed form of Order is attached.

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Company and Hartford Casualty
Insurance Company

By:   /s/ James S. Yoder
      James S. Yoder, Esquire
      White and Williams LLP
      824 N. Market Street - Suite 902
      Wilmington, DE  19899-0709
      (302) 654-0424

      and

      Gale White, Esquire
      Anthony L. Miscioscia, Esquire
      White and Williams LLP
      1800 One Liberty Place
      Philadelphia, PA  19103-7395
      Tel. No. (215) 864-6234/6356

PHLDMS1 3314845v.1

<u>**CERTIFICATE OF SERVICE**</u>

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Motion to Compel Disposition Testimony, via First Class Mail, postage prepaid, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA 19107-3418
*Counsel for InterDigital*
*Communications Corporation and*
*InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

WHITE AND WILLIAMS LLP

_____/s/ James S. Yoder_____
James S. Yoder

Date: September 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** | : JURY TRIAL DEMANDED |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** | : |
| Defendants. | : |

## CERTIFICATE OF GOOD FAITH

I, Anthony L. Miscioscia, Esquire, hereby certify that I have in good faith conferred or attempted to confer with counsel for Defendants to procure the foregoing discovery without Court action.

WHITE AND WILLIAMS LLP

Anthony L. Miscioscia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** | : : : : | |
| Defendants. | : : | |

### ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of Plaintiffs, Hartford

Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford")

Motion to Compel Deposition Testimony, and the response thereto of Defendants, InterDigital

Communications Corporation and InterDigital Technology Corporation (collectively,

"InterDigital"), it is hereby ORDERED and DECREED that InterDigital shall provide, within

twenty (20) days of the date of this Order, a corporate designee to provide testimony as to each

of the topics set forth in Hartford's July 31, 2007 Notice of Deposition.

**IT IS SO ORDERED:**

_____

J.

PHLDMS1 3314845v.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** | : : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : : | |
| v. | : : | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** | : : : : | |
| Defendants. | : : | |

## NOTICE OF DEPOSITION

To:    Arleigh P. Helfer, III, Esquire          Richard L. Horwitz, Esquire
       Steven Mathes, Esquire               Jennifer C. Wasson, Esquire
       Hoyle, Fickler, Herschel & Mathes LLP    Potter Anderson & Corroon LLP
       Suite 1500                          Hercules Plaza, 6th Floor
       One South Broad Street               1313 North Market Street
       Philadelphia, PA  19107-3418          Wilmington, DE 19801
       *Counsel for InterDigital Communications*    *Counsel for InterDigital*
       *Corporation and InterDigital Technology*    *Communications Corporation and*
       *Corporation*                        *InterDigital Technology Corporation*

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), on

**Wednesday, August 29, 2007 at 9:00 a.m**, at the law offices White and Williams LLP, 1800

One Liberty Place, Philadelphia, PA 19103, Plaintiffs, Hartford Fire Insurance Company and

Hartford Casualty Insurance Company (collectively referred to herein as "Hartford"), will take

the deposition in the above-captioned action of Defendants, InterDigital Communications

Corporation and InterDigital Technology Corporation (collectively referred to herein as

"InterDigital"), before an officer authorized by law to administer oaths, and such deposition will

continue from day-to-day thereafter until completed. Defendants shall designate one or more

persons who consent to testify on their behalf about matters known or reasonably available to the

Defendants concerning the topics set forth below. You are invited to attend and cross-examine

the witness(es) if you so desire.

## DEFINITIONS

Hartford refers to and incorporates herein as if set forth at length the definitions set forth

in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007

Interrogatories directed to InterDigital Communications Corporation and InterDigital

Technology Corporation.

## TOPICS FOR EXAMINATION

1.    The facts, claims, and allegations contained in Nokia's Amended Complaint filed

in the *Nokia* action, and InterDigital's Original Answer to Nokia's First Amended Complaint and

Original Counterclaims.

2.    Any statements made by InterDigital which Nokia and/or InterDigital has

identified or seeks damages on account of in the *Nokia* action, including but not limited to the

statements identified in Nokia's Statement Pursuant to First Discovery Order, Nokia's First

Supplemental Objections and Responses to InterDigital's Interrogatories, and InterDigital's

proposed December 2006 Summary Judgment Brief.

3.    The dates, substance, place(s) of publication, and speaker of any statements which

Nokia has identified or seeks damages on account of in the *Nokia* action, including but not

limited to: (a) when each statement were made, (b) the manner in which each statement was

made, and (c) where each statement was made.

4.    InterDigital's legal and factual defenses to the claims asserted in the *Nokia* action.

5.    Any statements allegedly made by InterDigital that either InterDigital or Nokia contend slanders or libels Nokia or disparages Nokia's goods, products or services.

6.    InterDigital's defense fees and related costs of the defense of the *Nokia* action, the services associated with such fees and costs, and the person(s) providing such services.

7.    Any agreements, including licensing agreements, between InterDigital and Nokia.

8.    The relationship or connection between InterDigital Communications Corporation and InterDigital Technology Corporation.

9.    Any disputes, arbitrations, lawsuits, and/or other civil proceedings between InterDigital and Nokia.

10.    Any insurance coverage (including defense and indemnity) which is being, or was, provided for any disputes, arbitrations, lawsuits and/or any other civil proceedings between InterDigital and Nokia.

11.    Insurance policies issued by Hartford to InterDigital and the extent of the coverage provided therein.

12.    Any insurance policies (other than the Hartford Policies) issued to InterDigital and/or providing coverage to InterDigital for any period at issue in the *Nokia* action, including but not limited to 1999 through the present, including but not limited to any domestic or international liability coverage.

-3-

13.     Any insurance carrier (other than Hartford) to which the *Nokia* action was tendered for defense and/or indemnity and any coverage position taken by those carriers.

14.     Any communications with insurance carriers or brokers (other than Hartford) concerning the *Nokia* action, including but not limited to whether an insurance carrier provides coverage for the *Nokia* action and any response by the insurer.

15.     InterDigital's claim for defense and indemnity under the Hartford policies for claims asserted in the *Nokia* action.

16.     InterDigital's factual responses, admissions, and/or denials in response to Hartford's First Amended Complaint filed in this litigation.

17.     Any relief, including but not limited to all sums, InterDigital is seeking from Hartford in connection with the *Nokia* action and/or this litigation

18.     Any defense fees and/or related costs that InterDigital is seeking to recover from Hartford, including but not limited to the entity billing such amounts and the entity paying such amounts.

Additionally, to the extent not previously produced by InterDigital in advance of the deposition, Royal hereby requests, pursuant to Fed. R. Civ. P. Rule 30(b)(5) and Rule 34, that InterDigital produce at the deposition all documents requested in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007 Request For Production of Documents Directed to Defendants InterDigital Communications Corporation and InterDigital Technology Corporation.

-4-

PHLDMS1 3246147v.1

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Company and Hartford Casualty
Insurance Company


By:    /s/ James S. Yoder
        James S. Yoder, Esquire
        White and Williams LLP
        824 N. Market Street - Suite 902
        Wilmington, DE  19899-0709
        (302) 654-0424

        and

        Gale White, Esquire
        Anthony L. Miscioscia, Esquire
        White and Williams LLP
        1800 One Liberty Place
        Philadelphia, PA  19103-7395
        Tel. No. (215) 864-6234/6356

-5-

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's notice of deposition directed to InterDigital Communications Corporation and InterDigital Technology Corporation's corporate designee as to certain designated topics to be served, via First Class Mail, postage prepaid, upon the following:

| | |
|---|---|
| Arleigh P. Helfer, III, Esquire | Richard L. Horwitz, Esquire |
| Steven Mathes, Esquire | Jennifer C. Wasson, Esquire |
| Hoyle, Fickler, Herschel & Mathes LLP | Potter Anderson & Corroon LLP |
| Suite 1500 | Hercules Plaza, 6th Floor |
| One South Broad Street | 1313 North Market Street |
| Philadelphia, PA 19107-3418 | Wilmington, DE 19801 |
| *Counsel for InterDigital* | *Counsel for InterDigital Communications* |
| *Communications Corporation and* | *Corporation and InterDigital Technology* |
| *InterDigital Technology Corporation* | *Corporation* |

WHITE AND WILLIAMS LLP


_____/s/ James S. Yoder_____
James S. Yoder


Date: July 31, 2007

-6-

EXHIBIT B

THE HOYLE LAW FIRM                                                      ☑002

# The Hoyle Law Firm

### HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street, Suite 1500
Philadelphia, PA 19107-3418

215-981-5700 Fax 215-981-5959
www.hoylelawfirm.com

**Arleigh P. Helfer III**
Direct Dial: (215) 981-5830
E-Mail: ahelfer@hoylelawfirm.com

August 31, 2007

**VIA FACSMILE & U.S. Mail**

Anthony Miscioscia, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA 19103-7395

> **Re:   Hartford Fire Insurance Co., et al. v. InterDigital Communications
> Corporation, et al., D. Del. Civil Action No. 06-422**

Dear Tony:

I write concerning Hartford's Rule 30(b)(6) deposition notice to InterDigital. As you know from our prior communications and InterDigital's responses to Hartford's prior discovery requests, many of the requested topics for testimony are irrelevant to the issue in our case-- determining whether Hartford has a duty to defend InterDigital in the underlying *Nokia* lawsuit, which is ascertained from the face of the complaints and the relevant policies--and others are marginally relevant to the ancillary issue of damages at best.

As you also know from our prior communications, Steve Mathes is currently away on vacation and will return after Labor Day.

InterDigital objects to the following requested topics of testimony set forth in the deposition notice:

1. The facts, claims, and allegations contained in Nokia's Amended Complaint filed in the Nokia action, and InterDigital's Original Answer to Nokia's First Amended Complaint and Original Counterclaims.

2. Any statements made by InterDigital which Nokia and/or InterDigital has identified or seeks damages on account of in the Nokia action, including but not limited to the statements identified in Nokia's Statement Pursuant to First Discovery Order, Nokia's First Supplemental Objections and Responses to InterDigital's Interrogatories, and InterDigital's proposed December 2006 Summary Judgment Brief.

THE HOYLE LAW FIRM

☑003

# The Hoyle Law Firm

Anthony Miscioscia, Esquire
August 31, 2007
Page 2

3. The dates, substance, place(s) of publication, and speaker of any statements which Nokia has identified or seeks damages on account of in the Nokia action, including but not limited to: (a) when each statement were [*sic*] made, (b) the manner in which each statement was made, and (c) where each statement was made.

4. InterDigital's legal and factual defenses to the claims asserted in the *Nokia* action.

5. Any statements allegedly made by InterDigital that either InterDigital or Nokia contend slanders or libels Nokia or disparages Nokia's goods, products or services.

7. Any agreements, including licensing agreements, between InterDigital and Nokia.

9. Any disputes, arbitrations, lawsuits, and/or other civil proceedings between InterDigital and Nokia.

10. Any insurance coverage (including defense and indemnity) which is being, or was, provided for any disputes, arbitrations, lawsuits and/or any other civil proceedings between InterDigital and Nokia.

These wide-ranging and overly broad topics concern only the underlying *Nokia* lawsuit (or are otherwise not reasonably calculated to lead to discovery of admissible evidence) and are wholly unrelated to the determination of Hartford's duty to defend, the only issue in the present lawsuit. As I explained most recently in my e-mail message to you of August 28 and during our telephone conversation Wednesday afternoon, Hartford has neither given us a specific explanation as to how each of these topics (which echo requests made in Hartford's written discovery that InterDigital objected to) is relevant to the determination of the duty to defend under the controlling case law nor provided us with any controlling authority that demonstrates the relevance of these topics to the duty to defend. We are willing to consider any such explanation or authority to attempt to resolve this dispute.

InterDigital will produce designees to address the following topics of testimony as set forth below:

6. InterDigital's defense fees and related costs of the defense of the *Nokia* action, the services associated with such fees and costs, and the person(s) providing such services.

THE HOYLE LAW FIRM                                    @004

# The Hoyle Law Firm

Anthony Miscioscia, Esquire
August 31, 2007
Page 3


InterDigital understands this requested topic to be addressed to the issue of the damages it claims in this case. InterDigital objects to this topic to the extent that Hartford intends to lodge questions about the underlying Nokia case under the guise of inquiry into "services associated with such fees and costs." InterDigital also objects to the topic to the extent it encompasses privileged communications between InterDigital and its counsel.

> 8. The relationship or connection between InterDigital Communications Corporation and InterDigital Technology Corporation.

InterDigital objects to the terms "relationship or connection" as vague and ambiguous. InterDigital will produce a designee to address InterDigital Technology Corporation's status as a wholly-owned subsidiary of InterDigital Communications Corporation at times material to ascertaining Hartford's duty to defend this lawsuit.

> 11. Insurance policies issued by Hartford to InterDigital and the extent of the coverage provided therein.

InterDigital objects to this requested topic as vague and overbroad to the extent that the phrase "extent of the coverage provided therein" does not make clear what subjects concerning the policies Hartford expects the designee to be prepared to testify about. InterDigital objects to this requested topic to the extent it implicates policy forms that are not in dispute in this action (e.g., automobile coverage). InterDigital further objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications. InterDigital will produce a designee to testify about procurement of the policies and payment of premiums. If Hartford can clarify what it means by "extent of the coverage provided therein," InterDigital will consider the revised request.

> 12. Any insurance policies (other than the Hartford Policies) issued to InterDigital and/or providing coverage to InterDigital for any period at issue in the Nokia action, including but not limited to 1999 through the present, including but not limited to any domestic or international liability coverage.

InterDigital objects to this requested topic as vague and overbroad insofar as it apparently pertains to any insurance policies providing coverage for any loss, irrespective of whether such policies may potentially provide coverage in the underlying *Nokia* lawsuit. InterDigital objects to this topic to the extent it implicates policy forms that would not reasonably be expected to provide some form of coverage in the underlying *Nokia* lawsuit. InterDigital objects to the stated time frame. InterDigital further objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications. InterDigital will produce a designee to testify about procurement of the policies and payment of premiums with respect to the policies it has produced in discovery.

THE HOYLE LAW FIRM

☑005

The Hoyle Law Firm

Anthony Miscioscia, Esquire
August 31, 2007
Page 4

13. Any insurance carrier (other than Hartford) to which the *Nokia* action was tendered for defense and/or indemnity and any coverage position taken by those carriers.

InterDigital objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications. InterDigital will produce a designee to testify about tender of the *Nokia* action to carriers other than Hartford and the coverage positions taken by those carriers, if any.

14. Any communications with insurance carriers or brokers (other than Hartford) concerning the *Nokia* action, including but not limited to whether an insurance carrier provides coverage for the *Nokia* action and any response by the insurer.

InterDigital objects to this topic as vague to the extent it seeks testimony on the issue of "whether an insurance carrier provides coverage for the *Nokia* action." InterDigital further objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications or settlement negotiations, including any communications concerning the underlying lawsuit at a time such carrier that had assumed a defense of the claim. InterDigital will produce a designee to testify about communications with brokers or carriers concerning the tender of the *Nokia* action to carriers other than Hartford and the coverage positions taken by those carriers, if any.

15. InterDigital's claim for defense and indemnity under the Hartford policies for claims asserted in the Nokia action.

In light of Judge Farnan's dismissal of the indemnification count of Hartford's declaratory judgment complaint, InterDigital objects to this topic to the extent it calls for testimony about any claim relating to indemnity. InterDigital objects to this topic as vague to the extent that it does not specify what about InterDigital's claim for defense of the *Nokia* action Hartford expects the designee to testify about. InterDigital further objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications. InterDigital will produce a designee to testify about its tender of the *Nokia* action to Hartford and Hartford's refusal to defend.

16. InterDigital's factual responses, admissions, and/or denials in response to Hartford's First Amended Complaint filed in this litigation.

InterDigital objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications. InterDigital will produce a designee to testify about its factual admissions and factual denials in response to Hartford's First Amended Complaint filed in this litigation.

## The Hoyle Law Firm

Anthony Miscioscia, Esquire
August 31, 2007
Page 5

      17.  Any relief, including but not limited to all sums, InterDigital is seeking from Hartford in connection with the *Nokia* action and/or this litigation.

InterDigital objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications.  InterDigital objects to this topic to the extent it prematurely seeks information concerning potential indemnification of InterDigital.  InterDigital further objects to this topic as premature to the extent that costs of defending the underlying *Nokia* action continue to accrue.  InterDigital will produce a designee to testify about the relief sought in its counterclaims in this action, including the sums reflected in the documents produced in discovery.

      18.  Any defense fees and/or related costs that InterDigital is seeking to recover from Hartford, including but not limited to the entity billing such amounts and the entity paying such amounts.

InterDigital objects to this topic to the extent it calls for legal opinions or testimony concerning privileged communications.  InterDigital further objects to this topic as premature to the extent that costs of defending the underlying *Nokia* action continue to accrue.  InterDigital will produce a designee to testify about the amount of fees and related costs sought in its counterclaims in this action, including identification of the entities billing and paying the sums reflected in the documents produced in discovery.

      At present, we are holding the last week of September as a possible time for these depositions.  However, as we have stated before, our discovery dispute and our suggested possible bifurcation of the case affects the scheduling of these Rule 30(b)(6) depositions as well.  If we cannot agree on an approach to InterDigital's concerns set forth in my various recent communications with you, it is likely that motion practice will further delay the deposition concerning damages issues.  If at all possible, I would like to resolve these issues between us.  I urge you to consider again the wisdom of a bifurcated approach.  If we must submit this issue to the Court, we should discuss who will raise the issue first--you by a motion to compel or me by a motion for a protective order.  Steve Mathes will be back in the office after Labor Day and will follow up with Gale White about these issues.

Sincerely yours,

Arleigh P. Helfer III

THE HOYLE LAW FIRM                                                ☑ 001

# The Hoyle Law Firm

HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street
Suite 1500
Philadelphia, PA 19107

215-981-5700
Fax 215-981-5959

## FAX COVER SHEET

DATE: August 31, 2007                    CLIENT/MATTER NO.: 2925.006

PAGES SENT: Cover Plus **5**

| TO: | FAX NO.: | TELPHONE NO.: |
|---|---|---|
| Anthony L. Miscioscia, Esquire | 215-789-7659 | 215-864-6356 |
| | | |
| **FROM**:  Arleigh P. Helfer III, Esquire | | 215-981-5830 |

MESSAGE:  Please see attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE.  THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (215) 981-5805

# EXHIBIT C

## Kirkpatrick, Sean

**From:**    Wojciechowski, Jennifer

**Sent:**    Tuesday, September 11, 2007 10:51 AM

**To:**      Kirkpatrick, Sean

**Subject:** FW: Hartford v. InterDigital

---

**From:** Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
**Sent:** Friday, September 07, 2007 3:12 PM
**To:** Wojciechowski, Jennifer
**Subject:** RE: Hartford v. InterDigital

Jennifer,

I regret that it appears we haven't been able to resolve the discovery dispute among ourselves and that it seems we have reached an impasse. Although Hartford did not offer any controlling authority in support of its position, we are reviewing the law on the subject of permissible discovery in light of my conversation with Tony on August 29. On the subject of the Rule 30(b)(6) deposition, while Steve Mathes has been holding the last week of September open, it appears that it would be best to await the outcome of motion practice before we schedule the deposition: it will be a far different deposition if the court agrees with InterDigital's position than if it agrees with Hartford's position. Frankly, Hartford's Rule 30(b)(6) notice is quite broad, and, if the court agrees with Hartford that all of the noticed topics are proper, it will take significant amounts of time to prepare any deponent to testify fully on all of those subjects. Also, the number and identity of the 30(b)(6) designees will be driven by the permissible scope of the deposition topics. In other words, we think the scope of the deposition needs to be determined before we definitively schedule the deposition.

I will have to revisit Hartford's discovery requests to answer your remaining questions.

Arleigh

> -----Original Message-----
> **From:** Wojciechowski, Jennifer [mailto:Wojciechowskij@whiteandwilliams.com]
> **Sent:** Wednesday, September 05, 2007 2:27 PM
> **To:** Arleigh Helfer
> **Cc:** Miscioscia, Anthony; White, Gale
> **Subject:** Hartford v. InterDigital
>
> Arleigh,
>
> Thank you for you August 31, 2007 fax. As you know, Tony Miscioscia is currently out of the office. He will be able to address your letter in detail when he returns on Monday. In the interim, we would like to attempt to schedule the deposition for the last week of September and ask that you hold those dates until you are able to speak with Tony on Monday. If any earlier dates are available, we could try to accommodate those dates as well.
>
> As to the discovery dispute, we intend to prepare an appropriate motion submitting the issues for

resolution by the Court. In the meantime, please confirm that InterDigital and each of the law firms for whose invoices InterDigital seeks reimbursement sends out a litigation hold notice ensuring that all records, including electronic records, are preserved. The litigation hold must include, among other things, documents relating to the defense of the *Nokia* action and any and all documents reflecting any of the fees or expenses for which reimbursement is sought.

Further, while you have produced some legal invoices, you have not produced all of the defense related documents which we requested. For instance, you have not produced documents supporting the various expenses claimed, documents evidencing the hours claimed (such as attorney timesheets), or copies of checks evidencing payment of the amounts claimed. Please advise whether and when these documents will be produced.

Finally, we would appreciate it if you could send us electronic copies of all of the invoices for which reimbursement is sought in this case (preferably in an Excel database).

Thank you.

Jennifer L. Wojciechowski, Esquire
White and Williams LLP
1800 Liberty Place
Philadelphia, PA 19103-7395
wojciechowskij@whiteandwilliams.com
(215) 864-7019 direct dial
(215) 789-7624 direct fax

**\*\*\*\*CONFIDENTIALITY NOTICE\*\*\*\***

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.