IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY et al.** | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION et al.** | : | |
| Defendants. | : | |

<u>**HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO COMPEL DISCOVERY**</u>

Plaintiffs ("Hartford") move for an order pursuant to Fed. R. Civ. P. 37 compelling Defendants ("InterDigital") to provide full and complete responses, without objection, to Hartford's April 2007 discovery.  In support of this motion, Hartford states:

1.     On April 12, 2007, Hartford served Interrogatories and Requests for Production of Documents upon InterDigital concerning, *inter alia*, (a) the legal fees and costs for which InterDigital demands recovery from Hartford in this lawsuit, as well as (b) factual matters that are relevant to the extent, if any, of Hartford's duty to defend.  *See* Tabs A and B.

2.     Hartford seeks, *inter alia*, production of all pleadings, discovery and invoices concerning the *Nokia* action for which InterDigital seeks over $6 million from Hartford, and asks InterDigital to identify the statements at issue in the *Nokia* action, the date(s) on, and the place and manner in, which any such statements were made/published.  *See* Tabs A and B.

3.     After requesting and receiving several extensions from Hartford, InterDigital finally responded to Hartford's discovery on July 3, 2007, serving written objections, incomplete responses and still unfulfilled promises to produce limited documents.  *See* Tab C.

4.      Hartford has agreed to, and the Court has entered, a Protective Order mooting the confidentiality objections initially raised by InterDigital. *See* Tab D. Nonetheless, InterDigital *still* refuses to fully respond to Hartford's discovery.

5.      InterDigital provided no substantive response to Interrogatory nos. 5-6, 9-15, 18, 22-23, 25-26, or Document Request nos. 10-15, 18, 20. *See* Tab C. InterDigital's limited responses to the other requests are wholly inadequate and incomplete. InterDigital failed to produce, *inter alia*, all requested information and documents concerning the fees and costs it seeks to recover from Hartford, all pleadings and discovery in the *Nokia* action, information concerning insurance policies effective prior to 12/22/00,[1] and information concerning the statements at issue in the *Nokia* action.[2]

6.      InterDigital bases its refusal to provide complete responses to Hartford's discovery primarily upon InterDigital's contention that the only issue in this case concerns Hartford's potential duty to defend and that, under applicable law, extrinsic evidence is irrelevant to that analysis. Hartford repeatedly has tried to convince InterDigital that its objections are misplaced; however, InterDigital still refuses to provide complete responses to Hartford's discovery. *See* Tab F, attaching select emails exchanged between counsel.

7.      "A party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *In re Intel Corp. Microprocessor Antitrust*

---

[1] Hartford requested discovery of insurance going back to 1990. *See* Tab A, Request 5. Also, InterDigital has identified one other insurer, AISLIC, which initially agreed to provide a defense, but InterDigital has failed to produce all other information requested about such coverage. *See* Tab C p. 7.

[2] To date, InterDigital has made only three minimal productions of documents, consisting of (a) various insurance policies issued to InterDigital effective between 12/22/00 and 12/22/06, (b) select, redacted invoices reflecting some, but not all, of the fees and costs for which InterDigital seeks payment from Hartford, (c) documents concerning the relationship between ICC and ITC, (d) the amended complaint in the *Nokia* action, and (e) a few letters between InterDigital and its insurance companies. InterDigital has promised to produce some additional unspecified materials; ***however, these promised materials have not yet been produced***. *See* August 31, 2007 letter at Tab E.

*Litigation*, 2007 WL 137152, *5 (D. Del. Jan. 12, 2007) (J. Farnan) (citing Fed.R.Civ.P. 26).

8.    While the party seeking discovery has the burden of demonstrating its merit, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *Id.* at *5 (quoting *La Chemise Lacoste v. Alligator Co. Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973)).  As this Court has explained:

> The requirement of relevancy must be construed liberally and with common sense rather than measured by the precise issues framed by the pleadings or limited by other concepts of narrow legalisms.  Thus, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.  [Citation omitted.] This is so because the spirit of Rule 26(b) calls for all relevant information, however remote, to be brought out for inspection not only by the opposing party but also for the benefit of the Court which in due course can either eliminate the information or give it just such weight as the information is entitled when determining the ultimate issues at trial.

*La Chemise Lacoste*, 60 F.R.D. at 170-171.

9.    The discovery requested by Hartford is relevant not only to the issue of whether the millions of dollars in alleged defense fees sought by InterDigital are reasonably related to the defense of the *Nokia* action, but also to the issues of whether the claims asserted against InterDigital involve an offense covered by the Hartford policies, whether any such offense was committed in the Hartford "coverage territory", whether any such offense was committed during the Hartford policy period, and whether one or more of the policy exclusions (such as the prior publication exclusion) may apply to negate or terminate a duty to defend.[3]

10.    Although the duty to defend is generally determined solely by comparing the

---

[3] E.g., the Hartford CGL policies apply to "personal and advertising injury" caused by an offense arising out of InterDigital's business but only if the offense was committed in the "coverage territory" during the policy period, and the CGL policies exclude coverage for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period.  (The examples raised herein are without limitation or prejudice to Hartford's raising any of the other issues and/or defenses raised in its pleadings and prior letters to InterDigital.)

factual claims in the underlying complaint to the terms of the policies, the "four corners" rule does not preclude an insurer from looking outside the pleadings to ascertain facts *material to coverage but immaterial to the underlying litigation* – such as, here, whether a putative insured does in fact qualify as an insured, whether any alleged offense occurred in the coverage territory, and whether any alleged statement was made, or first made, outside the policy period. *See QBE Ins. Group v. M&S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007) ("an insurer's obligation to defend ... 'is fixed solely by the allegations in the underlying complaint.' ... the insurer must defend its insured until the claim is confined to a recovery the policy does not cover"); *Upright Material Handling, Inc. v. Ohio Cas. Group*, 74 Pa. D. & C. 4th 305, 324 (Lacka. Cty. 2005) (insurer "carried the duty to defend until it met its burden of proving the applicability of its exclusion"); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 113 (2000) ("A limited exception to the majority [four corners] rule described above has been recognized by several jurisdictions, *which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured*.'") (*quoting Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co.*, 98 N.J. 18, 483 A.2d 402, 406 (1984)) (emphasis added).

11.    As the facts which Hartford seeks to discover are not material to and will not be resolved in the *Nokia* action, but are essential to coverage, and given that courts recognize the possible termination of a duty to defend, Hartford is entitled to the discovery sought in its Notice.

**WHEREFORE**, Hartford respectfully requests that this Court grant its Motion, and compel InterDigital to provide full and complete responses to Hartford's April 2007 Interrogatories and Document Requests.  A proposed form of Order is attached.

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Company and Hartford Casualty
Insurance Company


By:   \_\_/s/ James S. Yoder_____
        James S. Yoder, Esquire
        White and Williams LLP
        824 N. Market Street - Suite 902
        Wilmington, DE  19899-0709
        (302) 654-0424

        and

        Gale White, Esquire
        Anthony L. Miscioscia, Esquire
        White and Williams LLP
        1800 One Liberty Place
        Philadelphia, PA  19103-7395
        Tel. No. (215) 864-6234/6356

PHLDMS1 3287090v.2

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Motion to Compel Discovery, via First Class Mail, postage prepaid, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA  19107-3418
*Counsel for InterDigital
Communications Corporation and
InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications
Corporation and InterDigital Technology
Corporation*

WHITE AND WILLIAMS LLP

_____/s/ James S. Yoder_____
James S. Yoder

Date: September 12, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** : | JURY TRIAL DEMANDED |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** : | |
| Defendants. : | |

### CERTIFICATE OF GOOD FAITH

I, Anthony L. Miscioscia, Esquire, hereby certify that I have in good faith conferred or attempted to confer with counsel for Defendants to produce the foregoing discovery without Court action.

WHITE AND WILLIAMS LLP

Anthony L. Miscioscia

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY** | : : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION** | : : : : | |
| Defendants. | : : | |

## ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of Plaintiffs, Hartford

Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford")

Motion to Compel Discovery, and the response thereto of Defendants, InterDigital

Communications Corporation and InterDigital Technology Corporation (collectively,

"InterDigital"), it is hereby ORDERED and DECREED that:

(1)  InterDigital shall provide, within twenty (20) days of the date of this Order, full and

complete responses, without objection, to Hartford's Interrogatories, including but not limited to

Interrogatory nos. 5-6, 9-15, 18, 22-23, and 25-26 set forth in Hartford's April, 2007

Interrogators;

(2)  InterDigital shall provide, within twenty (20) days of the date of this Order, full and

complete responses, without objection, to Hartford's Document Requests, including but not

limited to Document Request nos. 10-15, 18, and 20 set forth in Hartford's April, 2007 Requests

for Production of Documents, and shall, as part of this response, produce to Hartford all of the pleadings and discovery in the *Nokia* action; and

(3) to the extent that InterDigital refuses to produce any information or document on the grounds of privilege, InterDigital shall provide, within twenty (20) days of the date of this Order, Hartford with a privilege log identifying each such document, its date, the author and recipient(s), and the privilege claimed.

**IT IS SO ORDERED:**

_____

J.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY, et al.** | : | JURY TRIAL DEMANDED |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | CIVIL ACTION NO.  06-422-JJF |
|  | : |  |
| **INTERDIGITAL COMMUNICATIONS CORPORATION, et al.** | : |  |
|  | : |  |
| Defendants. | : |  |

## HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY APRIL 2007 INTERROGATORIES DIRECTED TO DEFENDANTS INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company hereby request that Defendants InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC"), respond to the following Interrogatories pursuant to the Federal Rules of Civil Procedure and the applicable local rules.

## INSTRUCTIONS

1.     Each Interrogatory is to be answered in writing and under oath by you (30) days after service of the Interrogatories or such earlier date as proscribed by Order of this Court.

2.     In answering these Interrogatories, you shall furnish all information available to you at the time of answering including information in the possession of your representatives, employees, agents or attorneys.  You shall supplement your answers whenever necessary in accordance with the Federal Rules of Civil Procedure.

3.      Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each Interrogatory as fully as possible.  If you are unable to answer an Interrogatory after you have attempted to obtain the information, answer to the extent possible. State what information you have concerning the unanswered portion, specify why you are unable to answer the remainder, and specify how you attempted to obtain the unknown information.

4.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which privilege is claimed), and all facts or bases on which you claim the privilege.  The claim should contain such specificity as to permit the Court to make full a determination of its validity.

5.      For each Interrogatory:

    a.      Identify the person who has answered the Interrogatory;

    b.      Identify each document relied on, or which forms a basis for the answer, or which corroborates the answer given.  Cite the specific pages of each document on which you rely; and

    c.      Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, the Interrogatory.

## DEFINITIONS

1.    The terms "you", "your" or "InterDigital" refer to Defendants InterDigital

Communications Corporation and/or InterDigital Technology Corporation (collectively and

individually), or any other person or entity acting on its/their behalf.

2.    The term "*Nokia* action" refers to the matter captioned: *Nokia Corporation and*

*Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology*

*Corporation,* filed in the United States District Court for the District of Delaware.

3.    The term "Nokia-InterDigital Arbitration" refers to the arbitration and any related

proceedings, including appeals including but not limited to *Nokia Corp. v. InterDigital*

*Communications,* Slip Copy, 2005 WL 3525696 (D. Del. Dec. 21, 2005), between InterDigital

and Nokia.

4.    The term "Nokia" refers to Nokia Corporation, Nokia, Inc. and/or any other

plaintiff in the *Nokia* action, or any other person or entity acting on their behalf.

5.    The term "Hartford" refers to Hartford Fire Insurance Company and/or Hartford

Casualty Insurance Company, or any other person or entity acting on their behalf.

6.    The term "Hartford Policies" refers to:

    (a)    Hartford Fire Insurance Company general liability Policy No. 39 UUN TS
0845 DB for the December 22, 2003 to December 22, 2004 policy period
and Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to
December 22, 2005 policy period;

    (b)    Hartford Casualty Insurance Company excess Policy No. Policy No. 39
RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy
period and Policy No. 39 RHU TS 0953 for the December 22, 2004 to
December 22, 2005 policy period; or,

    (c)    any other insurance policy or certificate issued (or allegedly issued) by
Hartford and/or one of its parents, subsidiaries or affiliates which you
contend provides either Defendant with coverage concerning the *Nokia*
action.

-3-

## INTERROGATORIES

1       Identify all facts, documents, or witnesses that support, pertain to or refute any of the factual allegations set forth in Hartford's First Amended Complaint.

**Response:**

2       Identify all facts, documents or witnesses that support, pertain to or refute any of the factual allegations, admissions or denials set forth in the InterDigital's Answer, Affirmative Defenses and/or any other response to Hartford's First Amended Complaint, including but not limited to any Counterclaim.

**Response:**

3       Identify all facts that prove, suggest or disprove that InterDigital is entitled to a defense and/or indemnification under the Hartford Policies for the *Nokia* action, and identify all documents and witnesses having information concerning such facts.

**Response:**

-4-

4       Detail the relationship or connection, if any, between InterDigital Communications Corporation and InterDigital Technology Corporation.

**Response:**

5       Identify and describe all agreements, including licensing agreements, between InterDigital and Nokia.

**Response:**

6       Identify all disputes, arbitrations, lawsuits and/or any other civil proceedings between InterDigital and Nokia, and provide a description of the claims at issue and the status and/or resolution of same, if any.

**Response:**

7       Identify any and all insurance coverage (including any defense or indemnity) which is being, or was, provided for any of the disputes, arbitrations, lawsuits and/or any other civil proceedings identified in the prior Interrogatory.

**Response:**

8       Identify any fact witnesses or documents which you contend evidence or have information concerning whether InterDigital Technology Corporation is a named insured, additional insured, or other insured to the Hartford Policies.

**Response:**

9       Identify the dates, substance, place(s) of publication, and speaker of any statements which Nokia has identified or seeks damages on account of in the *Nokia* action – including but not limited to identifying such information as to each of the alleged statements identified in the attached chart (Exhibit A hereto).

**Response:**

-6-

10     For each such statement identified in the prior Interrogatory (including but not limited to those listed in Exhibit A hereto), identify any and all damages which Nokia contends results from each such statement and identify each and every provision of the Hartford Policies which you contend provides coverage, including any defense, for each such claim.

**Response:**

11     For each statement identified in Exhibit A hereto, identify the date on which InterDigital first made each such statement and any documents pertaining thereto.

**Response:**

12     For each and every InterDigital 3G licensing presentation made to Nokia, including but not limited to any such presentations in January 2002 and June 2003, identify: (a) the date, location and substance of each such the presentation, (b) all persons attending each such presentation and their employer at the time of the presentation, (c) all persons involved in preparing each such presentation and their employer at the time of such presentation, and (d) any documents used at or in any way pertaining to each such presentation, including but not limited to any PowerPoints.

**Response:**

-7-

13    Describe any statements or descriptions made by InterDigital regarding:

        a.    InterDigital's patent portfolio;
        b.    the WCDMA standard;
        c.    the CDMA standard;
        d.    Nokia's products;
        e.    the applicability of InterDigital's patents to Nokia's products; and,
        f.    the applicability of InterDigital's patents to 3G wireless standards.

**Response**:

14    As to the foregoing Interrogatory, identify the dates, substance, place(s) of publication and maker of each those statements.

**Response:**

15    Describe any statements made by InterDigital to the ETSI, and identify the date of each statement, the content of each statement, the person making each such statement, and the place from which and to which each such statement was made.

**Response:**

-8-

16    Identify any insurance carrier (other than Hartford) to which the Nokia action was tendered for defense and/or indemnity and state any coverage position taken by those carriers.

**Response:**

17    Identify any insurance policy which you contend provides for a defense of InterDigital in the Nokia action.

**Response:**

18    Identify any insurance policy which you contend provides for indemnity of InterDigital with respect to the Nokia action.

**Response:**

-9-

19    Identify any insurance policies (other than the Hartford Policies) issued to InterDigital, and/or providing coverage to InterDigital, for any of the time periods at issue in the *Nokia* action, including but not limited to 1990 to the present and including but not limited to any policies providing coverage for offenses, injury, damage, loss, cost or expense outside the United States.

**Response:**

20    Identify any relief, including but not limited to all sums, you are seeking from Hartford in connection with the *Nokia* action and/or this litigation.

**Response:**

21    With respect to any defense fees and/or costs you are seeking to recover from Hartford, identify the entity billing such amounts, the entity paying such amounts, and any documents reflecting such fees and costs, and/or the payment thereof, including any cancelled checks reflecting such payment(s).

**Response:**

-10-

22    Identify each and every "offense" (as such term is used in the Hartford Policies) and all related statements at issue in the *Nokia* action which you contend was committed in the Hartford "coverage territory" (as such term is defined in the Hartford Policies) and identify all documents evidencing any such statements and/or where such statement was made.

**Response:**

23    Identify any provision in the Hartford Policies that you contend is ambiguous, why you believe it is ambiguous, how you would construe the provision as applying to this action, and any documents or witnesses having any information concerning such contention.

**Response:**

24    To the extent that InterDigital contends that any provision(s) in the Hartford Policies is ambiguous, identify all persons involved in applying for, reviewing, negotiating and/or obtaining the Hartford Policies, including but not limited to any person involved in completing or providing information for any application for the Hartford Policies, and describe each such individual's involvement.

**Response:**

25     Identify each claim in the *Nokia* action which InterDigital has averred in the *Nokia* action to be time-barred and for each such claim identify: (a) any actual or alleged InterDigital statements related thereto, (b) the date and location of each such statement, and (c) any damages which Nokia claims as part of each such claim/statement.

**Response:**

26     Identify all documents, exhibits and witnesses you intend to introduce or call at trial, submit in support of any motion for summary judgment or other motion, or use in any deposition in this case.

**Response:**

27     Identify all expert witnesses from whom you have received opinions and whom you intend to call at trial and all communications and documents exchanged with any such expert.

**Response:**

-12-

WHITE AND WILLIAMS LLP

James S. Yoder
824 N. Market Street, Suite 902
Wilmington, DE 19899
(302) 654-0424
yoderj@whiteandwilliams.com


OF COUNSEL:

Gale White, Esquire
Anthony Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7000

*Attorneys for Plaintiffs*

Dated: April 12, 2007

-13-

## CERTIFICATE OF SERVICE

I, Anthony L. Miscioscia, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007 Interrogatories Directed To Defendants InterDigital Communications Corporation and InterDigital Technology Corporation to be served, via regular mail, postage prepaid, on this date, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA 19107-3418
*Counsel for InterDigital
Communications Corporation and
InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications
Corporation and InterDigital Technology
Corporation*

WHITE AND WILLIAMS LLP

Anthony L. Miscioscia

Date: April 12, 2007

PHLDMS1 3101885v.1

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY, et al.** | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 06-422-JJF |
| | : | |
| **INTERDIGITAL COMMUNICATIONS CORPORATION, et al.** | : | |
| | : | |
| Defendants. | : | |

**HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY'S APRIL 2007 REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION**

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively referred to herein as "Hartford") submit this Request for Production of Documents directed to Defendants InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation("ITC").

Pursuant to the Federal Rules of Civil Procedure and any local rules governing discovery, you are requested to serve written responses to each of the requests for production of documents as listed below, and to produce all requested documents within 30 days of the date of this request.

### INSTRUCTIONS

For purposes of these Requests and with respect to the documents, records and other things hereinafter requested, the term "document" shall mean, refer to and include any writing, record or physical manifestation of any type or description, including but not limited to,

agreements, contracts, reports, correspondence, letters, telegrams, facsimile, inter-office communications, e-mails, documents, analyses, evaluations, instructions, specifications, notes, notebooks, charts, tapes, disks, books and any other physical or tangible materials now or heretofore in the custody, control or access of any of its or their employees, agents, attorneys, or whomever and for whatever, purpose prepared and wherever located and including any non-identical copies, together with any and all attachments thereto at any time made, as well as any "documents" as described in Fed. R Civ. P. Rule 34.

If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document or responsive information contained in a document, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which privilege is claimed), and all facts or bases on which you claim the privilege. The claim should contain such specificity as to permit the Court to make a full determination of its validity.

## DEFINITIONS

1.      The terms "you", "your" or "InterDigital" refer to Defendants InterDigital Communications Corporation and/or InterDigital Technology Corporation (collectively and individually), or any other person or entity acting on its/their behalf.

2.      The term "*Nokia* action" refers to the matter captioned: *Nokia Corporation and Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology Corporation*, filed in the United States District Court for the District of Delaware.

3.      The term "Nokia-InterDigital Arbitration" refers to the arbitration and any related proceedings, including appeals including but not limited to *Nokia Corp. v. InterDigital*

*Communications,* Slip Copy, 2005 WL 3525696 (D. Del. Dec. 21, 2005), between InterDigital and Nokia.

4.      The term "Nokia" refers to Nokia Corporation, Nokia, Inc. and/or any other plaintiff in the *Nokia* action, or any other person or entity acting on their behalf.

5.      The term "Hartford" refers to Hartford Fire Insurance Company and/or Hartford Casualty Insurance Company, or any other person or entity acting on their behalf.

6.      The term "Hartford Policies" refers to:

        (a)      Hartford Fire Insurance Company general liability Policy No. 39 UUN TS 0845 DB for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to December 22, 2005 policy period;

        (b)      Hartford Casualty Insurance Company excess Policy No. Policy No. 39 RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 RHU TS 0953 for the December 22, 2004 to December 22, 2005 policy period; or,

        (c)      any other insurance policy or certificate issued (or allegedly issued) by Hartford and/or one of its parents, subsidiaries or affiliates which you contend provides either Defendant with coverage concerning the *Nokia* action.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Produce all documents you have been requested to identify in response to Hartford's April 2007 Interrogatories.

2.      Produce all documents supporting or refuting any of Hartford's claims in its First Amended Complaint.

3.      Produce any and all documents supporting or refuting InterDigital's answer or other response to Hartford's First Amended Complaint, including any Affirmative Defenses or Counterclaim asserted by InterDigital.

4.      Produce the Hartford Policies.

-3-

5.     Produce any liability insurance policies issued to InterDigital, and/or providing coverage to InterDigital, for any of the time periods at issue in the *Nokia* action, including but not limited to 1990 to the present.

6.     Produce all documents evidencing or discussing any communications between InterDigital and any other party, including Hartford, any other insurance company, any insurance agent or broker, Nokia or anyone else concerning the *Nokia* action, including but not limited to all documents evidencing, pertaining to, discussing or relating to InterDigital's tender of the *Nokia* action to any insurance carrier(s) for coverage and any response thereto.

7.     Produce any documents evidencing, detailing, stating, or discussing the relationship or connection, if any, between InterDigital Communications Corporation and InterDigital Technology Corporation.

8.     Produce all documents concerning the *Nokia* action, including but not limited to all pleadings, discovery, orders, opinions, communications, and invoices concerning such action – both in redacted and unredacted form, if filed both ways.

9.     Produce all documents concerning the *Nokia* action maintained by any attorneys for whom you seek defense/payment by Hartford.

10.    Produce all documents concerning the Nokia-InterDigital Arbitration, including but not limited to any settlement agreement, pleadings, discovery, orders, opinions, and communications concerning such action.

11.    Produce all documents evidencing, detailing, stating, or discussing the relationship, agreements, and/or contracts between InterDigital and Nokia.

-4-

12.    Produce all documents, including but not limited to files, pleadings, Memoranda, Decisions and Orders, regarding any and all disputes, lawsuits and/or other civil proceedings between InterDigital and Nokia, including, but not limited to, the Nokia-InterDigital Arbitration.

13.    Produce any and all documents reflecting communications between InterDigital and Nokia concerning any of the matters, patents and/or claims at issue in the *Nokia* action.

14.    Produce any and all documents evidencing or discussing any allegedly false communications made by InterDigital which are at issue in the *Nokia* action (to the extent that Nokia has identified such communications to InterDigital) and any documents evidencing or discussing the dates on which any such communication was made.

15.    Produce any and all documents evidencing or discussing any statements or descriptions regarding:

      a.     InterDigital's patent portfolio;
      b.     the WCDMA standard;
      c.     the CDMA standard;
      d.     Nokia's products;
      e.     the applicability of InterDigital's patents to Nokia's products; and/or,
      f.     the applicability of InterDigital's patents to 3G wireless standards.

16.    Produce all documents relating to, discussing, or concerning any amount for which you seek defense or indemnity in this matter (including but not limited to any defense bill, attorney or vender invoice, settlement agreement or judgment) and all documents reflecting payment thereof and/or the identity of the payee and payor.

17.    Produce all documents InterDigital intends to use at trial, deposition or in support of or opposition to any motion in this action or in the *Nokia* action.

18.    Produce all documents sent to and received from experts in the *Nokia* action or the InterDigital-Nokia Arbitration.

19.     Produce all documents given to or received from any expert you intend to call as a witness in this action.

20.     To the extent not already produced in response to the foregoing Requests, produce all documents requested in Hartford's March 27, 2007 denial letter to Mr. Mathes, including but not necessarily limited to:

      a.     Copies of any and all documents reflecting communications between InterDigital and Nokia concerning any of the claims at issue in the *Nokia* action;

      b.     Copies of any and all documents evidencing or discussing any allegedly false communication made by InterDigital which is at issue in the *Nokia* action (to the extent that Nokia has identified such communications to InterDigital) and information concerning the dates on which any such communication was made;

      c.     Copies of any other insurance policies issued to ICC or ITC, and/or providing coverage to ICC and/or ITC, for any of the time periods at issue in the *Nokia* action, including by not limited to 1990 to the present;[1] and

      d.     Documents reflecting the identity of all other insurance carriers to which this claim has been tendered (if any), and copies of your tender letters and any response thereto.

---

[1]     We also have repeatedly requested that InterDigital provide Hartford with copies of any Hartford policies at issue; however, despite the prior assurances of Mr. Helfer, those materials have not been provided to us to date.

-6-

WHITE AND WILLIAMS LLP

James S. Yoder
824 N. Market Street, Suite 902
Wilmington, DE 19899
(302) 654-0424
yoderj@whiteandwilliams.com


OF COUNSEL:

Gale White, Esquire
Anthony Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7000

*Attorneys for Plaintiffs*

Dated: April 12, 2007

## CERTIFICATE OF SERVICE

I, Anthony L. Miscioscia, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007 Requests for Production of Documents Directed To Defendants to be served, via regular mail, postage prepaid, on this date, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA  19107-3418
*Counsel for InterDigital
Communications Corporation and
InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications
Corporation and InterDigital Technology
Corporation*

WHITE AND WILLIAMS LLP


Anthony L. Miscioscia

Date: April 12, 2007

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HARTFORD FIRE INSURANCE )
COMPANY, et al., )
                            )
           Plaintiffs, )     C. A. No. 06-422-JJF
                            )
       v. )
                            )
INTERDIGITAL COMMUNICATIONS )
CORPORATION, et al., )
                            )
          Defendants. )

## INTERDIGITAL'S RESPONSES TO PLAINTIFF HARTFORD'S APRIL 2007
## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants InterDigital Communications Corporation and InterDigital Technology

Corporation (collectively "InterDigital") hereby respond to the April 2007 Interrogatories and

Request for Production of Documents by Plaintiffs Hartford Fire Insurance Company and

Hartford Casualty Company (collectively "Hartford") as follows:

## I.    GENERAL OBJECTIONS

1.    InterDigital objects to Hartford's interrogatories to the extent that they, and/or the

directions and instructions incorporated therein, seek discovery beyond that permitted by the

Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure.

2.    InterDigital objects to Hartford's interrogatories to the extent that they seek

production of information protected from discovery by the attorney-client privilege, the work-

product doctrine, and/or other applicable privileges or discovery exemptions.

3.    InterDigital objects to Hartford's interrogatories to the extent that they fail to

contain a relevant time frame.

4.    InterDigital objects to Hartford's interrogatories to the extent that they are not

focused on this case.

5.     InterDigital objects to Hartford's interrogatories to the extent that they are overbroad and unduly burdensome.

6.     InterDigital objects to Hartford's interrogatories to the extent that they seek information not relevant to a proper claim or defense by any party and are neither admissible nor reasonably calculated to lead to admissible evidence.

7.     InterDigital objects to Hartford's interrogatories to the extent that they call for trade secret or otherwise confidential information.

8.     InterDigital objects to Hartford's interrogatories to the extent that they are ambiguous or vague.

9.     InterDigital objects to Hartford's interrogatories to the extent that they call for information that is not available to InterDigital.

10.     InterDigital objects to Hartford's interrogatories to the extent that they seek discovery that is unreasonably cumulative or duplicative.

InterDigital's investigation into this matter and discovery is continuing.  InterDigital reserves the right to supplement, amend and/or modify its discovery responses and/or objections accordingly.  Subject to and without waiver of each of the foregoing general objections, which are incorporated by reference in response to each of plaintiffs' discovery requests, InterDigital responds to Hartford's interrogatories as follows:

## II.     <u>INTERROGATORIES</u>

1.     Identify all facts, documents, or witnesses that support, pertain to or refute any of the factual allegations set forth in Hartford's First Amended Complaint.

<u>OBJECTION:</u>  InterDigital objects to this interrogatory on the grounds that it is vague and improper to the extent that Hartford has failed to define the terms "support" or "pertain to" and it is beyond the scope of permissible discovery.  InterDigital further objects on the ground

that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7. Consequently, InterDigital objects to discovery requests that seek information that is not relevant to a proper claim or defense of any party. Furthermore, the Answer to the interrogatory may be derived or ascertained from information in the *Nokia* Complaint, the *Nokia* Amended Complaint, the Hartford Fire commercial general liability policies, issued to ICC: Policy No. 39 UUN TS 0845 DB for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to December 22, 2005 policy period and the Hartford Casualty umbrella policies, issued to ICC: Policy No. 39 RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 RHU TS 0953 for the December 22, 2004 to December 22, 2005 policy period, ("Hartford Policies"), all of which are in the possession of Hartford, and the burden of ascertaining the answer to this interrogatory is substantially the same for Hartford as for InterDigital.

    **ANSWER:** Subject to and without waiving the foregoing objections, InterDigital responds that the following witnesses, all of whom are officers or employees of InterDigital, were involved in or aware of the procurement of the Hartford Policies: Richard Brezski, Richard Fagan, Lawrence Shay, Bruce Pailet and Mary Jean Lee. The following witnesses, all of whom are officers or employees of InterDigital, were involved in or aware of the payment for the

3

Hartford Policies: Richard Brezski, Mary Jean Lee, John Jacobson, Carol Verimbi, Shawnte

Pickney and Taffessey Wolde.

2.      Identify all facts, documents or witnesses that support, pertain to or refute any of the factual allegations, admissions or denials set forth in the InterDigital's Answer, Affirmative Defenses and/or any other response to Hartford's First Amended Complaint, including but not limited to any Counterclaim.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is vague

and improper to the extent that Hartford has failed to define the terms "support" or "pertain to"

and it is beyond the scope of permissible discovery. InterDigital further objects on the ground

that the law of this case holds that the duty to defend is determined by the four corners of the

*Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006

Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured

is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See*

Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty

to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the

complaint." *Id.* at p. 7. Consequently, InterDigital objects to discovery requests that seek

information that is not relevant to a proper claim or defense of any party. Furthermore, the

Answer to the interrogatory may be derived or ascertained from information in the *Nokia*

Complaint, the *Nokia* Amended Complaint, and the Hartford Policies, all of which are in the

possession of Hartford, and the burden of ascertaining the answer to this interrogatory is

substantially the same for Hartford as for InterDigital.

**ANSWER:** Subject to and without waiving the foregoing objections, InterDigital

responds that the following witnesses, all of whom are officers or employees of InterDigital,

were involved in or aware of the procurement of the Hartford policies: Richard Brezski, Richard

Fagan, Lawrence Shay, Bruce Pailet and Mary Jean Lee. The following witnesses, all of whom

4

are officers or employees of InterDigital, were involved in or aware of the payment for the

Hartford policies: Richard Brezski, Mary Jean Lee, John Jacobson, Carol Verimbi, Shawnte

Pickney and Taffessey Wolde.

      3.     Identify all facts that prove, suggest or disprove that InterDigital is entitled to a defense and/or indemnification under the Hartford Policies for the *Nokia* action, and identify all documents and witnesses having information concerning such facts.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is

vague and ambiguous. InterDigital further objects to this interrogatory on the grounds that the

count involving indemnity has been dismissed from the case. Therefore, this interrogatory seeks

information that is neither admissible nor reasonably calculated to lead to admissible evidence.

**ANSWER:** Subject to and without waiving the foregoing objections, InterDigital

responds that it is clearly entitled to a defense under the Hartford Policies, including but not

limited to the advertising injury coverage, and that there is no exclusion that bars coverage. The

*Nokia* Complaint, the *Nokia* Amended Complaint, the Hartford Policies, and legal defense bills

support the conclusion that InterDigital is entitled to a defense in the *Nokia* action.

      4.     Detail the relationship or connection, if any, between InterDigital Communications Corporation and InterDigital Technology Corporation.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is

vague and ambiguous because Hartford has failed to define the terms "relationship" or

"connection."

**ANSWER:** Subject to and without waiving the foregoing objections, InterDigital

responds that InterDigital Technology Corporation is a wholly-owned subsidiary of InterDigital

Communications Corporation.

      5.     Identify and describe all agreements, including licensing agreements, between InterDigital and Nokia.

5

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is overbroad and seeks information that is not relevant to a proper claim or defense of any party and that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. InterDigital further objects on the grounds that this interrogatory is unduly burdensome because it contains no relevant timeframe. InterDigital further objects on the ground that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.

      6.     Identify all disputes, arbitrations, lawsuits and/or any other civil proceedings between InterDigital and Nokia, and provide a description of the claims at issue and the status and/or resolution of same, if any.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence in a duty to defend action. InterDigital further objects that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan explained that the duty to defend is broader than the duty to indemnify and

explicitly held that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.

    7.    Identify any and all insurance coverage (including any defense or indemnity) which is being, or was, provided for any of the disputes, arbitrations, lawsuits and/or any other civil proceedings identified in the prior Interrogatory.

    **OBJECTION:**  InterDigital objects to this interrogatory, which contains no timeframe, on the grounds that it is overbroad and unduly burdensome. InterDigital further objects on the ground that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7. Consequently, InterDigital objects to discovery requests that seek information that is not relevant to a proper claim or defense of any party.

    **ANSWER:**  Prior to denying coverage, AISLIC accepted defense of InterDigital subject to a reservation of rights.

    8.    Identify any fact witnesses or documents which you contend evidence or have information concerning whether InterDigital Technology Corporation is a named insured, additional insured, or other insured to the Hartford Policies.

    **OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is vague and ambiguous because Hartford has failed to define the term "concerning."

    **ANSWER:**  Subject to and without waiving the foregoing objection, InterDigital responds that the Hartford Policies, documents relating to InterDigital's corporate organization

and a corporate representative support InterDigital's contention that InterDigital Technology

Corporation is an insured under the Hartford Policies.

9.      Identify the dates, substance, place(s) of publication, and speaker of any
statements which Nokia has identified or seeks damages on account of in the *Nokia* action -
including but not limited to identifying such information as to each of the alleged statements
identified in the attached chart (Exhibit A hereto).

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is beyond

the scope of permissible discovery and seeks information which is not relevant to a proper claim

or defense of any party and is neither admissible nor reasonably calculated to lead to admissible

evidence in a duty to defend action.  InterDigital objects to this interrogatory on the grounds that

it is vague and improper because Hartford failed to define the term "statements."  InterDigital

further objects that the law of this case holds that the duty to defend is determined by the four

corners of the *Nokia* Complaint and the *Nokia* Amended Complaint.  In the Court's December

14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an

insured is a separate and distinct obligation from the insurer's duty to indemnify the insured."

*See* Memorandum Opinion, p. 6.  Judge Farnan explained that the duty to defend is broader than

the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations

of the complaint." *Id.* at p. 7.

10.      For each such statement identified in the prior Interrogatory (including but not
limited to those listed in Exhibit A hereto), identify any and all damages which Nokia contends
results from each such statement and identify each and every provision of the Hartford Policies
which you contend provides coverage, including any defense, for each such claim.

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is beyond

the scope of permissible discovery and is not relevant to a proper claim or defense of any party

and is neither admissible nor reasonably calculated to lead to admissible evidence in a duty to

defend action.  InterDigital objects to this interrogatory on the grounds that it is vague and

improper because Hartford failed to define the term "statement." InterDigital further objects that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan explained that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.

11.    For each statement identified in Exhibit A hereto, identify the date on which InterDigital first made each such statement and any documents pertaining thereto.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is beyond the scope of permissible discovery and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence in a duty to defend action. InterDigital objects to this interrogatory on the grounds that it is vague and improper because Hartford failed to define the term "statement." InterDigital further objects that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan explained that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.

12.    For each and every InterDigital 3G licensing presentation made to Nokia, including but not limited to any such presentations in January 2002 and June 2003, identify: (a) the date, location and substance of each such presentation, (b) all persons attending each such

presentation and their employer at the time of the presentation, (c) all persons involved in preparing each such presentation and their employer at the time of such presentation, including but not limited to any PowerPoints.

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is beyond the scope of permissible discovery and seeks information which is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence in a duty to defend action.  InterDigital further objects that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint.  In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan explained that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.

      13.    Describe any statements or descriptions made by InterDigital regarding:

        a.    InterDigital's patent portfolio;
        b.    the WCDMA standard;
        c.    the CDMA standard;
        d.    Nokia's products;
        e.    the applicability of InterDigital's patents to Nokia's products; and,
        f.    the applicability of InterDigital's patents to 3G wireless standards.

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it purports to require descriptions of any statements ever made or descriptions without any limitation as to time or whether statements were made intentionally. InterDigital further objects to this interrogatory on the grounds that it is vague and improper because Hartford failed to define the terms "statements" or "descriptions." InterDigital further objects on the ground that the law of this case holds that the duty to defend is determined

10

by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7. Consequently, InterDigital objects to discovery requests that seek information that is not relevant to a proper claim or defense of any party.

14.     As to the prior Interrogatory, identify the dates, substance, place(s) of publication and maker of each of those statements.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it totally lacks parameters. InterDigital further objects to this interrogatory on the grounds that it seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence in a duty to defend action. InterDigital objects to this interrogatory on the grounds that it is vague and improper because Hartford failed to define the term "statements." InterDigital further objects on the ground that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint. In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6. Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7. Consequently, InterDigital objects to discovery requests that seek information that is not relevant to a proper claim or defense of any party.

11

15.    Describe any statements made by InterDigital to the ETSI, and identify the date of each statement, the content of each statement, the person making each such statement, and the place from which and to which each statement was made.

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it lacks any parameters of time.  InterDigital further objects to this interrogatory on the grounds that it seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence in a duty to defend action.  InterDigital objects to this interrogatory on the grounds that it is vague and improper because Hartford failed to define the term "statements."  InterDigital further objects on the ground that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint.  In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan recognized that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured."  *See* Memorandum Opinion, p. 6.  Judge Farnan held that the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to defend is based upon the allegations of the complaint." *Id.* at p. 7.  Consequently, InterDigital objects to discovery requests that seek information that is not relevant to a proper claim or defense of any party.

16.    Identify any insurance carrier (other than Hartford) to which the *Nokia* action was tendered for defense and/or indemnity and state any coverage position taken by those carriers.

**ANSWER:**  InterDigital responds that the *Nokia* action was tendered to AISLIC.  After initially accepting coverage under a reservation of rights, AISLIC denied coverage on May 30, 2006.

17.    Identify any insurance policy which you contend provides for a defense of InterDigital in the *Nokia* action.

12

**ANSWER:** InterDigital responds that InterDigital has not made any contention in this case that any carrier other than Hartford owes a defense to InterDigital in the *Nokia* action.

18.    Identify any insurance policy which you contend provides for indemnity of InterDigital with respect to the *Nokia* action.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that any claim for indemnity has been removed from the case pursuant to the December, 2006 ruling of Judge Farnan. Therefore, this interrogatory seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence.

19.    Identify any insurance policies (other than the Hartford Policies) issued to InterDigital, and/or providing coverage to InterDigital, for any of the time periods at issue in the *Nokia* action, including but not limited to 1990 to the present and including but not limited to any policies providing coverage for offenses, injury, damage, loss, cost or expense outside the United States.

**OBJECTION:** InterDigital objects to this interrogatory on the grounds that it is overly broad in that the time frame identified is not relevant.

**ANSWER:** Subject to and without waiving the foregoing objections, InterDigital responds that it will, to the extent that they exist, produce relevant insurance policies issued to InterDigtal from 2001 to the present. Furthermore, the Answer to the interrogatory may be derived or ascertained from information in the policies and the burden of ascertaining the answer to this interrogatory is substantially the same for Hartford as for InterDigital.

20.    Identify any relief, including but not limited to all sums, you are seeking from Hartford in connection with the *Nokia* action and/or this litigation.

**ANSWER:** InterDigital responds that legal bills for the *Nokia* action will be produced to Hartford subject to a mutually agreeable confidentiality agreement, and the Local Rules of Civil Practice and Procedure, but without detail reflecting attorney work product or attorney-client

communication and the Answer to the interrogatory may be derived or ascertained from information in the legal bills, and the burden of ascertaining the answer to this interrogatory is substantially the same for Hartford as for InterDigital.

21.    With respect to any defense fees and/or costs you are seeking to recover from Hartford, identify the entity billing such amounts, the entity paying such amounts, and any documents reflecting such fees and costs, and/or the payment thereof, including any cancelled checks reflecting such payment(s).

**ANSWER:**  InterDigital will provide legal bills relating to the defense of the *Nokia* action subject to a mutually agreeable confidentiality agreement, and the Local Rules of Civil Practice and Procedure, but without detail reflecting attorney work product or attorney-client communication and the Answer to the interrogatory may be derived or ascertained from information in the legal bills and the burden of ascertaining the answer to this interrogatory is substantially the same for Hartford as for InterDigital.

22.    Identify each and every "offense" (as such term is used in the Hartford Polices) and all related statements at issue in the *Nokia* action which you contend was committed in the Hartford "coverage territory" (as such term is defined in the Hartford Polices) and identify all documents evidencing any such statements and/or where the statement was made.

**OBJECTION:**  InterDigital objects to this interrogatory on the grounds that it goes beyond the face of the *Nokia* Complaint and the *Nokia* Amended Complaint.  Therefore, it is overly broad, unduly burdensome and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead the discovery of admissible evidence.  InterDigital further objects that the law of this case holds that the duty to defend is determined by the four corners of the *Nokia* Complaint and the *Nokia* Amended Complaint.  In the Court's December 14, 2006 Memorandum Opinion, Judge Farnan held that "[t]he insurer's duty to defend an insured is a separate and distinct obligation from the insurer's duty to indemnify the insured." *See* Memorandum Opinion, p. 6.  Judge Farnan explained that

the duty to defend is broader than the duty to indemnify and explicitly stated that "the duty to

defend is based upon the allegations of the complaint." *Id.* at p. 7.

23.     Identify any provision in the Hartford Policies that you contend is ambiguous,
why you believe it's ambiguous, how you would construe the provision as applying to this
action, and any documents or witnesses having any information concerning such contention.

**ANSWER:** InterDigital responds that at this stage in the proceeding, InterDigital has not

identified any ambiguity in the Hartford Policies, but InterDigital reserves the right to amend its

response at a later time.

24.     To the extent that InterDigital contends that any provision(s) in the Hartford
Policies is ambiguous, identify all persons involved in applying for, reviewing, negotiating
and/or obtaining the Hartford Policies, including but not limited to any person involved in
completing or providing information for any application for the Hartford Policies, and describe
each such individual's involvement.

**ANSWER:** See the answer to Interrogatory No. 23.

25.     Identify each claim in the *Nokia* action which InterDigital has averred in the
*Nokia* action to be time-barred and for each such claim identify: (a) any actual or alleged
InterDigital statements related thereto, (b) the date and location of each such statement, and (c)
any damages which Nokia claims as part of each such claim/statement.

**OBJECTION:** InterDigital objects to this interrogatory on the ground that whether

InterDigital has averred that claims in the Nokia action are time-barred is irrelevant to the duty to

defend. Therefore, this interrogatory seeks information that is not relevant to a proper claim or

defense of any party and is neither admissible nor reasonably calculated to lead to admissible

evidence.

26.     Identify all documents, exhibits and witnesses you intend to introduce or call at
trial, submit in support of any motion for summary judgment or other motion, or use in any
deposition in this case.

**OBJECTION:** InterDigital objects to this interrogatory on the ground that it seeks

information that is work-product and is premature. The identity of documents, experts and

witnesses InterDigital intends to introduce or call at trial will be identified pursuant to the

requirements of the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure and the applicable pre-trial procedures governing this case.

27.    Identify all expert witnesses from whom you have received opinions and whom you intend to call at trial and all communications and documents exchanged with any such expert.

**ANSWER:** InterDigital has not employed any expert witnesses.

## III.    REQUEST FOR PRODUCTION OF DOCUMENTS

In response to Hartford's Request for Production of Documents, InterDigital will produce responsive documents not objectionable or privileged at a time and place mutually convenient to counsel after both parties execute a mutually agreeable confidentiality agreement, subject to the Local Rules of Civil Practice and Procedure.  Documents to be produced may be subject to other confidentiality agreements and/or protective orders and if so, they will be produced subject to the limitations of those agreements and/or orders.

## IV.    GENERAL OBJECTIONS

1.    InterDigital objects to Hartford's requests to the extent that they, and/or the directions and instructions incorporated therein, seek discovery beyond that permitted by the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure.

2.    InterDigital objects to Hartford's requests to the extent they seek production of information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or discovery exemptions.

3.    InterDigital objects to Hartford's requests to the extent that they fail to contain a relevant time frame.

4.    InterDigital objects to Hartford's requests to the extent that they are not focused on this case.

16

5.      InterDigital objects to Hartford's requests to the extent that they are overbroad and unduly burdensome.

6.      InterDigital objects to Hartford's requests to the extent that they seek information not relevant to a proper claim or defense by any party and are neither admissible nor reasonably calculated to lead to admissible evidence.

7.      InterDigital objects to Hartford's requests to the extent that they call for trade secret or otherwise confidential information.

8.      InterDigital objects to Hartford's requests to the extent that they are ambiguous or vague.

9.      InterDigital objects to Hartford's requests to the extent that they call for information that is not available to InterDigital.

10.      InterDigital objects to Hartford's requests to the extent that they seek discovery that is unreasonably cumulative or duplicative.

InterDigital's investigation into this matter and discovery are continuing.  InterDigital reserves the right to supplement, amend and/or modify its discovery responses and/or objections accordingly.  Subject to and without waiver of each of the foregoing general objections, which are incorporated by reference in response to each of Hartford's discovery requests, InterDigital responds to Hartford's requests as follows:

1.      Produce all documents you have been requested to identify in response to Hartford's April 2007 Interrogatories.

**RESPONSE:**  InterDigital incorporates by reference its general and specific objections to Interrogatories No. 1-27.  To the extent that there are documents not privileged and not objected to, they will be produced at a time and place convenient to counsel, after both parties

17

execute a mutually agreeable confidentiality agreement, subject to the Local Rules of Civil

Practice and Procedure.

     2.     Produce all documents supporting or refuting any of Hartford's claims in its First Amended Complaint.

     **RESPONSE:** InterDigital objects on the grounds that this request is cumulative of the

interrogatories, overly broad, unduly burdensome, and seeks documents that are privileged.

InterDigital further objects on the grounds that this request is vague and improper because

Hartford has failed to define the terms "supporting" and "any of Hartford's claims." Subject to

and without waiving the foregoing objections, InterDigital will produce the Hartford Policies, the

*Nokia* Complaint and the *Nokia* Amended Complaint at a time and place convenient to counsel,

after both parties execute a mutually agreeable confidentiality agreement, subject to the Local

Rules of Civil Practice and Procedure.

     3.     Produce any and all documents supporting or refuting InterDigital's answer or other response to Hartford's First Amended Complaint, including any Affirmative Defenses or Counterclaim asserted by InterDigital.

     **RESPONSE:** InterDigital objects to this request on the grounds that it seeks documents

that are privileged. Subject to and without waiving the foregoing objections, InterDigital will

produce the Hartford Policies, the *Nokia* Complaint and the *Nokia* Amended Complaint.

     4.     Produce the Hartford Policies.

     **RESPONSE:** InterDigital will produce the Hartford Policies at a time and place

convenient to counsel, after both parties execute a mutually agreeable confidentiality agreement,

subject to the Local Rules of Civil Practice and Procedure.

     5.     Produce any liability insurance policies issued to InterDigital, and/or providing coverage to InterDigital, for any of the time periods at issue in the *Nokia* action, including but not limited to 1990 to the present.

**RESPONSE:** InterDigital objects to this request on the grounds that the time frame is outside the scope of permissible discovery and is unduly burdensome. InterDigital further objects on the grounds that it seeks information that is neither admissible or reasonably calculated to lead to admissible evidence. Subject to and without waiving the foregoing objection, InterDigital will produce the Hartford Policies and AISLIC policies at a time and place convenient to counsel, after both parties execute a mutually agreeable confidentiality agreement, subject to the Local Rules of Civil Practice and Procedure.

6.    Produce all documents evidencing or discussing any communications between InterDigital and any other party, including Hartford, any other insurance company, any insurance agent or broker, Nokia or anyone else concerning the *Nokia* action, including but not limited to all documents evidencing, pertaining to, discussing or relating to InterDigital's tender of the Nokia action to any insurance carrier(s) for coverage and any response thereto.

**RESPONSE:** InterDigital objects to this request on the grounds that it is overly broad, seeks information that is privileged and/or not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence. To the extent that this request seeks information relating to communication with Hartford, Hartford already has such documents in its possession. Subject to and without waiving the foregoing objections, to the extent that Hartford seeks documents regarding communication with any other insurance company, any insurance agent or broker regarding the *Nokia* action, InterDigital will produce such material at a time and place convenient to counsel, after both parties execute a mutually agreeable confidentiality agreement, subject to the Local Rules of Civil Practice and Procedure.

7.    Produce any documents evidencing, detailing, stating, or discussing the relationship or connection, if any, between InterDigital Communications Corporation and InterDigital Technology Corporation.

**RESPONSE:** InterDigital objects on the grounds that this request is cumulative of interrogatory No. 4 and document request No. 1. Subject to and without waiving the foregoing

19

objection, InterDigital will produce documents sufficient to establish the relationship between

InterDigital Communications Corporation and InterDigital Technology Corporation at a time and

place convenient to counsel, after both parties execute a mutually agreeable confidentiality

agreement, subject to the Local Rules of Civil Practice and Procedure.

8.    Produce all documents concerning the *Nokia* action, including but not limited to all pleadings, discovery, orders, opinions, communications, and invoices concerning such action - both redacted and unredacted form, if filed both ways.

**RESPONSE:**  InterDigital objects to this request on the grounds that it is overbroad,

unduly burdensome and seeks information that is privileged.  InterDigital further objects on the

grounds that this request is vague and improper because Hartford has failed to define the term

"concerning."  Subject to and without waiving the foregoing objections, InterDigital will produce

the *Nokia* Complaint, the *Nokia* Amended Complaint, and copies of redacted legal bills

concerning the defense of the *Nokia* action at a time and place convenient to counsel, after both

parties execute a mutually agreeable confidentiality agreement, subject to the Local Rules of

Civil Practice and Procedure.

9.    Produce all documents concerning the *Nokia* action maintained by any attorneys for whom you seek defense/payment by Hartford.

**RESPONSE:**  InterDigital objects to this request on the grounds that it is overbroad,

unduly burdensome and seeks information which is privileged.  InterDigital further objects on

the grounds that this request is vague and improper because Hartford has failed to define the term

"concerning."  Subject to and without waiving the foregoing objections, InterDigital will produce

the *Nokia* Complaint, the *Nokia* Amended Complaint, and copies of redacted legal bills

concerning the defense of the *Nokia* action.

10.    Produce all documents concerning the Nokia-InterDigital Arbitration, including but not limited to any settlement agreement, pleadings, discovery, orders, opinions, and communications concerning such action.

20

**RESPONSE:** InterDigital objects on the grounds that this request seeks information which is privileged, information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence.

11.     Produce all documents evidencing, detailing, stating, or discussing the relationship, agreements, and/or contracts between InterDigital and Nokia.

**RESPONSE:** InterDigital objects on the grounds that this request is vague and improper because Hartford failed to define the term "relationship" and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence. InterDigital further objects on the ground that this request is overly broad and unduly burdensome because there is no time frame nor limitation as to subject matter.

12.     Produce all documents, including but not limited to files, pleadings, Memoranda, Decisions and Orders, regarding any and all disputes, lawsuits and/or other civil proceedings between InterDigital and Nokia, including, but not limited to, the Nokia-InterDigital Arbitration.

**RESPONSE:** InterDigital objects on the grounds that this request is overbroad, unduly burdensome and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence. InterDigital further objects on the ground that this request seeks information that is privileged.

13.     Produce any and all documents reflecting communications between InterDigital and Nokia concerning any of the matters, patents and/or claims at issue in the *Nokia* action.

**RESPONSE:** InterDigital objects on the grounds that this request is overbroad, unduly burdensome and seeks information that is not relevant to a proper claim or defense of any party and is neither admissible nor reasonably calculated to lead to admissible evidence. InterDigital further objects on the grounds that this request is vague and improper because Hartford has failed to define the terms "reflecting," "concerning," or "at issue."

21

14.     Produce any and all documents evidencing or discussing any allegedly false communications made by InterDigital which are at issue in the *Nokia* action (to the extent that Nokia has identified such communications to InterDigital) and any documents evidencing or discussing the dates on which any such communication was made.

**RESPONSE:** InterDigital objects on the grounds that this request is vague and improper

because Hartford failed to define documents "at issue in the *Nokia* action." InterDigital further

objects that this request is overbroad, unduly burdensome and seeks information that is not

relevant to a proper claim or defense of any party and is neither admissible nor reasonably

calculated to lead to admissible evidence.

15.     Produce any and all documents evidencing or discussing any statements or descriptions regarding:

       a.     InterDigital's patent portfolio;
       b.     the WCDMA standard;
       c.     the CDMA standard;
       d.     Nokia's products;
       e.     the applicability of InterDigital's patents to Nokia's products; and/or,
       f.     the applicability of InterDigital's patents to 3G wireless standards.

**RESPONSE:** InterDigital objects to this request on the grounds that it is overbroad,

unduly burdensome and not relevant to a proper claim or defense of any party and is neither

admissible nor reasonably calculated to lead to admissible evidence. InterDigital further objects

on the ground that this request contains a total lack of parameters regarding time frame.

16.     Produce all documents relating to, discussing, or concerning any amount for which you seek defense or indemnity in this matter (including but not limited to any defense bill, attorney or vendor invoice, settlement agreement or judgment) and all documents reflecting payment thereof and/or the identity of the payee and payor.

**RESPONSE:** InterDigital objects to this request on the grounds that it is outside the

proper scope of discovery, in that the indemnity claim has been dismissed. InterDigital further

objects on the grounds that this request seeks information that is privileged. Subject to and

without waiving the foregoing objection, InterDigital will produce copies of redacted legal bills

relating to the defense of the *Nokia* action subject to a mutually agreeable confidentiality agreement and the Local Rules of Civil Practice and Procedure, and will supplement such documents.

17.    Produce all documents InterDigital intends to use at trial, deposition or in support of or opposition to any motion in this action or in the *Nokia* action.

**RESPONSE:** InterDigital objects to this request on the grounds that it is premature and seeks information protected from discovery by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, InterDigital will produce documents at an appropriate time under the Federal Rules of Civil Procedure and after the parties have executed a mutually agreeable confidentiality agreement, subject to the Local Rules of Civil Practice and Procedure.

18.    Produce all documents sent to and received from experts in the *Nokia* action or the InterDigital-Nokia Arbitration.

**RESPONSE:** InterDigital objects to this request on the ground that it is unduly burdensome and beyond the scope of proper discovery in this case. InterDigital further objects on the ground that this request is vague because Hartford fails to identify the subject matter or to identify a timeframe.

19.    Produce all documents given to or received from any expert you intend to call as a witness in this action.

**RESPONSE:** InterDigital objects to this request on the ground that it is premature. InterDigital further objects on the ground that this request is vague because Hartford fails to identify the sender of the documents or to identify a timeframe. Subject to and without waiving the foregoing objection, if InterDigital hires an expert, InterDigital will comply with this request and produce documents not privileged at the appropriate time as required by the Federal Rules of Civil Procedure.

20.    To the extent not already produced in response to the Requests, produce all documents requested in Hartford's March 27, 2007 denial letter to Mr. Mathes, including but not necessarily limited to:

a.    Copies of any and all documents reflecting communications between InterDigital and Nokia concerning any of the claims at issue in the *Nokia* action;

b.    Copies of any and all documents evidencing or discussing any allegedly false communication made by InterDigital which is at issue in the *Nokia* action (to the extent that Nokia has identified such communications to InterDigital) and information concerning the dates on which any such communication was made.

c.    Copies of any other insurance policies issued to ICC or ITC, and/or providing coverage to ICC and/or ITC, for any of the time periods at issue in the *Nokia* action, including but not limited to 1990 to the present; and

d.    Documents reflecting the identify of all other insurance carriers to which this claim has been tendered (if any), and copies of your tender letters and any response thereto.

**RESPONSE:**  InterDigital objects to this request on the grounds that it is cumulative of

prior requests, unduly burdensome and not relevant to a proper claim or defense of any party and

is neither admissible nor reasonably calculated to lead to admissible evidence.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
    MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA  19107
(215) 981-5710

Dated:  July 3, 2007
805013 / 30373

By:    */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    Jennifer C. Wasson (#4933)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 3, 2007, true and correct copies of the

within document were caused to be served on the attorney of record at the following addresses as

indicated:

### VIA ELECTRONIC MAIL

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE  19899
yoderj@whiteandwilliams.com

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103
misciosciaa@whiteandwilliams.com
whiteg@whiteandwilliams.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz

805021/30373

# EXHIBIT D

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 06-422-JJF |
| v. | ) ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiffs/Counterclaim Defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford") and Defendants/Counterclaim Plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") (collectively, the "Parties") expect to exchange documents and information pursuant to the Federal Rules of Civil Procedure and the Delaware Local Rules of Civil Procedure in connection with the above-captioned action; and

PHLDMS1 3260427v.1

WHEREAS, the Parties believe that said documents and information may be confidential, valuable, proprietary, and/or sensitive;

WHEREAS, the Parties desire to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted to make reasonably necessary uses of such confidential materials in preparation for and in the conduct of trial;

NOW THEREFORE, IT IS HEREBY AGREED, between the Parties, and ORDERED by the Court pursuant to Federal Rule of Civil Procedure 26(c), that:

1.    The dissemination of all information disclosed during the course of this action by the Parties or by any third party shall be governed by this Confidentiality Agreement and Protective Order ("Protective Order").  Moreover, the terms of the Protective Order shall apply by agreement of the Parties whether or not entered as an Order of the Court.

2.    The term "Confidential Information" as used herein shall mean any testimony, response to discovery request, document, tape or other information (whether in digital or other form), including any copies, abstracts, excerpts or analyses thereof produced in connection with this litigation, or any other information contained in such testimony, response to discovery request, document, tape or other information, that contains, discusses or otherwise discloses commercial, legal, financial, or proprietary information or trade secrets of the Parties or third parties; information which previously has been maintained as sensitive business information; and/or information the disclosure of which may impact the interests of third parties in privacy or confidentiality.

PHLDMS1 3260427v.1

3.          The following information is not Confidential Information:

        a. Any information that is in the public domain at the time of disclosure to the receiving party;

        b. Any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order; and

        c. Any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

4.          Any Confidential Information obtained by any Party from any person pursuant to discovery in this litigation shall be used solely for purposes of preparation for and trial of this matter and for no other purpose, suit, arbitration, or proceeding, except as permitted herein.

5.          Any person or Party subject to this Order who becomes subject to a subpoena, motion, law, rule or regulation which requires the disclosure of another Party's or third party's information designated "Confidential" shall promptly notify that Party or third party of potential disclosure so that the Party or third party may have an opportunity to appear and be heard as to whether the information should be disclosed. Any person or Party who receives a third-party request for information produced by another Party in discovery, whether confidential or not, shall promptly inform the producing Party of the request.

6.          Prior to or at the time that Confidential Information is produced in this case, the producing Party or third party shall designate or identify the documents or information as "Confidential." All documents, whether in paper or electronic form, and any other tangible materials produced shall be designated as "Confidential" by the producing Party placing thereon a legend which states on each page (or on each page or the storage medium, in the case of

electronic data) "Confidential – Subject to Protective Order". All testimony, documents, or other information that the Parties submit during any court proceeding or produce in response to any discovery request shall be subject to this Protective Order if designated "Confidential." The disclosing Party is not restricted by this Protective Order, however, in the use of its own Confidential Information. A Party that inadvertently fails to designate Confidential Information as "Confidential" at the time of the production may subsequently designate the Confidential Information as "Confidential"; however, the terms of this Order requiring non-disclosure of Confidential Information will only apply after the designation of the Confidential Information as "Confidential."

      7.         The Parties further anticipate that some Confidential Information may be discussed in sworn statements or depositions (collectively, "depositions"). The Parties may wish to conduct depositions without unnecessary interruption or concern about designating information or documents as "Confidential" at the time of deposition. Therefore, it will not be necessary for the Parties to designate information as "Confidential" at the time of deposition (although they may elect to do so), and the failure to do so designate at the time of the deposition shall not constitute a waiver of the right to designate any information as such. Rather, all information obtained in depositions, and all exhibits thereto, shall be treated as Confidential Information subject to this Protective Order until 30 days after delivery of the transcript and exhibits to the Parties without need of any designation by the Parties. During the 30-day period, the Parties may designate any information in deposition or any deposition exhibits as "Confidential" by serving on counsel for the Parties a written designation of confidentiality subject to the provisions of this Protective Order identifying the specific pages and/or exhibits to be treated as Confidential Information.

PHLDMS1 3260427v.1

8.       In the event that counsel must disclose information designated "Confidential" during the deposition of a witness, the portion of the deposition that will result in such disclosure shall be taken only in the presence of the court reporter and of persons identified in Paragraph 11. No transcript or copy of a transcript containing such disclosure shall be furnished to any person other than those identified in Paragraph 11 without first redacting the protected information. If the original or any copy of any deposition transcript designated as "Confidential" is filed with the Court, those parts designated "Confidential" shall be filed under seal.

9.       The Parties will make a good-faith effort to resolve between themselves any disputes challenging a designation of confidentiality under this Protective Order. In the event that such disputes cannot be resolved, the Parties may seek the Court's intervention to reach a resolution.

10.       If a Party wishes to include or refer to information protected under this Protective Order in any motion or other documents it files with or submits to the Court, the Party shall file or submit the Confidential Information under seal with a designation that such material is subject to this Protective Order.

11.       Information designated as "Confidential" shall not be disclosed to anyone, except as required by law as described in Paragraph 5 or as permitted pursuant to an Order of this Court granted in response to a motion or application filed by a Party pursuant to Paragraphs 13 and 14 *infra*, other than: (a) directors, officers, partners, employees and in-house counsel of the Parties in this case and/or of any Party's parents, subsidiaries, and affiliates who have reasonable need to review the Confidential Information for purposes of handling the *Nokia* claims against InterDigital, maintaining, defending, or evaluating this litigation, and/or handling any

PHLDMS1 3260427v.1

reinsurance claim of Hartford related thereto; (b) the Parties' counsel of record in this lawsuit, including their paralegals, secretaries and other legal support staff; (c) outside experts and outside consultants retained by the Parties or their counsel in this action; (d) the Court, court personnel and court and deposition reporters; (e) reinsurers or their retrocessionaires that may be requested and/or become liable to reimburse the Parties for any funds paid in connection with this lawsuit or the underlying lawsuit, *Nokia Corp., et al. v. InterDigital Communications Corp., et al.*, U.S. District Court for the District of Delaware 05-16-JJF; (f) auditors of the Parties in connection with the rendering of an audit or regulatory activity; (g) such other persons as may be disclosed and agreed to in advance, in writing, by the Parties. Confidential Information may be disclosed as provided in Paragraph 11 (c), (e), (f), and (g), however, only after the person and/or entity to whom/which the Confidential Information is to be disclosed has been provided with a copy of this Protective Order and agreed to be bound by its terms by executing the Confidentiality Agreement attached hereto as Exhibit A. Confidential Information also may be disclosed to any regulators in connection with their regulatory activity; however, Hartford shall use its best efforts to get any regulators seeking Confidential Information to sign the attached Confidentiality Agreement prior to disclosing the Confidential Information, but in the event that the regulator refuses, Hartford will then use its best efforts to give InterDigital advanced notice before any such Confidential Information is disclosed to the regulator. Each Party or entity receiving Confidential Information shall maintain a log of all persons and/or entities in categories (c), (e), (f), and (g) to whom it has disclosed Confidential Information, along with the executed Confidentiality Agreements from such persons. Additionally, each Party or entity receiving Confidential Information shall be obligated to advise its employees and others inside its organization to whom any Confidential Information is provided that such Confidential

PHLDMS1 3260427v.1

Information must be maintained as Confidential, and shall place a copy of this Protective Order in any file in which any such Confidential Information is maintained. Each Party or entity receiving Confidential Information shall further be obligated, after the execution of this Protective Order, promptly to forward a copy of this Protective Order to each of the persons at such Party or entity expected to work on, or to have potential involvement in, this matter.

12.    The Parties shall use reasonable care when designating documents or information as Confidential. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as Confidential has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Confidential designation with respect to any document or the information contained within.

13.    A Party shall not be obligated to challenge the propriety of a Confidential designation at the time it is made. A failure to do so will not preclude a subsequent challenge to the propriety of the designation. Any challenge to a confidentiality designation shall be made in writing and served on counsel for the producing Party. The writing shall identify the documents or information that the receiving Party contends should be differently designated. The Parties shall use their best efforts to resolve such challenges promptly and informally. If an agreement cannot be reached, the receiving party may move the Court to cancel or modify a Confidential designation. Any such motion will include a certification that the filing party made good faith efforts to resolve the challenge with the producing Party prior to filing the motion. The burden of demonstrating the Confidential nature of any information shall at all times be and remain on the designating party.

PHLDMS1 3260427v.1

14.    Nothing herein precludes any Party from filing a motion or application with this Court seeking permission to disclose Confidential Information in any other proceeding or forum nor the right of any Party to oppose such motion.

15.    Within 30 days of final resolution or adjudication of this lawsuit, including, but not limited to, final adjudication of any appeals or petitions for extraordinary writs, either Party may request that the other return or destroy (and confirm doing such) within 30 days all copies of Confidential Information and summaries thereof, and all portions of deposition transcripts and copies thereof, containing Confidential Information in the actual and constructive custody or possession of any Party or person, except those actually offered into evidence at trial, which shall be disposed of as the Court may order on stipulation of the Parties, on motion of a Party, or on the Court's own initiative; provided, however, that should Hartford need to present any such Confidential Information to its reinsurers or their retrocessionaires, Hartford, subject to all of the other provisions of this Protective Order, need not return or destroy any such Confidential Information needed for reinsurance purposes until thirty (30) days after the resolution of any reinsurance claim or proceedings. After conclusion of the lawsuit, outside counsel of record for either Party in this lawsuit shall be entitled to retain papers submitted by any Party to the Court, deposition and trial transcripts and exhibits, and attorney work product (including filings, transcripts, and attorney work product that contains Confidential Information), provided that such counsel, and employees of such counsel, shall not disclose any such materials to any person or entity except pursuant t a written agreement with the producing Party.

16.    The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or of the same

or related subject matter. However, a confidentiality designation hereunder will only be effective upon and after actual designation.

   17.   The disclosure or production of Confidential Information shall not waive any attorney-client, work-product, or other privilege that would otherwise apply, nor open the door to additional discovery beyond the scope of the information produced.

   18.   Unless otherwise ordered by the Court, the provisions of this Protective Order shall continue to be binding on the Parties, and on each person executing a Confidentiality Agreement pursuant to this Protective Order, during and after the litigation of this case.


Respectfully submitted by all Parties,


WHITE AND WILLIAMS LLP    POTTER ANDERSON & CORROON LLP


By: */s/ James S. Yoder*     By: */s/ Richard L. Horwitz*
   James S. Yoder (#2643)     Richard L. Horwitz (#2246)
   824 N. Market Street, Suite 902   Hercules Plaza, 6th Floor
   Wilmington, DE 19899     1313 North Market Street
   yoderj@whiteandwilliams.com   Wilmington, DE 19801
   (302) 654-0424       rhorwitz@potteranderson.com
             (302) 984-6000
OF COUNSEL:
            OF COUNSEL:
Gale White
Anthony L. Miscioscia      Stephen J. Mathes
WHITE AND WILLIAMS LLP    Arleigh P. Helfer III
1800 One Liberty Place     HOYLE, FICKLER, HERSCHEL &
Philadelphia, PA 19103      MATHES LLP
(215) 864-7000       One South Broad Street - Suite 1500
            Philadelphia, PA 19107
*Attorneys for Plaintiffs*     (215) 981-5710


            *Attorneys for Defendants*


Dated:  August 7, 2007


PHLDMS1 3260427v.1

SO ORDERED BY THE COURT:

DATED: _August 14_, 2007

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS CORPORATION, et al.,<br><br>Defendants.<br><br>────────────<br><br>INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Counterclaim Defendants. | C. A. No. 06-422-JJF |

**CONFIDENTIALITY AGREEMENT**

I, _____, being duly sworn, state that:

1.    [Delete if inapplicable.] I have been retained by _____ [Party] to

serve as _____ [an expert/consultant] in the above-captioned case.

2.    I have read and understand the Protective Order, and I attest to my understanding

that access to information designated as "Confidential" may be provided to me and that such

access is pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be

PHLDMS1 3260427v.1

bound by the terms of the Protective Order. I hereby submit to the jurisdiction of the United

States District Court for the District of Delaware (the "Court") for the purpose of enforcement of

this Protective Order.

3.    I will not use or disclose to others, except to my employees and staff working on

this matter (whom I agree to instruct to keep such information confidential) or except in

accordance with the Protective Order, any Confidential Information.

4.    I will return all Confidential Information, and summaries, abstracts, and excerpts

thereof, that come into my possession, and will release all documents or things that I prepare

relating to Confidential Information, to counsel for the Party by whom I am employed or

retained.

5.    If I fail to abide by the terms of the Protective Order, I understand that I may be

subject to sanctions under the contempt power of this Court, which includes the power to impose

compensatory and/or punitive damages to remedy contemptuous conduct.


_____
Signature


_____
Printed Name


_____
Address


_____
Individual or Entity Represented

Dated: _____

# EXHIBIT E

# The Hoyle Law Firm

## HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street, Suite 1500
Philadelphia, PA 19107-3418

215-981-5700  Fax 215-981-5959
www.hoylelawfirm.com

**Arleigh P. Helfer III**
Direct Dial:  (215) 981-5830
E-Mail:  ahelfer@hoylelawfirm.com

August 31, 2007

**VIA HAND DELIVERY**

Anthony Misciosica, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA  19103-7395

      Re:   **Hartford Fire Insurance Co., et al. v. InterDigital Communications
             Corporation, et al., D. Del. Civil Action No. 06-422**

Dear Tony:

      Enclosed please find documents Bates stamped IDH000982 through IDH002009.  Please note that many of these documents are stamped *confidential* pursuant to our stipulated confidentiality agreement in this matter.  Please handle them accordingly.  In addition, some of these documents have been redacted to protect privileged attorney-client communications or attorney mental impressions and are produced without waiver of, or prejudice to, the attorney-client privilege or work product protection.

      As I informed you earlier this week, there are still some documents that we are obtaining from archives.  I will produce them as soon as we are able.

      Sincerely,

      Arleigh P. Helfer III

Enclosures

# EXHIBIT F

## Donatucci, Leo

**From:**     Arleigh Helfer [AHelfer@hoylelawfirm.com]

**Sent:**     Tuesday, August 28, 2007 12:29 PM

**To:**       Miscioscia, Anthony

**Cc:**       White, Gale; Stephen Mathes

**Subject:** RE: InterDigital

Tony,

Given the breadth of the majority of Hartford's requests (*e.g.*, all contracts and licenses between InterDigital and Nokia, without any limitation as to time; or all materials from any civil proceeding, lawsuit, or arbitration involving InterDigital and Nokia, without any limitation as to time or subject matter), I think we will have to disagree about whether Hartford has explained how the information it is seeking in discovery is relevant to these proceedings concerning the duty to defend, especially in light of the controlling authority concerning the duty to defend and Judge Farnan's December, 2006 opinion. Your focus in our communications has primarily been on obtaining the discovery and filings from the underlying case, as you acknowledge below, which concerns the "true facts." Again, if you are able to give us a precise explanation concerning the relevance of Hartford's various requests or can show us controlling authority that demonstrates such "true facts" are relevant to the determination of Hartford's duty to defend, InterDigital is willing to consider that in an attempt to avoid burdening the court with motion practice. To date, you have not given us such an explanation or offered any such authority. InterDigital is also willing to discuss bifurcation of the proceedings, which would potentially avoid significant prejudice to InterDigital, avoid parts of this dispute, and conserve the resources of the court and the parties.

Concerning your request for production tomorrow, I will produce what we have by the end of the day tomorrow. Please understand that there has been a delay in obtaining archived materials that were not included in the first round of materials we obtained from archives. Apparently, the wrong boxes were recently pulled and the person coordinating that task was then in China for more than a week. She has just returned and is working on obtaining the correct documents. I apologize for that delay, which was inadvertent; I had hoped to produce it all to you at one time. However, I want you to understand that I will not physically be able to produce all of the material tomorrow. We will produce those delayed materials as soon as we are able.

Arleigh

> -----Original Message-----
> **From:** Miscioscia, Anthony [mailto:Misciosciaa@whiteandwilliams.com]
> **Sent:** Tuesday, August 28, 2007 11:40 AM
> **To:** Arleigh Helfer
> **Cc:** Stephen Mathes; White, Gale
> **Subject:** RE: InterDigital
>
> Arleigh,
>
> I believe that I have explained several times why we believe that the information sought by Hartford in discovery is relevant -- both for purposes of assessing the reasonableness of the claimed defense costs and for assessing whether Hartford has any duty to defend (and/or whether any duty to defend is/can be terminated) based upon one or more of the issues raised in Hartford's prior letters and pleadings, including but not limited to the coverage territory, policy period, and policy exclusion (e.g., prior publication) issues previously detailed by Hartford.
>
> At this point, I assume from your various responses that InterDigital continues to refuse to produce all of the pleadings and discovery in the Nokia action and we will proceed accordingly.
>
> To the extent that you have previously indicated that some additional materials were to be produced this week, I have not yet received anything. Please produce those materials to me by tomorrow, as they were

Message                                                                                    Page 2 of 5

first requested months ago.

Finally, I understand that you will not be producing a witness this week for deposition as we had noticed, but that you were going to get back to me with (a) proposed dates in September and (b) an indication of the topics for which you will provide a witness and those to which you object and will not produce a witness.  Please provide your response no later than Thursday of this week.

Tony


Anthony L. Miscioscia
**White and Williams LLP**
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659
misciosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.


**From:** Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
**Sent:** Monday, August 20, 2007 9:51 AM
**To:** Miscioscia, Anthony
**Cc:** Stephen Mathes
**Subject:** FW: Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.

Tony,

After thinking about this over the weekend and discussing it with Steve this morning, I think we need a better explanation as to how the various requests we've objected to are relevant to the duty to defend in light of the controlling authority, which states the duty is determined from the face of the complaint and the policy, not the "true facts" of the underlying suit.  Hartford's pleadings and denial letters that you referenced do not explain that at all.  Given the controlling authority, we do not see how the information Hartford is seeking, and which InterDigital has objected to, is potentially relevant to anything other than the ancillary issue of the reasonableness of attorneys' fees in the underlying suit.  Even at that, Hartford's requests are still quite overbroad.  If you can give us a better explanation as to why the broad discovery concerning the "true facts" of the underlying case is pertinent to ascertaining a duty to defend that is determined from the face of the policy and pleadings, please let us know so that we may consider it.  With such an explanation in hand, a call would likely be productive.

Arleigh

-----Original Message-----
**From:** Arleigh Helfer
**Sent:** Friday, August 17, 2007 2:38 PM
**To:** 'Miscioscia, Anthony'
**Cc:** 'White, Gale'

Message                                                                    Page 3 of 3

**Subject:** RE: Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.

Tony,

I recall that you called in response to my letter of August 6, that I confirmed to you what my August 6 letter and InterDigital's written discovery responses of June said, and that you then raised the issue of reasonableness of attorneys' fees. I don't think your confirming e-mail of August 8 or your later e-mail of August 8 said anything different than that. But, as your initial e-mail of this morning suggested, we'll get nowhere with back and forth on that. Suffice it to say our recollections about the August 8 discussion are not identical.

I cannot get an answer to you today about whether a call next week would be productive. Steve is out of the office today. Let's circle back to this next week and see if we can make any headway.

Arleigh

> -----Original Message-----
> **From:** Miscioscia, Anthony [mailto:Miscosciaa@whiteandwilliams.com]
> **Sent:** Friday, August 17, 2007 11:39 AM
> **To:** Arleigh Helfer
> **Cc:** White, Gale
> **Subject:** RE: Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.
>
> Arleigh,
>
> During our call, I mentioned the fact that the requested discovery will shed light on what statements are at issue, when they were made and where they were made -- issues which go to, inter alia, whether coverage exists in the first instance (i.e., was there an offense, was it in the coverage territory and was it during the policy period) and whether one or more of the policy exclusions (such as the prior publication exclusion) may apply. (Please note that the foregoing examples are without limitation or prejudice to our raising any of the other issues and defenses raised in Hartford's pleadings and prior letters).
>
> These issues have been addressed more fully in our pleadings and in Hartford's prior letters. I understood you to say during the call that InterDigital disagrees that any such discovery is allowed and that the only issues, according to InterDigital, are whether there is a duty to defend based upon the policy and the complaints and what amount InterDigital may recover. I raised the issue of reasonableness in the hopes of finding an alternative basis for relevance to which you would agree, and thus produce the documents we have requested.
>
> At this point, I understand that you are only producing the limited additional materials referenced in your letter of yesterday. If you truly are willing to consider producing more and believe that a further call would be productive, please let me know and I would be happy to schedule such a call for Monday or another day next week.
>
> As to our deposition notice, please send me a written response identifying the topics for which you will offer a designee(s) and the proposed date(s), and identifying the topics as to which you are refusing to produce a designee.
>
> Tony
>
>
> Anthony L. Miscioscia
> **White and Williams LLP**
> 1800 One Liberty Place | Philadelphia, PA 19103-7395
> Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659
> miscosciaa@whiteandwilliams.com

9/11/2007

Message                                                                                      Page 4 of 5

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

---

**From:** Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
**Sent:** Friday, August 17, 2007 11:27 AM
**To:** Miscioscia, Anthony
**Cc:** White, Gale
**Subject:** RE: Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.

Tony,

I, too, do not wish an e-mail debate. They are generally not productive and, much worse, tend to strain working relationships among counsel. That said, and irrespective of our differing recollections of precisely what was said during our telephone call, the only topic Hartford has identified to date as possible justification for its broad discovery requests reaching the "true facts" of the underlying case is its desire to probe the reasonableness of attorneys' fees. If there are other reasons Hartford believes its discovery requests concerning the underlying case and its "true facts" are proper given the issues in our case, please let us know what they are so that we may evaluate them. I would suggest writing to us about those reasons as that will help to minimize the chance of us having inaccurate or differing recollections of the explanations.

Arleigh

    -----Original Message-----
    **From:** Miscioscia, Anthony [mailto:Misciosciaa@whiteandwilliams.com]
    **Sent:** Friday, August 17, 2007 10:55 AM
    **To:** Arleigh Helfer
    **Cc:** White, Gale
    **Subject:** RE: Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.

    Arleigh,

    I do not intend to engage in a debate by email, but I do wish to clarify one misstatement in your fax of last evening. My comment to you that the discovery being sought also pertains to the issue of the reasonableness of defense costs was, as I expressly stated during our call, only one example of why we believe the discovery we have served to be relevant. I did not say that was the sole basis for the relevancy of such discovery, as your letter mistakenly implies. To the contrary, I expressly stressed that we believe the discovery to be relevant to other issues, although I also noted that I understood that you have a contrary view.

    Tony

    Anthony L. Miscioscia
    **White and Williams LLP**
    1800 One Liberty Place | Philadelphia, PA 19103-7395
    Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659
    misciosciaa@whiteandwilliams.com

Message                                                                  Page 5 of 5

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of
White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel."
If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or
refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result
in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the
message and any accompanying documents from your system immediately. Thank you.

---

**From:**   2159815959 [mailto:2159815959]
**Sent:**   Thursday, August 16, 2007 5:03 PM
**To:**     Miscioscia, Anthony
**Subject:**    Message received from 2159815959 on 8/16/2007 at 5:02:57 PM.

The attached fax was received from 2159815959 on 8/16/2007 at 5:02:57 PM

JobID: 081094

  << File: Fax-Aug-16-2007-17-02-57-0723.pdf >>

9/11/2007