IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-422-JJF ) |
| v. | ) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

**MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the Court's August 2, 2007 Revised Scheduling Order, defendants and counterclaim plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") request leave of Court to file their proposed Motion for Partial Summary Judgment as to Liability and Brief in Support thereof, filed herewith as Exhibit 1. In support thereof, InterDigital states:

1. For the reasons explained more fully below, the issue of Hartford Fire Insurance Company's and Hartford Casualty Insurance Company's (collectively, "Hartford") duty to defend InterDigital in *Nokia Corp., et al. v. InterDigital Communications Corp., et al.*, No. 05-16-JJF, United States District Court for the District of Delaware (the "*Nokia* action"), is ripe for adjudication.

2. Moreover, Hartford has recently demonstrated that it will insist on burdensome discovery in this lawsuit concerning the underlying lawsuit. As explained in InterDigital's brief in support of its proposed motion for partial summary judgment in this lawsuit, such discovery is irrelevant to the determination of Hartford's duty to defend. In addition, such duplicative

discovery may prejudice InterDigital as this Court recognized in its Order and Opinion dated December 14, 2006: "Courts have recognized the concern that an overlapping declaratory judgment action by an insurer may result in collaterally estopping the insured from litigating certain issues in the underlying action . . . ." (D.I. 31, at 15.)

3. Hartford is also seeking extensive discovery of all the facts and legal strategies in the underlying lawsuit to probe the "reasonableness" of InterDigital's attorneys' fees. Permitting Hartford to engage in any such discovery concerning damages prior to a determination of its duty to defend will needlessly complicate this litigation, waste the resources of the parties and the Court, and prejudice InterDigital.

4. Accordingly, good cause exists to grant InterDigital's request to file its motion for partial summary judgment, because in addition to the fact that the issue is ready for adjudication, an early determination of defense coverage will in virtually any eventuality reduce or eliminate the need for duplicative discovery.

### Relevant Background and Reasons Demonstrating Good Cause for Granting InterDigital's Requested Relief

5. Hartford filed this lawsuit on January 12, 2006, seeking declarations that it owed no duty to defend or indemnify InterDigital. On March 13, 2006, InterDigital moved pursuant to 28 U.S.C. § 1404(a) to transfer[1] the coverage action to this Court, where the *Nokia* action is pending, for the convenience of the parties. Simultaneously, InterDigital moved to dismiss the second count of Hartford's declaratory judgment complaint, which sought a declaration concerning Hartford's duty to indemnify, as premature and possibly prejudicial to InterDigital. The coverage action was transferred to this Court, which ruled on InterDigital's pending motion

---

[1] The case was docketed as *Hartford Fire Insurance Co., et al. v. InterDigital Communications Corp., et al.*, No. 06-CV-165-JG, United States District Court for the Eastern District of Pennsylvania.

to dismiss and issued an Opinion and Order dated December 14, 2006. (D.I. 31, 32.) The Opinion and Order applied Pennsylvania law and dismissed Hartford's request for a declaratory judgment concerning its duty to indemnify as premature and likely to prejudice InterDigital in the pending *Nokia* action if litigated prior to the resolution of that case. (*Id.*)

6. Beginning in August, Hartford began insisting on extensive discovery on numerous topics to which InterDigital had objected because they relate to issues in the underlying litigation. Such issues are immaterial to ascertaining the simple issue in this coverage case, the duty to defend, because the duty to defend is determined by the four corners of the underlying complaint without consideration of extrinsic evidence. *See, e.g., Sunoco, Inc. v. Illinois Nat'l Ins. Co.*, 226 Fed. Appx. 104, 107 & n.2 (3d Cir. 2007) (observing that duty to defend is determined solely from allegations of underlying complaint and noting the district court properly refused to allow discovery into the underlying facts); *Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co.*, 25 F.3d 177, 180 (3d Cir. 1994) (holding that courts may not look to extrinsic evidence in ascertaining the duty to defend unless the insured is attempting to prove it fits within an exception to an exclusion that clearly applies); *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) (holding the duty to defend is ascertained solely from the face of the complaint and that the intermediate appellate court erred by considering extrinsic evidence in ascertaining whether there was a duty to defend). Hartford offered InterDigital no authority justifying its discovery requests concerning the facts of the *Nokia* action; instead, it has claimed that it is entitled to all such discovery to probe the reasonableness of attorney's fees sought by InterDigital as damages for Hartford's breach of its duty to defend. *See, e.g.,* e-mail communications attached to Hartford's Motion to Compel Discovery at Tab F (D.I. 57). In response, InterDigital proposed bifurcating these proceedings

into a liability stage and a damages stage, as nearly all of the burdensome discovery Hartford seeks relates marginally to the issue of damages at best. *See id.*; *see also* e-mail communications attached as Exhibit A to InterDigital's Response in Opposition to Hartford's Motion to Compel Discovery. However, Hartford has rejected InterDigital's proposal to bifurcate the case and has moved to compel discovery. InterDigital has filed cross-motions for protective orders and this motion for leave to file a motion for partial summary judgment concerning the issue of Hartford's liability.

7. As this Court observed in its December 14, 2006 Opinion dismissing the second count of Hartford's complaint, the duty to defend is based on the allegations of the underlying complaint. (*See* D.I. 31 at 7.) Moreover, the Court recognized that there are substantial problems that will arise for InterDigital if Hartford is permitted to litigate overlapping facts of the *Nokia* action in this coverage action. (*See id.* at 15.) On the other hand, Hartford will not be prejudiced if the Court rules on the duty to defend based on the allegations in the pleadings. Under the course of action here proposed by InterDigital, if InterDigital is correct and the underlying complaints triggered Hartford's duty to defend, then Hartford will be entitled to discovery concerning the claimed damages in light of that determination. If InterDigital is wrong, then the parties and the Court will be spared extensive discovery and expense concerning the facts of the underlying lawsuit as well as all of the details of InterDigital's defense of that lawsuit, including its legal strategies.

8. This Court has previously determined the duty to defend a Lanham Act case on summary judgment, applying virtually identical legal principles to those that obtain here. *See Hartford Cas. Ins. Co. v. Petrolon Mgmt.*, C.A. No. 95-64-JJF (D. Del. December 29, 1995)

(memorandum opinion).[2] In that case, the Court applied Texas law, which, like Pennsylvania law, ascertains the duty to defend from the face of the complaint without reference to extrinsic evidence. *See Petrolon* Memorandum Op. at 13-14 (noting that the "insurer's duty to defend is determined solely from the face of the pleadings and without reference to facts outside of the pleadings) (citing *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983)).

9. Accordingly, because the controlling legal authority dictates that evidence other than the allegations of the underlying complaints and the policies may not be considered in ascertaining the duty to defend, InterDigital respectfully requests that the Court grant it permission to file now its motion for partial summary judgment concerning Hartford's duty to defend.

Pursuant to Local Rule 7.1.1, counsel for Defendants contacted counsel for Plaintiffs regarding this motion; Plaintiffs will oppose the motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
    MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA  19107
(215) 981-5710

Dated:  September 24, 2007
821002 / 30373

By:  /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Jennifer C. Wasson (#4933)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

---

[2] A copy of the Memorandum Opinion, which is docket item 46 in the *Hartford Casualty Insurance Co. v. Petrolon Management, Inc.* action, is included in the Appendix to InterDigital's proposed summary judgment brief as Exhibit H for the Court's convenience.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, Richard L. Horwitz, hereby certify that on September 24, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 24, 2007, I have Electronically Mailed the document to the following person(s):

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE 19899
yoderj@whiteandwilliams.com

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103
miscioscia@whiteandwilliams.com
whiteg@whiteandwilliams.com

By: <u>/s/ Richard L. Horwitz</u>
    Richard L. Horwitz
    Jennifer C. Wasson
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    jwasson@potteranderson.com

743996

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, on this ___ day of _____, 2007, upon consideration of the Motion of InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") for Leave to File Motion for Partial Summary Judgment and all papers in support thereof and in opposition thereto, it is hereby ORDERED that the motion is GRANTED. InterDigital's proposed Motion for Partial Summary Judgment and supporting papers shall be filed and deemed served as of the date of this Order.

_____
United States District Judge

821002 / 30373

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

**MOTION OF INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY OF COUNTERCLAIM DEFENDANTS HARTFORD FIRE INSURANCE COMPANY AND HARTFORD <u>CASUALTY INSURANCE COMPANY</u>**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and the Court's August 2, 2007 Revised Scheduling Order, defendants and counterclaim plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") hereby move for partial summary judgment as to the issue of plaintiffs and counterclaim defendants Hartford Fire Insurance Company's and Hartford Casualty Insurance Company's liability for breach of their duty to defend InterDigital in *Nokia Corporation & Nokia, Inc. v. InterDigital Communications Corp. & InterDigital Technology Corp.*, United States District Court for the District of Delaware, C.A. No. 05-16-JJF, and any further relief the Court deems appropriate. The reasons in support of this motion are included in InterDigital's accompanying brief and Appendix (Exhibits A and B hereto).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Richard L. Horwitz* |
|  | Richard L. Horwitz (#2246) |
| Stephen J. Mathes | Jennifer C. Wasson (#4933) |
| Arleigh P. Helfer III | Hercules Plaza, 6th Floor |
| Stacy B. Heenan | 1313 North Market Street |
| HOYLE, FICKLER, HERSCHEL & | Wilmington, DE 19801 |
| MATHES LLP | (302) 984-6000 |
| One South Broad Street - Suite 1500 | rhorwitz@potteranderson.com |
| Philadelphia, PA 19107 | jwasson@potteranderson.com |
| (215) 981-5710 |  |
|  | *Attorneys for Defendants* |
| Dated: September 24, 2007 | *InterDigital Technology Corporation and* |
| 820896 / 30373 | *InterDigital Communication Corporation* |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, on this ___ day of _____, 200__, upon consideration of the Motion of InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") for Partial Summary Judgment as to Liability and all papers in support thereof and in opposition thereto, it is hereby ORDERED that the motion is GRANTED. Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford") have breached their duty to defend InterDigital in *Nokia Corporation & Nokia, Inc. v. InterDigital Communications Corp. & InterDigital Technology Corp.*, United States District Court for the District of Delaware, C.A. No. 05-16-JJF.

The Clerk shall enter judgment against Hartford and in InterDigital's favor as to the issue of Hartford's liability only. These proceedings shall continue for the purpose of determining the issue of damages.

_____
United States District Judge

820896 / 30373