IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-422-JJF |
| v. | ) ) ) |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) |
| Defendants. | ) |

**RESPONSE OF INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY**

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
  MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

Dated: September 24, 2007
820938 / 30373

Richard L. Horwitz (#2246)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendants
InterDigital Technology Corporation and
InterDigital Communication Corporation*

InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC") (collectively, "InterDigital") oppose Plaintiffs' ("Hartford") motion to compel irrelevant and premature deposition testimony in this insurance coverage action concerning Hartford's duty to defend InterDigital in *Nokia Corporation & Nokia, Inc. v. InterDigital Communications Corp. & InterDigital Technology Corp.*, United States District Court for the District of Delaware, C.A. No. 05-16-JJF (the "*Nokia* action"). In support of its opposition, InterDigital states as follows:

1. On July 31, 2007, Hartford served InterDigital with a Rule 30(b)(6) notice seeking InterDigital's testimony on eighteen separate topics. (D.I. 49.)

2. Each topic noticed by Hartford is incredibly broad and most topics seek discovery concerning issues being litigated in the *Nokia* action. *See* Hartford Mot. at Tab B (D.I. 56).

3. After discussions and communications between counsel concerning the proper scope and timing of the deposition, InterDigital transmitted a letter to Hartford detailing its objections to the noticed topics of testimony. *See* Tab B of Hartford's motion (D.I. 56). Following Hartford's response that it would not reconsider its positions and would be moving to compel, InterDigital advised Hartford it would be prudent to postpone the deposition until the Court ruled on the parties' motions regarding the proper scope of discovery in this case. *See* Hartford Mot. at Tab C (D.I. 56).

4. There is no dispute that Pennsylvania's substantive law controls in this diversity action, which Hartford initially brought in the Eastern District of Pennsylvania, where ICC is headquartered.

5. Under controlling authority, the inquiry concerning the duty to defend is limited to the four corners of the complaint and the four corners of the insurance policy.[1] Courts analyzing the duty to defend under Pennsylvania law will not look beyond the face of the complaint against the insured or consider any extrinsic evidence, or permit discovery, concerning its allegations. *See Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co.*, 25 F.3d 177, 179-80 (3d Cir. 1994); *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) (holding lower appellate court erred in looking beyond the allegations on the face of the complaint to determine whether insurer had a duty to defend because the duty is determined *solely* from the face of the complaint); *see also Sunoco, Inc. v. Illinois Nat'l Ins. Co.*, 226 Fed. Appx. 104, 107 & n.2 (3d Cir. 2007) (observing that duty to defend is determined solely by the allegations of underlying complaint and noting the district court properly refused to allow discovery into the underlying case).[2]

6. In addition, applying Pennsylvania law, this Court previously acknowledged that "the duty to defend is based upon the allegations of the complaint." (D.I. 31 at 7.) In dismissing Hartford's claim seeking a declaration concerning the duty to indemnify InterDigital, the Court noted its concern that litigating facts in this action that might overlap with the *Nokia* action could result in anomalous results and unduly prejudice InterDigital. (*Id.* at 13, 14, 15-16.)

7. While InterDigital was hopeful that Hartford would acknowledge that controlling authority shows that the bulk of the testimony it seeks concerns the *Nokia* action and is therefore

---

[1] Simultaneously with this response, InterDigital is filing a motion for leave to file a motion for partial summary judgment as to liability, which spells out in greater detail why Hartford's duty to defend can be adjudicated on the undisputed facts by comparing the Nokia complaints to the coverage afforded by Hartford's policies.

[2] The only exception to this strict rule is that the insured must be given an opportunity to demonstrate that an exception to a policy exclusion applies; there is, however, no such exception for the carrier, which remains restricted to the allegations in the underlying complaint and may not introduce extrinsic evidence. *See Air Prods.*, 25 F.3d at 180.

irrelevant to the determination of whether Hartford has a duty to defend, Hartford has refused to modify its requested topics in any respect. *See, e.g.*, Hartford Mot. Tab B at 2 (D.I. 56).

8. In effect, Hartford is attempting to litigate issues here that are in issue in the underlying *Nokia* action.

9. InterDigital has objected to all requested topics of testimony that concern the facts of the *Nokia* action, including topics requesting testimony on the "facts, claims, and allegations contained in Nokia's Amended Complaint filed in the Nokia action and InterDigital's Original Answer to Nokia's First Amended Complaint and Original Counterclaims." *See* Hartford Mot. Tab B at 1 (D.I. 56).

10. Now, in moving to compel testimony on all of its noticed topics without any limitations whatsoever, Hartford contends that it is within a "limited exception to the majority [four corners] rule described above . . . recognized by several jurisdictions, ***which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured.'***" (Hartford Mot. at ¶ 9) (D.I. 56) (emphasis in original). However, this *minority* position has never been adopted by a Pennsylvania court. Instead, it is based on New Jersey law, which stands quite apart from the majority approach followed in Pennsylvania. *See, e.g., Sherwin-Williams Co. v. Certain Underwriters at Lloyd's London*, 813 F. Supp. 576, 583 (N.D. Ohio 1993) (observing that the New Jersey approach is inconsistent with Ohio law, which, like Pennsylvania law, determines the duty to defend "solely on the claims arguably or potentially stated against the insured in the complaint").

11. Even if Pennsylvania had adopted the minority "limited exception," Hartford's requested topics of testimony are not within even that limited exception, which Hartford

3

acknowledges applies "only when the relevant facts 'will not be resolved by the trial'" in the Nokia action.. For example, Hartford admits it seeks testimony on the "facts, claims and allegations in the Nokia pleadings . . . , InterDigital's purported statements *at issue* in the *Nokia* action . . . , [and] InterDigital's statements that either InterDigital or Nokia contends slanders or libels Nokia or disparages Nokia's goods, products or services . . . ." (Hartford Mot. at ¶ 3) (D.I. 56) (emphasis added). These are clearly matters that are at issue in the underlying action.

12. Nokia also contends that all the noticed topics are relevant to the issue of damages, which it first articulated to InterDigital on August 8. While some topics may be marginally relevant to the issue of InterDigital's cost of defending the underlying suit, Nokia's requests on those issues are overly broad. For example, Nokia seeks all of the pleadings and discovery taken in the *Nokia* action, including the facts of the *Nokia* action, under the theory that they are related to the reasonableness of the counsel fees InterDigital has paid to defend the *Nokia* action.

13. InterDigital voiced its concern about such burdensome discovery to Hartford because the issue of damages is ancillary to a determination of the duty to defend and may prejudice InterDigital. *See* e-mail from Arleigh Helfer to Anthony Miscioscia dated August 8, 2007 3:37 p.m., attached hereto as Exhibit A.

14. As a compromise, InterDigital proposed bifurcation of liability and damages issues to Hartford, *see* Exh. A; Hartford Mot. Tab B at p.5 (D.I. 56), but Hartford flatly refused to discuss bifurcation.

15. For these reasons and for the reasons articulated in InterDigital's cross-motion for protective order, and InterDigital's motion for leave to file a motion for partial summary judgment, which are incorporated herein by reference, Hartford's motion to compel deposition testimony should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
   MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA  19107
(215) 981-5710

Dated:  September 24, 2007
820938 / 30373

By: */s/ Richard L. Horwitz*
   Richard L. Horwitz (#2246)
   Jennifer C. Wasson (#4933)
   Hercules Plaza, 6th Floor
   1313 North Market Street
   Wilmington, DE 19801
   (302) 984-6000
   rhorwitz@potteranderson.com
   jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 24, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 24, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| James S. Yoder<br>White & Williams LLP<br>824 N. Market Street, Suite 902<br>Wilmington, DE  19899<br>yoderj@whiteandwilliams.com | Anthony L. Miscioscia<br>Gale White<br>White and Williams LLP<br>1800 One Liberty Place<br>Philadelphia, PA  19103<br>miscioscisaa@whiteandwilliams.com<br>whiteg@whiteandwilliams.com |

By: */s/ Richard L. Horwitz*
Richard L. Horwitz
Jennifer C. Wasson
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

743996

# EXHIBIT A

# Arleigh Helfer

| | |
|---|---|
| **From:** | Miscioscia, Anthony [Miscioscia@whiteandwilliams.com] |
| **Sent:** | Wednesday, August 08, 2007 4:10 PM |
| **To:** | Arleigh Helfer |
| **Cc:** | White, Gale; Stephen Mathes |
| **Subject:** | RE: InterDigital/Hartford -- Fax Letter |

Arleigh,

Given the discovery deadline, the fact that the case has not been bifurcated, nor has bifurcation been suggested before, and the fact that I do not believe producing all of the pleadings in the Nokia action is that burdensome (but is necessary in light of certain materials having been filed under seal and thus not fully available via the electronic docket)
or that producing discovery from the Nokia action is burdensome (as I assume that this is readily available and organized in counsel's office), I do not want to hold up discovery any further at this time.

At this point, I would appreciate receiving as soon as possible whatever it is you are willing to produce, so that we can determine exactly what is not being produced and then determine best how to proceed.  We are willing to review materials this week if available.

Also, please provide dates for your designee(s) deposition if the currently noticed date does not work for you.

Tony


Anthony L. Miscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 miscioscia@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Wednesday, August 08, 2007 3:37 PM
To: Miscioscia, Anthony
Cc: White, Gale; Stephen Mathes
Subject: RE: InterDigital/Hartford -- Fax Letter

Tony,

My recollection of our conversation is different.  We have not refused to "produce to Hartford all of the pleadings."  As I said during our conversation, we will produce to Hartford the Complaint and the Amended Complaint, which along with the policies are the documents relevant to determination of the duty to defend.

We are reluctant to get into the voluminous discovery concerning the underlying case that Hartford is seeking at this time.  At best, the discovery Hartford seeks is marginally

1

relevant to the reasonableness of the attorneys' fees in the underlying case. That is a slender reed on which to support such burdensome discovery. In fact, given Hartford's demands for this material in its denial letter as well as in discovery, including the very broad Rule 30(b)(6) notice Hartford recently served, it does not appear that Hartford is really seeking this discovery to gauge the reasonableness of attorney invoices, which it has not even seen yet. I would suggest that you first review the bills, the bulk of which I expect to produce today now that the confidentiality stipulation is in place. We are uneasy that Hartford appears to be placing its principal emphasis on this ancillary issue as discovery is ramping up, which really places the cart before the horse.

As you know, Judge Farnan himself noted in dismissing Hartford's count seeking a declaration of its duty to indemnify that it is improper to litigate the facts of an underlying case in a coverage matter. As he observed, the insurer may end up prejudicing its insured. As you also know, the issue of damages will only arise if the court determines Hartford wrongly denied InterDigital a defense in the Nokia lawsuit.

One potential solution would be to bifurcate the proceedings as to liability and damages. We realize that the parties will need to negotiate about these issues in an attempt to resolve them; however, the InterDigital attorney responsible for this matter is out of the country on vacation until August 14. Thus, we will not be in a position to negotiate until early next week.

Finally, I do not agree that the confidentiality agreement in our case necessarily moots any and all confidentiality issues. Even if we agreed that Hartford is presently entitled to everything it seeks, which we do not, there are still important, binding limitations imposed by the underlying confidentiality order on InterDigital's ability to disclose Nokia's confidential information.

Arleigh

-----Original Message-----
From: Miscioscia, Anthony [mailto:Miscosciaa@whiteandwilliams.com]
Sent: Wednesday, August 08, 2007 10:01 AM
To: Arleigh Helfer
Cc: White, Gale
Subject: RE: InterDigital/Hartford -- Fax Letter


Arleigh,

This is to confirm our conversation of today, wherein I asked that you reconsider your current refusal to produce to Hartford all of the pleadings, discovery and other materials exchanged with Nokia.

Those materials are clearly not privileged (as they have been exchanged between Nokia and InterDigital), and our recently finalized confidentiality agreement moots any confidentiality concerns/objections that InterDigital may have. Further, while InterDigital disputes whether those materials are relevant to the duty to defend issue, InterDigital seems to have ignored the fact that it is seeking to recover the fees and costs associated with those materials. As such, those materials clearly are relevant and subject to discovery.

I am hopeful that InterDigital will reconsider its position to avoid what I believe to be unnecessary motion practice. Please let me know by the end of the day Thursday whether InterDigital will produce the pleadings, discovery and other communications in the Nokia action.

Tony


Anthony L. Miscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 miscosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

2

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Monday, August 06, 2007 5:19 PM
To: Miscioscia, Anthony
Subject: InterDigital/Hartford -- Fax Letter

Tony,

I am attaching a letter that I was trying to fax to you this afternoon. We discovered that our telephone service provider is having difficulty with our firm's fax line, however, so I've scanned it in to .pdf format instead. You'll get the original by mail.

Arleigh

3

## Arleigh Helfer

| | |
|---|---|
| From: | Arleigh Helfer |
| Sent: | Monday, August 06, 2007 5:19 PM |
| To: | 'Miscioscia, Anthony' |
| Subject: | InterDigital/Hartford -- Fax Letter |



SDOC5214.pdf
(125 KB)

Tony,

I am attaching a letter that I was trying to fax to you this afternoon.  We discovered that our telephone service provider is having difficulty with our firm's fax line, however, so I've scanned it in to .pdf format instead.  You'll get the original by mail.

Arleigh

1

# The Hoyle Law Firm
HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street
Suite 1500
Philadelphia, PA 19107

215-981-5700
Fax 215-981-5959

## FAX COVER SHEET

DATE: August 6, 2007               CLIENT/MATTER NO.: 2925.006

PAGES SENT: Cover Plus 2

| **TO:** | **FAX NO.:** | **TELPHONE NO.:** |
|---|---|---|
| Anthony L. Miscioscia, Esquire | 215-7897659 | 215-864-6356 |
| **FROM**: Arleigh P. Helfer III, Esquire | | (215) 981-5830 |

## MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (215) 981-5805

# The Hoyle Law Firm

HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street, Suite 1500
Philadelphia, PA 19107-3418

215-981-5700  Fax 215-981-5959
www.hoylelawfirm.com

**Arleigh P. Helfer III**
Direct Dial: (215) 981-5830
E-Mail: ahelfer@hoylelawfirm.com

August 6, 2007

**VIA FACSMILE & U.S. Mail**

Anthony Miscioscia, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA 19103-7395

      Re:    **Hartford Fire Insurance Co., et al. v. InterDigital Communications Corporation, et al., D. Del. Civil Action No. 06-422**

Dear Tony:

    I received your e-mail communication of August 2, 2007, concerning document production.

    As you know by virtue of my e-mail to you of this afternoon, our local counsel had one further suggestion for the proposed confidentiality order that is important to the burden on outside counsel and its records following the conclusion of this lawsuit. (This follows Hartford's most recent proposals and edits, which we reviewed and fine tuned last week.) Our client is reviewing the suggestion. I expect to have an answer tomorrow. I, too, wish there had not been as much delay in getting this finalized; however, we are doing the best we can in light of your client's prolonged illness, the birth of my daughter, summer vacations, and my own recent illness.

    On the topic of document production, I told your associate Sean Kirkpatrick during a telephone conversation last Wednesday that my estimate of a month to complete document production was made out of an abundance of caution. My contact at our client for coordination of document discovery issues was away on a long vacation from which she has just returned, and which had started just after I returned from the birth of my daughter. In any event, she is back.

    As I also told Sean, I anticipate we will be able to produce most materials very quickly with the confidentiality agreement and order in place (*e.g.*, invoices from the defense of the underlying action, documentation concerning the corporate relationship between the InterDigital entities involved in this suit). Assuming we are able to get the confidentiality order on file, you should have the bulk of the documents in the next few days. We are collecting a few more

The Hoyle Law Firm

documents, such as insurance policies, that I have determined were missing from our prior collection. In any event, please be assured we are working to complete the production promptly. A more realistic estimate for the completion of the production is probably within two weeks.

That being said, I do not understand why you believe we are producing all materials and discovery Hartford requested relating to the *Nokia* case. You received the written responses to Hartford's discovery requests at the end of June. InterDigital's responses make clear its position, given the controlling law concerning how the duty to defend is ascertained, as well as Judge Farnan's own opinion dismissing Hartford's count seeking a declaration as to the duty of indemnity, that Hartford's discovery requests go far beyond the scope of what is conceivably discoverable in a suit concerning the duty to defend. Under the controlling authority, the relevant inquiry is confined to the four corners of the complaint and the four corners of the policies. As Hartford must know, extrinsic evidence is not relevant to the inquiry. Frankly, the vast majority of Hartford's requests, which seek vast amounts of information pertaining to the "true facts" of the underlying lawsuit, are therefore abusive of its policyholder. Please review our discovery responses.

Sincerely yours,

Arleigh P. Helfer III