## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## CROSS-MOTION OF INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS' DISCOVERY REQUESTS

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
   MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

Dated: September 24, 2007
820941 / 30373

Richard L. Horwitz (#2246)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC") (collectively, "InterDigital") respectfully move the Court for a Protective Order staying discovery concerning Plaintiffs' ("Hartford") interrogatories and document requests propounded to InterDigital pending a determination of InterDigital's motion for leave to file a motion for partial summary judgment[1] as to liability and determination of the proposed motion. Good cause exists in support of the requested protective order because, as described more fully below and in InterDigital's papers concerning partial summary judgment, Hartford is seeking irrelevant, premature, and prejudicial discovery in this insurance coverage action concerning Hartford's duty to defend InterDigital in *Nokia Corporation & Nokia, Inc. v. InterDigital Communications Corp. & InterDigital Technology Corp.*, United States District Court for the District of Delaware, C.A. No. 05-16-JJF (the "*Nokia* action"). In support of its motion, InterDigital states as follows:

1. InterDigital incorporates by reference its opposition to Hartford's motion to compel discovery concerning the *Nokia* action. For the reasons stated in InterDigital's opposition, the discovery sought by Hartford concerns topics irrelevant to the coverage action but which duplicate the discovery in the *Nokia* action.

2. InterDigital also incorporates by reference its motion for leave to file a motion for partial summary judgment and the proposed summary judgment brief. Those documents further explain the reasons why additional discovery is not needed concerning the issue of Hartford's duty to defend the *Nokia* action.

---

[1] InterDigital is filing its motion for leave to file a motion for partial summary judgment contemporaneously herewith.

3. On September 9, 2007, Hartford served InterDigital with a second set of document requests and interrogatories, seeking additional discovery concerning damages issues. *See* Hartford's Second Set of Interrogatories and Second Set of Document Requests, attached hereto as Exhibit A. Much of the requested discovery involves InterDigital's relationship and communications with its attorneys defending the *Nokia* action. For example, Hartford baldly requests "any documents, including any and all letters, emails or other communications, exchanged between InterDigital (and/or anyone action on its behalf) and any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit . . . regarding that person's or entity's billing, retention, or termination." (*Id.*, Request No. 6.) By way of further example, Hartford also seeks the "complete files maintained by any law firm . . . for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit . . . ." (*Id.*, Request No. 10.)

4. InterDigital has previously requested that Hartford consider bifurcation of issues in this case as to liability and damages, but Hartford has refused to discuss such possibilities. *See* InterDigital Opp. to Hartford's Mot. to Compel Discovery ¶ 10.

5. This Court has recognized the wisdom of bifurcating discovery or phasing discovery to avoid possible prejudice or waste of judicial resources and the resources of parties. *See, e.g.*, *Dobrich v. Walls*, C.A. No. 05-120-JJF, 2006 WL 2642218, *1 (D. Del. Sept. 14, 2006) (noting Court contemplated narrow, focused, and relatively brief and uncontentious discovery on preliminary matters with more extensive discovery to follow on remaining issues).

6. To be sure, this Court has considerable discretion in controlling its docket and discovery. *See, e.g.*, *Miller v. Ashcroft*, 76 Fed. Appx. 457, 461 (3d Cir. 2003) (observing that district courts have discretion concerning conduct of discovery); *In re Fine Paper Antitrust*

*Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) (noting docket control and conduct of discovery are "committed to the sound discretion of the district court").

7.  As explained in InterDigital's brief in support of its proposed motion for partial summary judgment, because the duty to defend is determined as a matter of law by measuring the allegations on the face of the underlying complaint against the coverage language of the insurance policies without regard to extrinsic evidence, discovery concerning facts relating to the underlying action is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence concerning the determination of the duty to defend.

8.  Similarly, discovery concerning potential damages or the reasonableness of attorneys' fees incurred by the insured following a denial of a defense is premature before determination of Hartford's duty to defend.

9.  Hartford seeks wide-ranging and burdensome discovery concerning sensitive topics that relate to the *Nokia* action, which are irrelevant to the determination of the duty to defend and which may unduly prejudice InterDigital if determined in this coverage dispute.

10.  Hartford also seeks wide-ranging and burdensome discovery on topics that it contends are related to the issue of damages, including discovery concerning InterDigital's legal strategies in the *Nokia* action, its choice of counsel, and the substance of all of the pleadings and allegations in the *Nokia* action. *See generally* Exhibit A; Hartford Mot. to Compel Discovery, Tab C. Such extensive discovery concerning damages issues would also open a back door for Hartford to gain access to extrinsic evidence concerning the *Nokia* action, which will unduly complicate this action and which may unduly prejudice InterDigital.[2]

---

[2] InterDigital voiced its concern about such burdensome discovery to Hartford because the issue of damages is ancillary to a determination of the duty to defend and may prejudice InterDigital.

11.   In dismissing Hartford's claim seeking a declaration concerning the duty to indemnify InterDigital, the Court noted its concern that prematurely litigating facts in this action that might overlap with the *Nokia* action could result in anomalous results and unduly prejudice InterDigital. (D.I. #31 at 13, 14, 15-16.)

12.   On the other hand, delaying discovery concerning issues relating to damages until the existence of a duty to defend has been determined will not have any similar prejudicial effect on Hartford. If the Court finds Hartford breached its duty to defend, then the parties can proceed to engage in discovery concerning the extent of Hartford's financial obligation to InterDigital or otherwise resolve this case.

13.   Accordingly, good cause exists to enter a protective order pursuant to Rule 26(c), staying discovery until the Court determines whether Hartford has breached its duty to defend. Such an order, in conjunction with InterDigital's proposed motion for partial summary judgment as to liability, would have the effect of bifurcating the issues in this proceeding as to liability and damages, which is the discovery compromise InterDigital proposed to Hartford.

Pursuant to Local Rule 7.1.1, counsel for Defendants contacted counsel for Plaintiffs regarding this cross-motion; Plaintiffs will oppose the cross-motion.

---

*See* e-mail from Arleigh Helfer to Anthony Miscioscia dated August 8, 2007 3:37 p.m., attached hereto as Exhibit B.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
    MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

Dated: September 24, 2007
820941 / 30373

By: _/s/ Richard L. Horwitz_
    Richard L. Horwitz (#2246)
    Jennifer C. Wasson (#4933)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 24, 2007, the attached document

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

to the registered attorney(s) of record that the document has been filed and is available for

viewing and downloading.

I further certify that on September 24, 2007, I have Electronically Mailed the document

to the following person(s):

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE 19899
yoderj@whiteandwilliams.com

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103
misciosciaa@whiteandwilliams.com
whiteg@whiteandwilliams.com

By:  */s/ Richard L. Horwitz*
    Richard L. Horwitz
    Jennifer C. Wasson
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    jwasson@potteranderson.com

743996

# EXHIBIT A

# White and Williams LLP

WW

1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: 215.864.7000
Fax: 215.864.7123

Jennifer L. Wojciechowski
Direct Dial: 215.864.70192
Direct Fax: 215.789.7624
wojciechowskij@whiteandwilliams.com

September 7, 2007

VIA HAND DELIVERY

Steven Mathes, Esquire
Arleigh P. Helfer, III, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107-3418

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

      **RE: Hartford Fire Ins. Co., et al. v. InterDigital Communications
      Corp., et al.**

Dear Counsel:

Enclosed please find Hartford's Second Set of Interrogatories and Second Requests For Production of Documents directed to InterDigital.

Very truly yours,

WHITE AND WILLIAMS LLP

By: *Jennifer L. Wojciechowski*

Jennifer L. Wojciechowski

Enclosures

cc: Anthony Miscioscia, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY, et al.** | : <br> : <br> : | JURY TRIAL DEMANDED |
| Plaintiffs, | : <br> : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION, et al.** | : <br> : <br> : | |
| Defendants. | : <br> : | |

### HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company hereby request that Defendants InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC"), respond to the following Second Set of Interrogatories pursuant to the Federal Rules of Civil Procedure and the applicable local rules.

### INSTRUCTIONS

1.    Each Interrogatory is to be answered in writing and under oath by you (30) days after service of the Interrogatories or such earlier date as proscribed by Order of this Court.

2.    In answering these Interrogatories, you shall furnish all information available to you at the time of answering including information in the possession of your representatives, employees, agents or attorneys.  You shall supplement your answers whenever necessary in accordance with the Federal Rules of Civil Procedure.

3.     Each Interrogatory shall be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete is not an excuse for failure to answer each Interrogatory as fully as possible. If you are unable to answer an Interrogatory after you have attempted to obtain the information, answer to the extent possible. State what information you have concerning the unanswered portion, specify why you are unable to answer the remainder, and specify how you attempted to obtain the unknown information.

4.     If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which privilege is claimed), and all facts or bases on which you claim the privilege. The claim should contain such specificity as to permit the Court to make full a determination of its validity.

5.     For each Interrogatory:

  a.     Identify the person who has answered the Interrogatory;

  b.     Identify each document relied on, or which forms a basis for the answer, or which corroborates the answer given. Cite the specific pages of each document on which you rely; and

  c.     Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, the Interrogatory.

-2-

## DEFINITIONS

1.      The terms "you", "your" or "InterDigital" refer to Defendants InterDigital Communications Corporation and/or InterDigital Technology Corporation (collectively and individually), or any other person or entity acting on its/their behalf.

2.      The term "*Nokia* action" refers to the matter captioned: *Nokia Corporation and Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology Corporation*, filed in the United States District Court for the District of Delaware.

3.      The term "Nokia-InterDigital Arbitration" refers to the arbitration and any related proceedings, including appeals including but not limited to *Nokia Corp. v. InterDigital Communications*, Slip Copy, 2005 WL 3525696 (D. Del. Dec. 21, 2005), between InterDigital and Nokia.

4.      The term "Nokia" refers to Nokia Corporation, Nokia, Inc. and/or any other plaintiff in the *Nokia* action, or any other person or entity acting on their behalf.

5.      The term "Hartford" refers to Hartford Fire Insurance Company and/or Hartford Casualty Insurance Company, or any other person or entity acting on their behalf.

6.      The term "Hartford Policies" refers to:

    (a)      Hartford Fire Insurance Company general liability Policy No. 39 UUN TS 0845 DB for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to December 22, 2005 policy period;

    (b)      Hartford Casualty Insurance Company excess Policy No. Policy No. 39 RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 RHU TS 0953 for the December 22, 2004 to December 22, 2005 policy period; or,

    (c)      any other insurance policy or certificate issued (or allegedly issued) by Hartford and/or one of its parents, subsidiaries or affiliates which you contend provides either Defendant with coverage concerning the *Nokia* action.

-3-

## INTERROGATORIES

1    Identify the name of each law firm (including office address, telephone number, and contact person) for whose invoices reimbursement/payment is sought by InterDigital in this lawsuit.

**Response:**

2    For each law firm identified in response to Interrogatory No. 1, identify each individual approved to work on the *Nokia* action, the approved billing rate(s) (and the person approving such rate(s)) for each individual and, if the rates have changed through the period of time in which the law firm performed work regarding the *Nokia* action, identify the approved rate(s) for each individual for each period of time in which work was provided.

**Response:**

-4-

3       Identify any agreements concerning rate increases or annual increases approved for the law firms identified in response to Interrogatory No. 1, including but not limited to:  (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, and (f) Wilson Sonsini Goodrich & Rosati.

**Response:**

4       Identify all computer or information technology persons associated with InterDigital as well as at each of the law firms identified in response to Interrogatory No. 1 who are responsible for maintaining all electronic documents and backup documents and identify what systems are used for billing and email at each such law firm.

**Response:**

-5-

5       For each and every law firm identified in response to Interrogatory No. 1, as well as: (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, and (f) Wilson Sonsini Goodrich & Rosati, and identify any and all individuals at InterDigital or any law firm who are or were responsible for (a) reviewing any of the defense bills for which InterDigital seeks payment/reimbursement in this lawsuit, (b) commenting on any of the amounts charged, and/or (c) processing bills for payment and/or paying such bills, and describe each individual's role.

**Response:**

6       For each and every law firm identified in response to Interrogatory No. 1, as well as : (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, and (f) Wilson Sonsini Goodrich & Rosati, identify the work for which each law firm was responsible, what individuals were approved to complete such work, the approved billing rate for the work requested, and identify the person responsible for file (or persons if the identity of that individual varied over time).

**Response:**

7       For each and every law firm identified in response to Interrogatory No. 1, as well as : (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, and (f) Wilson Sonsini Goodrich & Rosati, identify the realization rate (the amount of time billed versus the amount of time collected, expressed in a percentage) for each attorney providing service with regard to the *Nokia* action on annual basis.

**Response:**

8       Identify any lawsuits which have been active/ongoing at any point in time since the filing of the *Nokia* action which involve both (a) InterDigital and (b) any of the patents at issue in the *Nokia* action.

**Response:**

-7-

9       For any other litigation pending (as identified in response to Interrogatory No. 7), other than the *Nokia* action, identify any law firm providing services to InterDigital in connection with any other litigation and the dates on which such services were provided.

**Response:**

WHITE AND WILLIAMS LLP


/s/ James S. Yoder
James S. Yoder
824 N. Market Street, Suite 902
Wilmington, DE 19899
(302) 654-0424
yoderj@whiteandwilliams.com


OF COUNSEL:

Gale White, Esquire
Anthony Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7000

*Attorneys for Plaintiffs*

Dated: September 7, 2007

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of

Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Second Set of

Interrogatories Directed To Defendants InterDigital Communications Corporation and

InterDigital Technology Corporation to be served, via hand delivery, on this date, upon the

following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA 19107-3418
*Counsel for InterDigital*
*Communications Corporation and*
*InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

WHITE AND WILLIAMS LLP

___/s/ James S. Yoder_____
James S. Yoder

Date: September 7, 2007

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY, et al.** | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 06-422-JJF |
| | : | |
| **INTERDIGITAL COMMUNICATIONS CORPORATION, et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively referred to herein as "Hartford") submit this Second Request for Production of Documents directed to Defendants InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation("ITC").

Pursuant to the Federal Rules of Civil Procedure and any local rules governing discovery, you are requested to serve written responses to each of the requests for production of documents as listed below, and to produce all requested documents within 30 days of the date of this request.

## INSTRUCTIONS

For purposes of these Requests and with respect to the documents, records and other things hereinafter requested, the term "document" shall mean, refer to and include any writing, record or physical manifestation of any type or description, including but not limited to,

agreements, contracts, reports, correspondence, letters, telegrams, facsimile, inter-office

communications, e-mails, documents, analyses, evaluations, instructions, specifications, notes,

notebooks, charts, tapes, disks, books and any other physical or tangible materials now or

heretofore in the custody, control or access of any of its or their employees, agents, attorneys, or

whomever and for whatever, purpose prepared and wherever located and including any non-

identical copies, together with any and all attachments thereto at any time made, as well as any

"documents" as described in Fed. R Civ. P. Rule 34.

　　　If any form of privilege or other protection from disclosure is claimed as a ground for

withholding a document or responsive information contained in a document, set forth with

respect to the document, the date, title, identity of the author, subject matter (without revealing

the information for which privilege is claimed), and all facts or bases on which you claim the

privilege.  The claim should contain such specificity as to permit the Court to make a full

determination of its validity.

## DEFINITIONS

　　　1.　　The terms "you", "your" or "InterDigital" refer to Defendants InterDigital

Communications Corporation and/or InterDigital Technology Corporation (collectively and

individually), or any other person or entity acting on its/their behalf.

　　　2.　　The term "*Nokia* action" refers to the matter captioned: *Nokia Corporation and*

*Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology*

*Corporation*, filed in the United States District Court for the District of Delaware.

　　　3.　　The term "Nokia-InterDigital Arbitration" refers to the arbitration and any related

proceedings, including appeals including but not limited to *Nokia Corp. v. InterDigital*

*Communications,* Slip Copy, 2005 WL 3525696 (D. Del. Dec. 21, 2005), between InterDigital and Nokia.

4.    The term "Nokia" refers to Nokia Corporation, Nokia, Inc. and/or any other plaintiff in the *Nokia* action, or any other person or entity acting on their behalf.

5.    The term "Hartford" refers to Hartford Fire Insurance Company and/or Hartford Casualty Insurance Company, or any other person or entity acting on their behalf.

6.    The term "Hartford Policies" refers to:

(a)    Hartford Fire Insurance Company general liability Policy No. 39 UUN TS 0845 DB for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 UUN TS 0845 K1 for the December 22, 2004 to December 22, 2005 policy period;

(b)    Hartford Casualty Insurance Company excess Policy No. Policy No. 39 RHU TS 0953 for the December 22, 2003 to December 22, 2004 policy period and Policy No. 39 RHU TS 0953 for the December 22, 2004 to December 22, 2005 policy period; or,

(c)    any other insurance policy or certificate issued (or allegedly issued) by Hartford and/or one of its parents, subsidiaries or affiliates which you contend provides either Defendant with coverage concerning the *Nokia* action.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce any and all supporting documentation for all of the amounts reflected on any invoices for which InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, draft bills, original raw data sheets on which time was recorded by every person who billed time, vendors invoices and documentation for any expenses, including telephone charges, legal research, overnight or other delivery charges, etc., reflected in any of the law firm invoices produced by InterDigital in this lawsuit.

2.    Produce any billing guidelines issued to any of the law firms for whose invoices/payment reimbursement is sought, and any documents reflecting when those guidelines

-3-

were issued, amended, redacted, withdrawn or replaced, as well as produce any subsequent guidelines, if any, which were in place.

3.    For any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, produce any retention letters or agreements between InterDigital (or any person or entity on InterDigital's behalf, including but not limited to any law firm) and such law firm, expert or service provider. Your response should include but not necessarily be limited to any such retention letter or agreement issued to: (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.

4.    For any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation, produce any documents evidencing, detailing, stating, or discussing those individuals who are approved to work on the *Nokia* action and the approved rates at which those individuals may bill time on the *Nokia* action.

-4-

5.    Produce any documents evidencing, detailing, stating or discussing the firing or termination of any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.

6.    Produce any documents, including any and all letters, emails or other communications, exchanged between InterDigital (and/or anyone acting on its behalf) and any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation., regarding that person's or entities' billing, retention, or termination.

-5-

7.    Produce all documents, including any and all letters, emails or other communications, evidencing, detailing, stating or discussing why a particular law firm or vendor was retained or terminated in connection with the *Nokia* action.

8.    Produce any litigation budgets or other budgets prepared by any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation..

9.    Produce any documents evidencing, detailing, stating, discussing or reflecting any analysis or criticism of any work done by any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.

10.     Produce the complete files maintained by any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.

11.     For any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation, produce each law firm's internal guidelines or manuals regarding file handling procedures and any training manuals and materials used in training associates at each law firm.

12.     For any law firm, expert witness or other service provider for whom InterDigital seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in

-7-

Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of

Interrogatories Directed To Defendants InterDigital Communications Corporation And

InterDigital Technology Corporation, produce all fee petitions ever filed by each law firm to

collect attorney fees and costs, and any court orders entered regarding those fee petitions.

      13.    For any law firm, expert witness or other service provider for whom InterDigital

seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, (a)

Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret &

Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson

Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in

Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of

Interrogatories Directed To Defendants InterDigital Communications Corporation And

InterDigital Technology Corporation, produce any documents evidencing, detailing, stating, or

discussing the realization rate (the amount of time billed versus the amount of time collected,

expressed in a percentage) for each attorney on an annual basis.

~~14.    For any law firm, expert witness or other service provider for whom InterDigital~~

seeks payment/reimbursement by Hartford in this lawsuit, including, but not limited to, (a)

Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret &

Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson

Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in

Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of

Interrogatories Directed To Defendants InterDigital Communications Corporation And

InterDigital Technology Corporation, produce each law firm's rate schedule for each of the years

in question and any law firm guidelines regarding when the master rate schedule may be adjusted for clients.

15.    Produce any documents evidencing, detailing, stating, discussing or reflecting any communications between InterDigital and Nokia concerning InterDigital's insurance coverage, including but not limited to any Rule 26 disclosures or other discovery responses concerning insurance.

16.    Produce any documents referred to in any response to Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.


**WHITE AND WILLIAMS LLP**


/s/ James S. Yoder___
James S. Yoder
824 N. Market Street, Suite 902
Wilmington, DE 19899
~~(302) 654-0424~~
yoderj@whiteandwilliams.com


OF COUNSEL:

Gale White, Esquire
Anthony Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7000

*Attorneys for Plaintiffs*

Dated: September 7, 2007

PHLDMS1 3309294v.1

# CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of

Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Second Requests

for Production of Documents Directed To Defendants to be served, via hand delivery, on this

date, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA 19107-3418
*Counsel for InterDigital
Communications Corporation and
InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications
Corporation and InterDigital Technology
Corporation*

WHITE AND WILLIAMS LLP


__/s/ James S. Yoder_____
James S. Yoder

Date: September 7, 2007

# EXHIBIT B

## Arleigh Helfer

| | |
|---|---|
| **From:** | Miscioscia, Anthony [Miscosciaa@whiteandwilliams.com] |
| **Sent:** | Wednesday, August 08, 2007 4:10 PM |
| **To:** | Arleigh Helfer |
| **Cc:** | White, Gale; Stephen Mathes |
| **Subject:** | RE: InterDigital/Hartford -- Fax Letter |

Arleigh,

Given the discovery deadline, the fact that the case has not been bifurcated, nor has bifurcation been suggested before, and the fact that I do not believe producing all of the pleadings in the Nokia action is that burdensome (but is necessary in light of certain materials having been filed under seal and thus not fully available via the electronic docket)
or that producing discovery from the Nokia action is burdensome (as I assume that this is readily available and organized in counsel's office), I do not want to hold up discovery any further at this time.

At this point, I would appreciate receiving as soon as possible whatever it is you are willing to produce, so that we can determine exactly what is not being produced and then determine best how to proceed. We are willing to review materials this week if available.

Also, please provide dates for your designee(s) deposition if the currently noticed date does not work for you.

Tony

Anthony L. Miscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 miscosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Wednesday, August 08, 2007 3:37 PM
To: Miscioscia, Anthony
Cc: White, Gale; Stephen Mathes
Subject: RE: InterDigital/Hartford -- Fax Letter

Tony,

My recollection of our conversation is different. We have not refused to "produce to Hartford all of the pleadings." As I said during our conversation, we will produce to Hartford the Complaint and the Amended Complaint, which along with the policies are the documents relevant to determination of the duty to defend.

We are reluctant to get into the voluminous discovery concerning the underlying case that Hartford is seeking at this time. At best, the discovery Hartford seeks is marginally

1

relevant to the reasonableness of the attorneys' fees in the underlying case. That is a slender reed on which to support such burdensome discovery. In fact, given Hartford's demands for this material in its denial letter as well as in discovery, including the very broad Rule 30(b)(6) notice Hartford recently served, it does not appear that Hartford is really seeking this discovery to gauge the reasonableness of attorney invoices, which it has not even seen yet. I would suggest that you first review the bills, the bulk of which I expect to produce today now that the confidentiality stipulation is in place. We are uneasy that Hartford appears to be placing its principal emphasis on this ancillary issue as discovery is ramping up, which really places the cart before the horse.

As you know, Judge Farnan himself noted in dismissing Hartford's count seeking a declaration of its duty to indemnify that it is improper to litigate the facts of an underlying case in a coverage matter. As he observed, the insurer may end up prejudicing its insured. As you also know, the issue of damages will only arise if the court determines Hartford wrongly denied InterDigital a defense in the Nokia lawsuit.

One potential solution would be to bifurcate the proceedings as to liability and damages. We realize that the parties will need to negotiate about these issues in an attempt to resolve them; however, the InterDigital attorney responsible for this matter is out of the country on vacation until August 14. Thus, we will not be in a position to negotiate until early next week.

Finally, I do not agree that the confidentiality agreement in our case necessarily moots any and all confidentiality issues. Even if we agreed that Hartford is presently entitled to everything it seeks, which we do not, there are still important, binding limitations imposed by the underlying confidentiality order on InterDigital's ability to disclose Nokia's confidential information.

Arleigh

-----Original Message-----
From: Miscioscia, Anthony [mailto:Misciosciaa@whiteandwilliams.com]
Sent: Wednesday, August 08, 2007 10:01 AM
To: Arleigh Helfer
Cc: White, Gale
Subject: RE: InterDigital/Hartford -- Fax Letter


Arleigh,

This is to confirm our conversation of today, wherein I asked that you reconsider your current refusal to produce to Hartford all of the pleadings, discovery and other materials exchanged with Nokia.

Those materials are clearly not privileged (as they have been exchanged between Nokia and InterDigital), and our recently finalized confidentiality agreement moots any confidentiality concerns/objections that InterDigital may have. Further, while InterDigital disputes whether those materials are relevant to the duty to defend issue, InterDigital seems to have ignored the fact that it is seeking to recover the fees and costs associated with those materials. As such, those materials clearly are relevant and subject to discovery.

I am hopeful that InterDigital will reconsider its position to avoid what I believe to be unnecessary motion practice. Please let me know by the end of the day Thursday whether InterDigital will produce the pleadings, discovery and other communications in the Nokia action.

Tony


Anthony L. Miscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 misciosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.


-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Monday, August 06, 2007 5:19 PM
To: Miscioscia, Anthony
Subject: InterDigital/Hartford -- Fax Letter

Tony,

I am attaching a letter that I was trying to fax to you this afternoon. We discovered that our telephone service provider is having difficulty with our firm's fax line, however, so I've scanned it in to .pdf format instead.  You'll get the original by mail.

Arleigh

## Arleigh Helfer

| | |
|---|---|
| **From:** | Arleigh Helfer |
| **Sent:** | Monday, August 06, 2007 5:19 PM |
| **To:** | 'Miscioscia, Anthony' |
| **Subject:** | InterDigital/Hartford -- Fax Letter |



SDOC5214.pdf
(125 KB)

Tony,

I am attaching a letter that I was trying to fax to you this afternoon.  We discovered
that our telephone service provider is having difficulty with our firm's fax line,
however, so I've scanned it in to .pdf format instead.  You'll get the original by mail.

Arleigh

1

# The Hoyle Law Firm

HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street
Suite 1500
Philadelphia, PA 19107

215-981-5700
Fax 215-981-5959

## FAX COVER SHEET

DATE:  August 6, 2007                    CLIENT/MATTER NO.:  2925.006

PAGES SENT:  Cover Plus 2

**TO:**                **FAX NO.:**             **TELPHONE NO.:**

Anthony L. Miscioscia, Esquire    215-7897659        215-864-6356

**FROM**:      Arleigh P. Helfer III, Esquire              (215) 981-5830

## MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (215) 981-5805

# The Hoyle Law Firm

### HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street, Suite 1500
Philadelphia, PA 19107-3418

215-981-5700  Fax 215-981-5959
www.hoylelawfirm.com

**Arleigh P. Helfer III**
Direct Dial: (215) 981-5830
E-Mail: ahelfer@hoylelawfirm.com

August 6, 2007

**VIA FACSMILE & U.S. Mail**

Anthony Miscioscia, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA 19103-7395

> **Re:**  **Hartford Fire Insurance Co., et al. v. InterDigital Communications Corporation, et al., D. Del. Civil Action No. 06-422**

Dear Tony:

I received your e-mail communication of August 2, 2007, concerning document production.

As you know by virtue of my e-mail to you of this afternoon, our local counsel had one further suggestion for the proposed confidentiality order that is important to the burden on outside counsel and its records following the conclusion of this lawsuit. (This follows Hartford's most recent proposals and edits, which we reviewed and fine tuned last week.) Our client is reviewing the suggestion. I expect to have an answer tomorrow. I, too, wish there had not been as much delay in getting this finalized; however, we are doing the best we can in light of your client's prolonged illness, the birth of my daughter, summer vacations, and my own recent illness.

On the topic of document production, I told your associate Sean Kirkpatrick during a telephone conversation last Wednesday that my estimate of a month to complete document production was made out of an abundance of caution. My contact at our client for coordination of document discovery issues was away on a long vacation from which she has just returned, and which had started just after I returned from the birth of my daughter. In any event, she is back.

As I also told Sean, I anticipate we will be able to produce most materials very quickly with the confidentiality agreement and order in place (*e.g.*, invoices from the defense of the underlying action, documentation concerning the corporate relationship between the InterDigital entities involved in this suit). Assuming we are able to get the confidentiality order on file, you should have the bulk of the documents in the next few days. We are collecting a few more

The Hoyle Law Firm

documents, such as insurance policies, that I have determined were missing from our prior collection. In any event, please be assured we are working to complete the production promptly. A more realistic estimate for the completion of the production is probably within two weeks.

That being said, I do not understand why you believe we are producing all materials and discovery Hartford requested relating to the *Nokia* case. You received the written responses to Hartford's discovery requests at the end of June. InterDigital's responses make clear its position, given the controlling law concerning how the duty to defend is ascertained, as well as Judge Farnan's own opinion dismissing Hartford's count seeking a declaration as to the duty of indemnity, that Hartford's discovery requests go far beyond the scope of what is conceivably discoverable in a suit concerning the duty to defend. Under the controlling authority, the relevant inquiry is confined to the four corners of the complaint and the four corners of the policies. As Hartford must know, extrinsic evidence is not relevant to the inquiry. Frankly, the vast majority of Hartford's requests, which seek vast amounts of information pertaining to the "true facts" of the underlying lawsuit, are therefore abusive of its policyholder. Please review our discovery responses.

Sincerely yours,

Arleigh P. Helfer III