## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HARTFORD FIRE INSURANCE )
COMPANY, et al., )
)
                    Plaintiffs,  )        C.A. No. 06-422-JJF
)
        v.                       )
)
INTERDIGITAL COMMUNICATIONS )
CORPORATION, et al., )
)
                    Defendants.  )

## CROSS-MOTION OF INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS' RULE 30(B)(6) NOTICES

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
        MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5710

Dated: September 24, 2007
820946 / 30373

Richard L. Horwitz (#2246)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC") (collectively, "InterDigital") respectfully move the Court for a Protective Order staying discovery concerning Plaintiffs' ("Hartford") Rule 30(b)(6) notices to InterDigital pending a determination of InterDigital's motion for leave to file a motion for partial summary judgment[1] as to liability and determination of the proposed motion. Good cause exists in support of the requested protective order because, as described more fully below and in InterDigital's papers concerning partial summary judgment, Hartford is seeking irrelevant, premature, and prejudicial deposition testimony in this insurance coverage action concerning Hartford's duty to defend InterDigital in *Nokia Corporation & Nokia, Inc. v. InterDigital Communications Corp. & InterDigital Technology Corp.*, United States District Court for the District of Delaware, C.A. No. 05-16-JJF (the "*Nokia* action"). In support of its motion, InterDigital states as follows:

1. InterDigital incorporates by reference its opposition to Hartford's motion to compel deposition testimony concerning the *Nokia* action. For the reasons stated in InterDigital's opposition, the testimony sought by Hartford concerns topics irrelevant to the coverage action but which duplicate the discovery in the underlying *Nokia* action.

2. InterDigital also incorporates by reference its motion for leave to file a motion for partial summary judgment and the proposed summary judgment brief. Those documents further explain the reasons why additional discovery is not needed concerning the issue of Hartford's duty to defend the *Nokia* action.

3. On September 12, 2007, the same day Hartford filed its motions to compel, it served InterDigital with a second Rule 30(b)(6) notice, seeking extensive testimony on damages issues.

---

[1] InterDigital is filing its motion for leave to file a motion for partial summary judgment contemporaneously herewith.

*See* Notice (D.I. 55), attached hereto as Exhibit A. Many of the requested topics of testimony involve communications with InterDigital's attorneys concerning the *Nokia* action. InterDigital has previously requested that Hartford consider bifurcation of issues in this case as to liability and damages, but Hartford has refused to discuss such possibilities. *See* InterDigital Opp. to Mot. to Compel Dep. Testimony ¶ 14.

4. This Court has recognized the wisdom of bifurcating discovery or phasing discovery to avoid possible prejudice or waste of judicial resources and the resources of parties. *See, e.g.*, *Dobrich v. Walls*, C.A. No. 05-120-JJF, 2006 WL 2642218, *1 (D. Del. Sept. 14, 2006) (noting Court contemplated narrow, focused, and relatively brief and uncontentious discovery on preliminary matters with more extensive discovery to follow on remaining issues).

5. To be sure, this Court has considerable discretion in controlling its docket and discovery. *See, e.g.*, *Miller v. Ashcroft*, 76 Fed. Appx. 457, 461 (3d Cir. 2003) (observing that district courts have discretion concerning conduct of discovery); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) (noting docket control and conduct of discovery are "committed to the sound discretion of the district court").

6. As explained in InterDigital's brief in support of its motion for partial summary judgment, because the duty to defend is determined as a matter of law by measuring the allegations on the face of the underlying complaint against the coverage language of the insurance policies without regard to extrinsic evidence, discovery concerning facts relating to the underlying action is immaterial and not reasonably calculated to lead to the discovery of admissible evidence concerning the determination of the duty to defend.

7.  Similarly, discovery concerning potential damages or the reasonableness of attorneys' fees incurred by the insured following a denial of a defense is premature before determination of Hartford's duty to defend.

8.  Hartford seeks wide-ranging and burdensome testimony concerning sensitive topics that relate to the *Nokia* action, which are irrelevant to the determination of the duty to defend and which may unduly prejudice InterDigital if considered in this coverage dispute.

9.  Hartford also seeks wide-ranging and burdensome testimony on topics that it contends are related to the issue of damages, including testimony concerning InterDigital's legal strategies in the *Nokia* action, its choice of counsel, and the substance of all of the pleadings and allegations in the *Nokia* action.  *See generally* Exhibit A; InterDigital Resp. in Opp. to Hartford's Mot. to Compel Dep. Testimony ¶ 12.  Such extensive discovery concerning damages issues would also open a back door for Hartford to gain access to extrinsic evidence concerning the *Nokia* action, which will unduly complicate this action and which may unduly prejudice InterDigital.[2]

10.  In dismissing Hartford's claim seeking a declaration concerning the duty to indemnify InterDigital, the Court noted its concern that prematurely litigating facts in this action that might overlap with the *Nokia* action could result in anomalous results and unduly prejudice InterDigital.  (D.I. 31 at 13, 14, 15-16.)

11.  On the other hand, delaying discovery concerning issues relating to damages until the existence of a duty to defend has been determined will not have any similar prejudicial effect on Hartford.  If the Court finds Hartford breached its duty to defend, then the parties can proceed

---

[2] InterDigital voiced its concern about such burdensome discovery to Hartford because the issue of damages is ancillary to a determination of the duty to defend and may prejudice InterDigital. *See* e-mail from Arleigh Helfer to Anthony Miscioscia dated August 8, 2007 3:37 p.m., attached hereto as Exhibit B.

to engage in discovery concerning the extent of Hartford's financial obligation to InterDigital or otherwise resolve this case.

12.    Accordingly, good cause exists to enter a protective order pursuant to Rule 26(c), staying further discovery until the Court determines whether Hartford has breached its duty to defend.  Such an Order, in conjunction with InterDigital's proposed motion for partial summary judgment as to liability, would have the effect of bifurcating the issues in this proceeding as to liability and damages, which is the discovery compromise InterDigital proposed to Hartford.

Pursuant to Local Rule 7.1.1, counsel for Defendants contacted counsel for Plaintiffs regarding this cross-motion; Plaintiffs will oppose the cross-motion.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
    MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA  19107
(215) 981-5710

Dated:  September 24, 2007
820946 / 30373

By:  _/s/ Richard L. Horwitz_
        Richard L. Horwitz (#2246)
        Jennifer C. Wasson (#4933)
        Hercules Plaza, 6th Floor
        1313 North Market Street
        Wilmington, DE 19801
        (302) 984-6000
        rhorwitz@potteranderson.com
        jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 24, 2007, the attached document

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

to the registered attorney(s) of record that the document has been filed and is available for

viewing and downloading.

I further certify that on September 24, 2007, I have Electronically Mailed the document

to the following person(s):

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE 19899
yoderj@whiteandwilliams.com

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103
misciosciaa@whiteandwilliams.com
whiteg@whiteandwilliams.com

By:  */s/ Richard L. Horwitz*
       Richard L. Horwitz
       Jennifer C. Wasson
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, Delaware 19899-0951
       (302) 984-6000
       rhorwitz@potteranderson.com
       jwasson@potteranderson.com

743996

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER

AND NOW, on this ___ day of _____, 2007, upon consideration of the

Cross-Motion of InterDigital Communications Corporation and InterDigital Technology

Corporation for Protective Order Concerning Plaintiffs' Rule 30(b)(6) notices and all papers in

support thereof and in opposition thereto, if any, it is hereby ORDERED that the motion is

GRANTED. Discovery in this action is stayed until further order of the Court.

_____
United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION NO. 06-422-JJF |
| INTERDIGITAL COMMUNICATIONS CORPORATION and INTERDIGITAL TECHNOLOGY CORPORATION | : : : : | |
| Defendants. | : : | |

## NOTICE OF DEPOSITION

To:     Arleigh P. Helfer, III, Esquire                Richard L. Horwitz, Esquire
        Steven Mathes, Esquire                         Jennifer C. Wasson, Esquire
        Hoyle, Fickler, Herschel & Mathes LLP          Potter Anderson & Corroon LLP
        Suite 1500                                     Hercules Plaza, 6th Floor
        One South Broad Street                         1313 North Market Street
        Philadelphia, PA 19107-3418                    Wilmington, DE 19801
        *Counsel for InterDigital Communications*      *Counsel for InterDigital*
        *Corporation and InterDigital Technology*      *Communications Corporation and*
        *Corporation*                                  *InterDigital Technology Corporation*

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), on

Tuesday, October 9, 2007 at 9:00 a.m, at the law offices White and Williams LLP, 1800 One

Liberty Place, Philadelphia, PA 19103, Plaintiffs, Hartford Fire Insurance Company and

Hartford Casualty Insurance Company (collectively referred to herein as "Hartford"), will take

the deposition in the above-captioned action of Defendants, InterDigital Communications

Corporation and InterDigital Technology Corporation (collectively referred to herein as

"InterDigital"), before an officer authorized by law to administer oaths, and such deposition will

continue from day-to-day thereafter until completed. Defendants shall designate one or more persons who consent to testify on their behalf about matters known or reasonably available to the Defendants concerning the topics set forth below. You are invited to attend and cross-examine the witness(es) if you so desire.

## DEFINITIONS

Hartford refers to and incorporates herein as if set forth at length the definitions set forth in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's April 2007 Interrogatories directed to InterDigital Communications Corporation and InterDigital Technology Corporation.

## TOPICS FOR EXAMINATION

1. When and why InterDigital retained each of the law firms for which InterDigital seeks payment/reimbursement by Hartford, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation.

2. The identity of the person at each of the law firms for which InterDigital seeks payment/reimbursement by Hartford, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich &

-2-

Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire

Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories

Directed To Defendants InterDigital Communications Corporation And InterDigital Technology

Corporation, responsible for taking a lead at that firm for its role in the *Nokia* action, as well as

the identity of each attorney at these law firms who was approved to work on file and the rates at

which such individuals were authorized to bill their time.

       3.    As relates to the *Nokia* action, the retention and/or termination, and the role

played by work performed by each of the law firms for which InterDigital seeks

payment/reimbursement by Hartford, including but not necessarily limited to (a) Fulbright &

Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP,

(d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich &

Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire

Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories

Directed To Defendants InterDigital Communications Corporation And InterDigital Technology

Corporation.

       4.    Any billing guidelines issued to, and/or agreed upon by any/each of the law firms

for which InterDigital seeks payment/reimbursement by Hartford, including but not necessarily

limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson,

Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon

LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to

Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance

Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications

Corporation And InterDigital Technology Corporation.

PHLDMS1 3309481v.2

5.     The fees and expenses charged by each of the law firms for which InterDigital seeks payment/reimbursement by Hartford, including but not necessarily limited to (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation, and any supporting documents and information for those fees and expenses.

6.     Any lawsuits involving both (a) InterDigital and (b) any of the patents at issue in the *Nokia* action and the work performed by any of the following firms in any such lawsuit(s): (a) Fulbright & Jaworski LLP, (b) WilmerHale LLP, (c) Finnegan, Henderson, Farabow, Garret & Dunner, LLP, (d) Volpe and Koenig P.C., (e) Potter Anderson & Corroon LLP, (f) Wilson Sonsini Goodrich & Rosati, and (g) any law firms identified in response to Interrogatory No. 1 in Hartford Fire Insurance Company And Hartford Casualty Insurance Company Second Set Of Interrogatories Directed To Defendants InterDigital Communications Corporation And InterDigital Technology Corporation, and any supporting documents and information for those fees and expenses.

7.     For any lawsuits involving InterDigital that were active and/or ongoing at any point in time since the commencement of the *Nokia* action, the identity of any law firm providing services to InterDigital in any other such litigation and, to the extent that any firm whose fees InterDigital is seeking in this lawsuit was involved in any other such lawsuit, the work and services provided by such firm and the means of ensuring that work on that other lawsuit is/was

-4-

not included in the invoices for the *Nokia* action for which InterDigital is seeking reimbursement.

       8.    The existence and location of, and InterDigital's efforts to search for and produce, documents requested by Hartford in its First and Second Requests for Production of Documents Directed to Defendants InterDigital Communications Corporation and InterDigital Technology Corporation.

      Additionally, to the extent not previously produced by InterDigital in advance of the deposition, Hartford hereby requests, pursuant to Fed. R. Civ. P. Rule 30(b)(5) and Rule 34, that InterDigital produce at the deposition all documents requested in Hartford Fire Insurance Company and Hartford Casualty Insurance Company's Second Request For Production of Documents Directed to Defendants InterDigital Communications Corporation and InterDigital Technology Corporation.

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Company and Hartford Casualty
Insurance Company

By:   /s/ James S. Yoder
     James S. Yoder, Esquire
     White and Williams LLP
     824 N. Market Street - Suite 902
     Wilmington, DE 19899-0709
     (302) 654-0424

     and

     Gale White, Esquire
     Anthony L. Miscioscia, Esquire
     White and Williams LLP
     1800 One Liberty Place
     Philadelphia, PA 19103-7395
     Tel. No. (215) 864-6234/6356

-5-

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify that I have caused a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's notice of deposition directed to InterDigital Communications Corporation and InterDigital Technology Corporation's corporate designee as to certain designated topics to be served, via First Class Mail, postage prepaid, upon the following:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA 19107-3418
*Counsel for InterDigital
Communications Corporation and
InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications
Corporation and InterDigital Technology
Corporation*

WHITE AND WILLIAMS LLP


_____/s/ James S. Yoder_____
James S. Yoder


Date: September 12, 2007

-6-

# EXHIBIT B

## Arleigh Helfer

| | |
|---|---|
| From: | Miscioscia, Anthony [Misciosciaa@whiteandwilliams.com] |
| Sent: | Wednesday, August 08, 2007 4:10 PM |
| To: | Arleigh Helfer |
| Cc: | White, Gale; Stephen Mathes |
| Subject: | RE: InterDigital/Hartford -- Fax Letter |

Arleigh,

Given the discovery deadline, the fact that the case has not been bifurcated, nor has bifurcation been suggested before, and the fact that I do not believe producing all of the pleadings in the Nokia action is that burdensome (but is necessary in light of certain materials having been filed under seal and thus not fully available via the electronic docket)
or that producing discovery from the Nokia action is burdensome (as I assume that this is readily available and organized in counsel's office), I do not want to hold up discovery any further at this time.

At this point, I would appreciate receiving as soon as possible whatever it is you are willing to produce, so that we can determine exactly what is not being produced and then determine best how to proceed. We are willing to review materials this week if available.

Also, please provide dates for your designee(s) deposition if the currently noticed date does not work for you.

Tony

Anthony L. Miscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 misciosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Wednesday, August 08, 2007 3:37 PM
To: Miscioscia, Anthony
Cc: White, Gale; Stephen Mathes
Subject: RE: InterDigital/Hartford -- Fax Letter

Tony,

My recollection of our conversation is different. We have not refused to "produce to Hartford all of the pleadings." As I said during our conversation, we will produce to Hartford the Complaint and the Amended Complaint, which along with the policies are the documents relevant to determination of the duty to defend.

We are reluctant to get into the voluminous discovery concerning the underlying case that Hartford is seeking at this time. At best, the discovery Hartford seeks is marginally

relevant to the reasonableness of the attorneys' fees in the underlying case. That is a slender reed on which to support such burdensome discovery. In fact, given Hartford's demands for this material in its denial letter as well as in discovery, including the very broad Rule 30(b)(6) notice Hartford recently served, it does not appear that Hartford is really seeking this discovery to gauge the reasonableness of attorney invoices, which it has not even seen yet. I would suggest that you first review the bills, the bulk of which I expect to produce today now that the confidentiality stipulation is in place. We are uneasy that Hartford appears to be placing its principal emphasis on this ancillary issue as discovery is ramping up, which really places the cart before the horse.

As you know, Judge Farnan himself noted in dismissing Hartford's count seeking a declaration of its duty to indemnify that it is improper to litigate the facts of an underlying case in a coverage matter. As he observed, the insurer may end up prejudicing its insured. As you also know, the issue of damages will only arise if the court determines Hartford wrongly denied InterDigital a defense in the Nokia lawsuit.

One potential solution would be to bifurcate the proceedings as to liability and damages. We realize that the parties will need to negotiate about these issues in an attempt to resolve them; however, the InterDigital attorney responsible for this matter is out of the country on vacation until August 14. Thus, we will not be in a position to negotiate until early next week.

Finally, I do not agree that the confidentiality agreement in our case necessarily moots any and all confidentiality issues. Even if we agreed that Hartford is presently entitled to everything it seeks, which we do not, there are still important, binding limitations imposed by the underlying confidentiality order on InterDigital's ability to disclose Nokia's confidential information.

Arleigh

-----Original Message-----
From: Mioscioscia, Anthony [mailto:Misciosciaa@whiteandwilliams.com]
Sent: Wednesday, August 08, 2007 10:01 AM
To: Arleigh Helfer
Cc: White, Gale
Subject: RE: InterDigital/Hartford -- Fax Letter


Arleigh,

This is to confirm our conversation of today, wherein I asked that you reconsider your current refusal to produce to Hartford all of the pleadings, discovery and other materials exchanged with Nokia.

Those materials are clearly not privileged (as they have been exchanged between Nokia and InterDigital), and our recently finalized confidentiality agreement moots any confidentiality concerns/objections that InterDigital may have. Further, while InterDigital disputes whether those materials are relevant to the duty to defend issue, InterDigital seems to have ignored the fact that it is seeking to recover the fees and costs associated with those materials. As such, those materials clearly are relevant and subject to discovery.

I am hopeful that InterDigital will reconsider its position to avoid what I believe to be unnecessary motion practice. Please let me know by the end of the day Thursday whether InterDigital will produce the pleadings, discovery and other communications in the Nokia action.

Tony


Anthony L. Mioscioscia
White and Williams LLP
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659 misciosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.


-----Original Message-----
From: Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
Sent: Monday, August 06, 2007 5:19 PM
To: Miscioscia, Anthony
Subject: InterDigital/Hartford -- Fax Letter

Tony,

I am attaching a letter that I was trying to fax to you this afternoon. We discovered that our telephone service provider is having difficulty with our firm's fax line, however, so I've scanned it in to .pdf format instead.  You'll get the original by mail.

Arleigh

## Arleigh Helfer

**From:**           Arleigh Helfer
**Sent:**           Monday, August 06, 2007 5:19 PM
**To:**             'Miscioscia, Anthony'
**Subject:**        InterDigital/Hartford -- Fax Letter



SDOC5214.pdf
   (125 KB)

        Tony,

I am attaching a letter that I was trying to fax to you this afternoon.  We discovered
that our telephone service provider is having difficulty with our firm's fax line,
however, so I've scanned it in to .pdf format instead.  You'll get the original by mail.

Arleigh

1

# The Hoyle Law Firm
HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street
Suite 1500
Philadelphia, PA 19107

215-981-5700
Fax 215-981-5959

## FAX COVER SHEET

DATE:  August 6, 2007                      CLIENT/MATTER NO.:  2925.006

PAGES SENT:  Cover Plus 2

| **TO:** | **FAX NO.:** | **TELEPHONE NO.:** |
|---|---|---|
| Anthony L. Miscioscia, Esquire | 215-7897659 | 215-864-6356 |

**FROM**:      Arleigh P. Helfer III, Esquire                      (215) 981-5830

## MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (215) 981-5805

# The Hoyle Law Firm

HOYLE, FICKLER, HERSCHEL & MATHES LLP

One South Broad Street, Suite 1500
Philadelphia, PA 19107-3418

215-981-5700  Fax 215-981-5959
www.hoylelawfirm.com

**Arleigh P. Helfer III**
Direct Dial: (215) 981-5830
E-Mail: ahelfer@hoylelawfirm.com

August 6, 2007

**VIA FACSMILE & U.S. Mail**

Anthony Miscioscia, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA  19103-7395

Re:   **Hartford Fire Insurance Co., et al. v. InterDigital Communications Corporation, et al., D. Del. Civil Action No. 06-422**

Dear Tony:

I received your e-mail communication of August 2, 2007, concerning document production.

As you know by virtue of my e-mail to you of this afternoon, our local counsel had one further suggestion for the proposed confidentiality order that is important to the burden on outside counsel and its records following the conclusion of this lawsuit. (This follows Hartford's most recent proposals and edits, which we reviewed and fine tuned last week.)  Our client is reviewing the suggestion.  I expect to have an answer tomorrow.  I, too, wish there had not been as much delay in getting this finalized; however, we are doing the best we can in light of your client's prolonged illness, the birth of my daughter, summer vacations, and my own recent illness.

On the topic of document production, I told your associate Sean Kirkpatrick during a telephone conversation last Wednesday that my estimate of a month to complete document production was made out of an abundance of caution. My contact at our client for coordination of document discovery issues was away on a long vacation from which she has just returned, and which had started just after I returned from the birth of my daughter.  In any event, she is back.

As I also told Sean, I anticipate we will be able to produce most materials very quickly with the confidentiality agreement and order in place (*e.g.*, invoices from the defense of the underlying action, documentation concerning the corporate relationship between the InterDigital entities involved in this suit).  Assuming we are able to get the confidentiality order on file, you should have the bulk of the documents in the next few days.  We are collecting a few more

The Hoyle Law Firm

documents, such as insurance policies, that I have determined were missing from our prior collection. In any event, please be assured we are working to complete the production promptly. A more realistic estimate for the completion of the production is probably within two weeks.

That being said, I do not understand why you believe we are producing all materials and discovery Hartford requested relating to the *Nokia* case. You received the written responses to Hartford's discovery requests at the end of June. InterDigital's responses make clear its position, given the controlling law concerning how the duty to defend is ascertained, as well as Judge Farnan's own opinion dismissing Hartford's count seeking a declaration as to the duty of indemnity, that Hartford's discovery requests go far beyond the scope of what is conceivably discoverable in a suit concerning the duty to defend. Under the controlling authority, the relevant inquiry is confined to the four corners of the complaint and the four corners of the policies. As Hartford must know, extrinsic evidence is not relevant to the inquiry. Frankly, the vast majority of Hartford's requests, which seek vast amounts of information pertaining to the "true facts" of the underlying lawsuit, are therefore abusive of its policyholder. Please review our discovery responses.

Sincerely yours,

Arleigh P. Helfer III