## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY et al.** | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO.  06-422-JJF |
| **INTERDIGITAL COMMUNICATIONS CORPORATION et al.** | : : : : | |
| Defendants. | : : : | |

## RESPONSE OF HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY TO INTERDIGITAL'S CROSS-MOTION FOR PROTECTIVE ORDER CONCERNING DISCOVERY REQUESTS

James S. Yoder, Esquire
WHITE AND WILLIAMS LLP
824 N. Market Street - Suite 902
Wilmington, DE  19899-0709
(302) 654-0424

and

Gale White, Esquire
Anthony L. Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
(215) 864-6234/6356

*Attorneys for Plaintiffs, Hartford Fire Insurance Company and Hartford Casualty Insurance Company*

Plaintiffs ("Hartford") oppose the Cross-Motion of Defendants ("InterDigital") seeking a protective order as to Hartford's April 2007 and September 2007 written discovery, and state:

1.      In this case, InterDigital has asserted a breach of contract counterclaim against Hartford, seeking recovery of what is now over $7 million in alleged defense fees and costs.

2.      In **April 2007**, Hartford served discovery concerning, *inter alia*, (a) the legal fees and costs demanded by InterDigital, and (b) factual matters relevant to the extent, if any, of Hartford's duty to defend.  *See* Tabs A & B to Hartford's 9/12/07 Motion to Compel.[1]

3.      On September 7, 2007, Hartford served its second set of Interrogatories and Document Requests – directed, as InterDigital acknowledges, **to the "damages issues."**  *See* InterDigital's Cross-Motion at ¶ 3 (emphasis added) and Ex. A thereto (attaching requests).

4.      InterDigital's Cross-Motion should be denied because the discovery InterDigital seeks to preclude is relevant both to (a) the amount of damages InterDigital potentially may recover from Hartford and (b) whether Hartford has or had any duty to defend InterDigital. Further, contrary to InterDigital's concern, the discovery sought by Hartford will not prejudice InterDigital in the *Nokia* action nor will it cause this Court to determine matters at issue in the *Nokia* action.  Thus, with discovery set to close October 29, 2007, InterDigital's belated motion should be denied.

5.      Despite opposing Hartford's requests, InterDigital actually admits, as it must, that Hartford's discovery concerning damages is "relevant" – albeit InterDigital tries to downplay the significant by claiming that such discovery is only "marginally" so.  *See* Response at ¶ 8.

6.      Much of Hartford's discovery, indeed its entire second set, directly pertains to InterDigital's claimed damages – an issue which InterDigital chose to interject into this case by

---

[1]  InterDigital's Cross-Motion for Protective Order has been filed in response to Hartford's pending Motion to Compel responses to Hartford's April 2007 discovery requests.  Since InterDigital's Cross-Motion incorporates its Response to Hartford's Motion to Compel, Hartford incorporates into this Opposition its Motion to Compel.

asserting its counterclaim.  Faced with a demand for damages, Hartford certainly is entitled to discovery concerning such damages.[2]  *See In re Intel Corp. Microprocessor Antitrust Litig.*, 2007 WL 137152, *5 (D. Del. Jan. 12, 2007) (citing Fed.R.Civ.P. 26) ("[a] party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party").

7.    Interestingly, InterDigital does not dispute that the non-damages related discovery is relevant to whether the underlying *Nokia* claims potentially implicate coverage.  Instead, InterDigital indiscriminately invokes the "four corners" rule in an attempt to prevent Hartford from conducting discovery relevant to coverage, **but irrelevant** to the issues in the *Nokia* action.

8.    The discovery requested is relevant not only to whether the more than $7 million in alleged defense fees sought by InterDigital are reasonably related to the defense of the *Nokia* action, but also to whether the claims against InterDigital involve an offense covered by the Hartford policies, whether any such offense was committed in the Hartford "coverage territory" and/or during the Hartford policy period, and whether one or more of the policy exclusions (such as the prior publication exclusion) may apply to negate or terminate a duty to defend.  Such issues will not be decided in the *Nokia* action, and InterDigital makes no claim that they will.

9.    While the duty to defend is generally determined by comparing the underlying complaint to the policy, the "four corners" rule does not preclude an insurer from looking outside the pleadings to ascertain facts ***material to coverage but immaterial to the underlying litigation*** – such as, here, whether a putative insured does in fact qualify as an insured, whether any alleged offense occurred in the coverage territory, and whether any alleged statement was made, or first made, outside the policy period.  *See QBE Ins. Group v. M&S Landis Corp.*, 915 A.2d 1222,

---

[2]  InterDigital does not deny this; instead, InterDigital claims it need not respond to discovery now.  But InterDigital has not filed a motion to bifurcate and, while seeking to stay discovery, does not seek to extend the upcoming discovery and pre-trial deadlines.  Thus, the Cross-Motion seeks not so much to delay discovery, but to wholly avoid it.

1225 (Pa. Super. 2007) ("insurer's obligation to defend … 'is fixed solely by the allegations in the underlying complaint.' … the insurer must defend its insured until the claim is confined to a recovery the policy does not cover"); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 113 (2000) ("A limited exception to the majority [four corners] rule described above has been recognized by several jurisdictions, ***which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured*.'") (emphasis added).

10.    InterDigital's contention that the rationale of *Dairy Road* does not apply here ignores the fact that the court made that statement in describing a "four corners" test followed by a majority of states – including Pennsylvania.  While the limited exception was mentioned citing to a New Jersey case, the rationale for the exception equally applies under Pennsylvania law.

11.    Further, while InterDigital claims that Pennsylvania courts "will not look beyond the face of the underlying complaint" (Response at ¶ 2), InterDigital ignores both:

(a) those Pennsylvania decisions which hold that a duty to defend may terminate in certain instances.  *See*, *e.g.*, *QBE Ins. Group, supra*; *see also Upright Material Handling, Inc. v. Ohio Cas. Group*, 74 Pa. D. & C. 4th 305, 324 (Lacka. Cty. 2005) (insurer "carried the duty to defend until it met its burden of proving the applicability of its exclusion"); and

(b) those Pennsylvania decisions which have in fact looked beyond the initial pleading to terminate a duty to defend.  *See*, *e.g.*, *Charter Oak Fire Ins. v. Sumitomo Marine & Fire Ins.*, 750 F.2d 267, 272 (3d Cir. 1984) (holding that by presenting the pretrial statement from the plaintiff, the insurer had confined the claim sufficiently so that it had no duty to defend the insured); *West Am. Ins. Co. v. Lindepuu*, 128 F. Supp. 2d 220, 229-31 (E.D. Pa. 2000) (following *Charter Oak*, and allowing insurer to rely upon subsequent filings and discovery

disclosures to terminate duty to defend when insurer can establish that the facts of record support only claims that fall outside the policy's coverage); *St. Paul Fire & Marine Ins. Co. v. Appalachian Ins. Co.*, 1988 WL 124605, *2 (E.D. Pa. Nov. 18, 1988) ("I conclude from *Charter Oak* that if an insurer can produce an admission from the plaintiff in the underlying action which narrows the scope of the complaint to the point where the insurer no longer could be liable to indemnify the insured, then the insurer may terminate its defense. It may be that something less than an admission would justify terminating its defense.").

12.    If the duty to defend can end sometime after the filing of a complaint, certainly some evidence other than merely the underlying complaint may be considered. Hartford merely seeks an opportunity to conduct discovery to ascertain the extent to which such evidence exists.

13.    InterDigital's Cross-Motion also contradicts InterDigital's response to Hartford's discovery. While InterDigital has not produced much of what Hartford seeks, InterDigital has produced information relevant to whether <u>both</u> InterDigital defendants are insureds to the Hartford policies. InterDigital thus appears to concede that some information other than the *Nokia* complaint (or amended complaint) is relevant to the duty to defend analysis – to determine whether ICC and ITC both are insureds to the Hartford policies.

14.    Finally, to the extent InterDigital claims discovery is "burdensome", InterDigital neither explains how nor submits any affidavit. Such attorney speculation without any support cannot justify a protective order. *See Townsends of Arkansas, Inc. v. Millers Mut. Ins. Co.*, 1991 U.S. Dist. LEXIS 1423, *12-13 (D. Del. Feb. 6, 1991). Plus, to the extent InterDigital is concerned that certain requests are somehow overbroad, which Hartford disputes, InterDigital has been unwilling to compromise. Such intransigence should not be rewarded.

**WHEREFORE**, InterDigital's Cross-Motion should be denied.

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Co. and Hartford Casualty Ins. Co.


By:     /s/  James S. Yoder

     James S. Yoder, Esquire
     White and Williams LLP
     824 N. Market Street - Suite 902
     Wilmington, DE  19899-0709
     (302) 654-0424

     and

     Gale White, Esquire
     Anthony L. Miscioscia, Esquire
     White and Williams LLP
     1800 One Liberty Place
     Philadelphia, PA  19103-7395
     Tel. No. (215) 864-6234/6356


Date: October 1, 2007

PHLDMS1 3344083v.2

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's foregoing Response to InterDigital's Cross-Motion for a Protective Order was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 1, 2007, I have mailed, via First Class mail, postage prepaid, the document to the following persons:

Arleigh P. Helfer, III, Esquire
Steven Mathes, Esquire
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500
One South Broad Street
Philadelphia, PA  19107-3418
*Counsel for InterDigital*
*Communications Corporation and*
*InterDigital Technology Corporation*

Richard L. Horwitz, Esquire
Jennifer C. Wasson, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Counsel for InterDigital Communications*
*Corporation and InterDigital Technology*
*Corporation*

WHITE AND WILLIAMS LLP


_____/s/ James S. Yoder_____
James S. Yoder


Date: October 1, 2007