# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY et al.** | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 06-422-JJF |
| | : | |
| **INTERDIGITAL COMMUNICATIONS CORPORATION et al.** | : | |
| | : | |
| Defendants. | : | |

**RESPONSE OF HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY TO INTERDIGITAL'S CROSS-MOTION FOR PROTECTIVE ORDER CONCERNING RULE 30(B)(6) NOTICES**

        James S. Yoder, Esquire
        WHITE AND WILLIAMS LLP
        824 N. Market Street - Suite 902
        Wilmington, DE 19899-0709
        (302) 654-0424

        and

        Gale White, Esquire
        Anthony L. Miscioscia, Esquire
        WHITE AND WILLIAMS LLP
        1800 One Liberty Place
        Philadelphia, PA 19103-7395
        (215) 864-6234/6356

        *Attorneys for Plaintiffs, Hartford Fire Insurance Company and Hartford Casualty Insurance Company*

Plaintiffs ("Hartford") oppose the Cross-Motion of Defendants ("InterDigital") seeking a protective order as to Hartford's two Rule 30(b)(6) deposition notices, and state:

1.  Hartford has served two separate Rule 30(b)(6) deposition notices: (a) a July 31, 2007 Notice concerning, *inter alia*, (i) the defense fees and costs demanded by InterDigital, and (ii) factual matters relevant to the extent, if any, of Hartford's duty to defend (Tab A to Hartford's 9/12/07 Motion to Compel deposition testimony);[1] and (b) a September 12, 2007 Notice concerning the damages demanded by InterDigital *(*Ex. A to Cross-Motion).

2.  InterDigital <u>initially offered to produce</u> a designee for a few topics in the July 31 Notice, but <u>later reneged</u> when Hartford sought to set dates. *See* Tabs B and C to Motion to Compel. InterDigital now also refuses to produce any designee as to the second Notice.

3.  InterDigital's Cross-Motion should be denied because the discovery InterDigital seeks to preclude is relevant both to (a) the amount of damages InterDigital potentially may recover from Hartford and (b) whether Hartford has or had any duty to defend InterDigital.

4.  Despite opposing Hartford's requests, InterDigital actually admits, as it must, that Hartford's discovery concerning damages is "relevant" – albeit InterDigital tries to downplay the significant by claiming that such discovery is only "marginally" so. *See* Response at ¶ 12.

5.  Much of Hartford's discovery, indeed its entire second Notice, directly pertains to InterDigital's claimed damages – an issue which InterDigital chose to interject into this case by asserting its counterclaim. Faced with a demand for damages, Hartford certainly is entitled to discovery concerning such damages.[2] *See In re Intel Corp. Microprocessor Antitrust Litig.*, 2007

---

[1] InterDigital's Cross-Motion for Protective Order has been filed in response to Hartford's pending Motion to Compel deposition testimony. Since InterDigital's Cross-Motion incorporates its Response to Hartford's Motion to Compel, Hartford incorporates into this Opposition its Motion to Compel.

[2] InterDigital does not deny this; instead, InterDigital claims it need not respond to discovery <u>now</u>. But InterDigital has not filed a motion to bifurcate and, while seeking to <u>stay</u> discovery, does not seek to extend the upcoming discovery and pre-trial deadlines. Thus, the Cross-Motion seeks not so much to delay discovery, but to wholly avoid it.

WL 137152, *5 (D. Del. Jan. 12, 2007) ("party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party").

6.    Interestingly, InterDigital does not dispute that the non-damages related discovery is relevant to whether the underlying *Nokia* claims potentially implicate coverage. Instead, InterDigital indiscriminately invokes the "four corners" rule in an attempt to prevent Hartford from conducting discovery relevant to coverage, **but irrelevant** to the issues in the *Nokia* action.

7.    The discovery requested is relevant not only to whether the more than $7 million in alleged defense fees sought by InterDigital are reasonably related to the defense of the *Nokia* action, but also to whether the claims against InterDigital involve an offense covered by the Hartford policies, whether any such offense was committed in the Hartford "coverage territory" and/or during the Hartford policy period, and whether one or more of the policy exclusions (such as the prior publication exclusion) may apply to negate or terminate a duty to defend. Such issues will not be decided in the *Nokia* action, and InterDigital offers no proof that they will.

8.    While the duty to defend is generally determined by comparing the underlying complaint to the policy, the "four corners" rule does not preclude an insurer from looking outside the pleadings to ascertain facts ***material to coverage but immaterial to the underlying litigation*** – such as, here, whether a putative insured does in fact qualify as an insured, whether any alleged offense occurred in the coverage territory, and whether any alleged statement was made, or first made, outside the policy period. *See QBE Ins. Group v. M&S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007) ("insurer's obligation to defend … 'is fixed solely by the allegations in the underlying complaint.' … the insurer must defend its insured until the claim is confined to a recovery the policy does not cover"); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 113 (2000) ("A limited exception to the majority [four corners] rule

described above has been recognized by several jurisdictions, ***which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured*.'")** (emphasis added).

9. InterDigital's contention that the rationale of *Dairy Road* does not apply here ignores the fact that the court made that statement in describing a "four corners" test followed by a majority of states – including Pennsylvania. While the limited exception was mentioned citing to a New Jersey case, the rationale for the exception equally applies under Pennsylvania law.

10. Further, while InterDigital claims that Pennsylvania courts "will not look beyond the face of the underlying complaint" (Response at ¶ 5), InterDigital ignores both:

    (a) those Pennsylvania decisions which hold that a duty to defend may terminate in certain instances. *See*, *e.g.*, *QBE Ins. Group, supra*; *see also Upright Material Handling, Inc. v. Ohio Cas. Group*, 74 Pa. D. & C. 4th 305, 324 (Lacka. Cty. 2005) (insurer "carried the duty to defend until it met its burden of proving the applicability of its exclusion"); and

    (b) those Pennsylvania decisions which have in fact looked beyond the initial pleading to terminate a duty to defend. *See*, *e.g.*, *Charter Oak Fire Ins. v. Sumitomo Marine & Fire Ins.*, 750 F.2d 267, 272 (3d Cir. 1984) (holding that by presenting the pretrial statement from the plaintiff, the insurer had confined the claim sufficiently so that it had no duty to defend the insured); *West Am. Ins. Co. v. Lindepuu*, 128 F. Supp. 2d 220, 229-31 (E.D. Pa. 2000) (following *Charter Oak*, and allowing insurer to rely upon subsequent filings and discovery disclosures to terminate duty to defend when insurer can establish that the facts of record support only claims that fall outside the policy's coverage); *St. Paul Fire & Marine Ins. Co. v. Appalachian Ins. Co.*, 1988 WL 124605, *2 (E.D. Pa. Nov. 18, 1988) ("I conclude from *Charter Oak* that if an insurer can produce an admission from the plaintiff in the underlying action which

narrows the scope of the complaint to the point where the insurer no longer could be liable to indemnify the insured, then the insurer may terminate its defense. It may be that something less than an admission would justify terminating its defense.").

11. If the duty to defend can end sometime after the filing of a complaint, certainly some evidence other than merely the underlying complaint may be considered. Hartford merely seeks an opportunity to conduct discovery to ascertain the extent to which such evidence exists.

12. To the extent InterDigital truly is concerned that certain of the topics are somehow overbroad, which Hartford disputes, InterDigital has been unwilling to compromise – while it initially was willing to produce a designee as to some topics, InterDigital has now simply refused to produce any designee as to any topic. Such an overbroad and blanket refusal to provide testimony cannot be allowed, especially where InterDigital has asserted its own counterclaims and bears the burden of proving coverage.

13. Finally, to the extent that InterDigital claims any discovery is "burdensome", InterDigital neither explains how nor submits any affidavit. Such attorney speculation without any support cannot justify a protective order. *See Townsends of Arkansas, Inc. v. Millers Mut. Ins. Co.*, 1991 U.S. Dist. LEXIS 1423, *12-13 (D. Del. Feb. 6, 1991) ("party seeking protective order has burden to show good cause and "broad allegations of harm, unsubstantiated by specific examples … do not satisfy the requirements"; "parties seeking the protective order must show through affidavits or fact, as opposed to attorney argument and speculation that the information sought would work a clearly defined and serious injury").

**WHEREFORE**, InterDigital's Cross-Motion should be denied.

-5-

                                     **WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire
Insurance Co. and Hartford Casualty Ins. Co.

By:   /s/ James S. Yoder
     James S. Yoder, Esquire
     White and Williams LLP
     824 N. Market Street - Suite 902
     Wilmington, DE 19899-0709
     (302) 654-0424

and

Gale White, Esquire
Anthony L. Miscioscia, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Tel. No. (215) 864-6234/6356

Date: October 1, 2007

# CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's foregoing Response to InterDigital's Cross-Motion for a Protective Order concerning Rule 30(b)(6) Notices was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 1, 2007, I have mailed, via First Class mail, postage prepaid, the document to the following persons:

| | |
|---|---|
| Arleigh P. Helfer, III, Esquire | Richard L. Horwitz, Esquire |
| Steven Mathes, Esquire | Jennifer C. Wasson, Esquire |
| Hoyle, Fickler, Herschel & Mathes LLP | Potter Anderson & Corroon LLP |
| Suite 1500 | Hercules Plaza, 6th Floor |
| One South Broad Street | 1313 North Market Street |
| Philadelphia, PA  19107-3418 | Wilmington, DE 19801 |
| *Counsel for InterDigital Communications Corporation and InterDigital Technology Corporation* | *Counsel for InterDigital Communications Corporation and InterDigital Technology Corporation* |

WHITE AND WILLIAMS LLP


     /s/ James S. Yoder     
James S. Yoder


Date: October 1, 2007