# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HARTFORD FIRE INSURANCE COMPANY et al.** : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **INTERDIGITAL COMMUNICATIONS CORPORATION et al.** : <br> : <br> Defendants. : | JURY TRIAL DEMANDED <br><br><br> CIVIL ACTION NO. 06-422-JJF |

## RESPONSE OF HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY TO INTERDIGITAL'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

James S. Yoder, Esquire
WHITE AND WILLIAMS LLP
824 N. Market Street - Suite 902
Wilmington, DE  19899-0709
(302) 654-0424

and

Gale White, Esquire
Anthony L. Miscioscia, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
(215) 864-6234/6356

*Attorneys for Plaintiffs, Hartford Fire Insurance Company and Hartford Casualty Insurance Company*

Plaintiffs ("Hartford") oppose the Motion of Defendants ("InterDigital") seeking leave to file a motion for partial summary judgment, and state in opposition thereto:

1.  This is an insurance coverage case in which Hartford and InterDigital dispute, *inter alia*, whether Hartford has or had any duty to defend InterDigital in the underlying *Nokia* action. The parties' duty to defend dispute involves at least two sub-issues (not considering issues concerning the amounts at issue):  (a) whether Hartford ever had any duty to defend (either following the initial complaint and/or the amended complaint filed by Nokia), and (b) whether, even if Hartford had any duty to defend, Hartford still has a duty to defend or, stated alternatively, whether Hartford can terminate any duty to defend that may have existed.

2.  InterDigital's Motion for Leave should be denied because it is premature. Contrary to InterDigital's contention, its proposed motion for partial summary judgment is <u>not</u> ripe. Discovery relevant to the duty to defend issues is ongoing and uncompleted. In fact, such discovery is the subject of four pending motions – Hartford's two September 12, 2007 Motions to Compel, and Hartford's two September 24, 2007 Cross-Motions for protective orders.

3.  For the reasons detailed more fully in Hartford's two Motions to Compel and two Responses to the Cross-Motions (all of which are incorporated herein by reference), the discovery Hartford seeks of InterDigital is relevant both to (a) the amount of damages InterDigital potentially may recover from Hartford **and (b) whether Hartford has or had any duty to defend InterDigital.**

4.  Since the duty to defend is the subject of InterDigital's proposed motion for partial summary judgment, InterDigital's motion is premature until all discovery relevant to the duty to defend issue is completed.

5.  After months of doing nothing following Hartford's commencement of this

lawsuit in January 2006, InterDigital curiously now seeks to rush this case toward partial summary judgment in what should only be seen as an attempt to deny Hartford meaningful and relevant discovery concerning (a) whether the claims against InterDigital involve an offense covered by the Hartford policies, (b) whether any such offense was committed in the Hartford "coverage territory", (c) whether any such offense was committed during the Hartford policy period, and (d) whether one or more of the policy exclusions (such as the prior publication exclusion) may apply to negate or terminate a duty to defend.

6.      The foregoing issues, which are the subject of pending discovery, are material to the issue of whether the *Nokia* action potentially implicates coverage under the Hartford policies and thus whether Hartford had or has any duty to defend.[1] Moreover, such issues will not be decided in the *Nokia* action, and InterDigital offers no proof that they will.[2]

7.      InterDigital's Motion is based upon an incorrect premise – that the "four corners" rule renders any and all discovery irrelevant. InterDigital is wrong. The four corners rule does not preclude Hartford from conducting discovery relevant to coverage, **but irrelevant** to the issues in the *Nokia* action. In fact, InterDigital has recognized as much in responding to Hartford's discovery concerning whether both of the InterDigital defendants qualify as insureds to the Hartford policies. The remaining issues, such as whether the underlying claims involve an offense in the coverage territory or during the policy period, are no different.

---

[1] E.g., the Hartford CGL policies apply to "personal and advertising injury" caused by an offense arising out of InterDigital's business but only if the offense was committed in the "coverage territory" during the policy period, and the CGL policies exclude coverage for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period. (The examples raised herein are without limitation or prejudice to Hartford's raising any of the other issues and/or defenses raised in its pleadings and prior letters to InterDigital.)

[2] InterDigital clearly is seeking to capitalize on this Court's concern about potential problems should the parties in this case litigate matters at issue in the *Nokia* action. Simply referencing this Court's concern, however, does not prove that the discovery Hartford seeks would implicate the Court's concern. Despite having multiple opportunities to do so, InterDigital has failed to demonstrate how the facts Hartford seeks to discover would adversely impact the *Nokia* action or raise any threat of inconsistent rulings. Plus, even if *some* of the discovery did raise such concerns (which Hartford does not conceded), that is not a basis to deny Hartford all discovery.

8. While the duty to defend is generally determined by comparing the underlying complaint to the policy, the "four corners" rule does not preclude an insurer from looking outside the pleadings to ascertain facts **material to coverage <u>but</u> immaterial to the underlying litigation** – such as, here, whether a putative insured does in fact qualify as an insured, whether any alleged offense occurred in the coverage territory, and whether any alleged statement was made, or first made, outside the policy period. *See QBE Ins. Group v. M&S Landis Corp.*, 915 A.2d 1222, 1225 (Pa. Super. 2007) ("insurer's obligation to defend … 'is fixed solely by the allegations in the underlying complaint.' … the insurer must defend its insured until the claim is confined to a recovery the policy does not cover"); *see also Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93, 113 (2000) ("A limited exception to the majority [four corners] rule described above has been recognized by several jurisdictions, **which allow an insurer to rely upon extrinsic facts to disclaim liability only when the relevant facts 'will not be resolved by the trial of the third party's suit against the insured**.'") (emphasis added).[3]

9. Further, while InterDigital claims that Pennsylvania courts "will not look beyond the face of the underlying complaint" (Response at ¶ 5), InterDigital ignores both:

(a) those Pennsylvania decisions which hold that a duty to defend may terminate in certain instances. *See*, *e.g.*, *QBE Ins. Group, supra*; *see also Upright Material Handling, Inc. v. Ohio Cas. Group*, 74 Pa. D. & C. 4th 305, 324 (Lacka. Cty. 2005) (insurer "carried the duty to defend until it met its burden of proving the applicability of its exclusion"); and

(b) those Pennsylvania decisions which have in fact looked beyond the initial pleading to terminate a duty to defend. *See*, *e.g.*, *Charter Oak Fire Ins. v. Sumitomo Marine &*

---

[3] InterDigital's contention that the rationale of *Dairy Road* does not apply here ignores the fact that the court made that statement in describing a "four corners" test followed by a majority of states – including Pennsylvania. While the limited exception was mentioned citing to a New Jersey case, the rationale for the exception equally applies under Pennsylvania law.

-3-

*Fire Ins.*, 750 F.2d 267, 272 (3d Cir. 1984) (holding that by presenting the pretrial statement from the plaintiff, the insurer had confined the claim sufficiently so that it had no duty to defend the insured); *West Am. Ins. Co. v. Lindepuu*, 128 F. Supp. 2d 220, 229-31 (E.D. Pa. 2000) (following *Charter Oak*, and allowing insurer to rely upon subsequent filings and discovery disclosures to terminate duty to defend when insurer can establish that the facts of record support only claims that fall outside the policy's coverage); *St. Paul Fire & Marine Ins. Co. v. Appalachian Ins. Co.*, 1988 WL 124605, *2 (E.D. Pa. Nov. 18, 1988) ("I conclude from *Charter Oak* that if an insurer can produce an admission from the plaintiff in the underlying action which narrows the scope of the complaint to the point where the insurer no longer could be liable to indemnify the insured, then the insurer may terminate its defense. It may be that something less than an admission would justify terminating its defense.").

10. If the duty to defend can end sometime after the filing of a complaint, certainly some evidence other than merely the underlying complaint may be considered. Hartford merely seeks an opportunity to conduct discovery to ascertain the extent to which such evidence exists.

11. Nothing in this Court's prior rulings preclude Hartford from conducting such discovery and, absent such discovery, summary judgment is premature.[4]

**WHEREFORE**, for the reasons herein and in Hartford's Motions to Compel and its Responses to the Cross-Motions for Protective Order (all of which are incorporated herein) InterDigital's Motion for Leave should be denied.

---

[4] To the extent that InterDigital's Motion for Leave begins to argue the merits of the duty to defend issue, Hartford reserves all of its responses until the time of actual briefing. Suffice it to say, what one court held in the context of some other Lanham Act claim does not mean that InterDigital is entitled to coverage for the *Nokia* action – especially if the facts evidence that any alleged offense in the *Nokia* action was committed outside the Hartford coverage territory and/or policy periods, and/or to the extent that the express allegations of knowing falsity in the *Nokia* pleadings preclude any possibility of coverage. Hartford simply does not have the space to address the merits in this Response.

-5-

**WHITE AND WILLIAMS**

Attorneys for Plaintiffs, Hartford Fire Insurance Co. and Hartford Casualty Ins. Co.

By:   /s/ James S. Yoder
James S. Yoder, Esquire
White and Williams LLP
824 N. Market Street - Suite 902
Wilmington, DE  19899-0709
(302) 654-0424

and

Gale White, Esquire
Anthony L. Miscioscia, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
Tel. No. (215) 864-6234/6356

Date: October 1, 2007

# CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, hereby certify a true and correct copy of Hartford Fire Insurance Company and Hartford Casualty Insurance Company's foregoing Response to InterDigital's Motion for Leave to File Motion for Partial Summary Judgment was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 1, 2007, I have mailed, via First Class mail, postage prepaid, the document to the following persons:

| | |
|---|---|
| Arleigh P. Helfer, III, Esquire | Richard L. Horwitz, Esquire |
| Steven Mathes, Esquire | Jennifer C. Wasson, Esquire |
| Hoyle, Fickler, Herschel & Mathes LLP | Potter Anderson & Corroon LLP |
| Suite 1500 | Hercules Plaza, 6th Floor |
| One South Broad Street | 1313 North Market Street |
| Philadelphia, PA 19107-3418 | Wilmington, DE 19801 |
| *Counsel for InterDigital Communications Corporation and InterDigital Technology Corporation* | *Counsel for InterDigital Communications Corporation and InterDigital Technology Corporation* |

WHITE AND WILLIAMS LLP

   /s/ James S. Yoder   
James S. Yoder

Date: October 1, 2007