IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARTFORD FIRE INSURANCE       :
COMPANY and HARTFORD CASUALTY :
INSURANCE COMPANY,            :
                              :
         Plaintiffs,          :
                              :
    v.                        :  Civil Action No. 06-422-JJF
                              :
INTERDIGITAL COMMUNICATIONS   :
CORPORATION and INTERDIGITAL  :
TECHNOLOGY CORPORATION,       :
                              :
         Defendants.          :

## MEMORANDUM ORDER

Pending before the Court are: 1) Plaintiffs' Motion to Compel Deposition Testimony (D.I. 56); 2) Plaintiffs' Motion to Compel Discovery (D.I. 57); 3) Defendants' Motion For Leave to File for Partial Summary Judgment (D.I. 58); 4) Defendants' Cross-Motion For Protective Order Concerning Plaintiffs' Discovery Requests (D.I. 63); and 5) Defendants' Cross-Motion for Protective Order Concerning Plaintiffs' Rule 30(b)(6) Notices (D.I. 65). For the reasons discussed, the Court will deny Plaintiffs' Motions (D.I. 56, 57), and will grant Defendants' Motions (D.I. 58, 63 and 65).

## BACKGROUND

Plaintiffs, Hartford Fire Mutual Insurance Company and Hartford Casualty Mutual Insurance Company ("Hartford"), brought this action against Defendants, InterDigital Communications Corporation and InterDigital Technology Corporation

("InterDigital"), seeking declaratory judgment that Hartford has no duty to defend or indemnify InterDigital in connection with an underlying action brought against InterDigital by Nokia Corporation and Nokia, Inc. ("Nokia"), pending before this Court and styled as <u>Nokia Corporation and Nokia, Inc. v. InterDigital Communications Corporation and InterDigital Technology Corporation</u>, Civil Action No. 05-16-JJF (the "Nokia action").

On December 14, 2006, the Court granted Interdigital's Motion to Dismiss Count Two of Hartford's Complaint, which sought declaratory judgment that Hartford does not have a duty to indemnify Interdigital in connection with Nokia's Lanham Act claim, and dismissed Count Two without prejudice to its refiling following the conclusion of the Nokia action. (D.I. 32.) Thus, the remaining issue in this case is whether Hartford has a duty to defend Interdigital in connection with the Nokia action.

The parties are currently engaged in discovery, which has led to the disputes underlying four of the motions pending before the Court. Hartford's motions seek to compel the production of documents and deposition testimony, discovery that Interdigital contends is immaterial to the Court's determination of Hartford's duty to defend, and that may result in prejudice to InterDigital in the Nokia action.

## THE PARTIES' CONTENTIONS

**1. Hartford's Motions to Compel and InterDigital's Cross-Motions for Protective Orders**

By their Motions to Compel, Hartford requests the Court compel InterDigital to provide full and complete responses to Hartford's April 2007 Interrogatories and Document Requests, and to produce a designee as to all topics set forth in Hartford's July 31, 2007 Notice of Deposition. Hartford contends that the requested discovery goes "directly to the heart" of the duty to defend issue, since it is relevant to (1) whether the defense fees sought by InterDigital are reasonably related to the defense of the Nokia action, and (2) whether Hartford has a duty to defend InterDigital. Hartford further contends that, while the duty to defend is generally determined by comparing the factual claims in the underlying complaint to the terms of the policies (the "four corners" rule), a "limited exception" allows an insurer to rely upon extrinsic facts to disclaim liability when these facts will not be resolved in the underlying litigation. (Id. at 4.) Such intrinsic facts would include whether an insured does qualify as an insured, whether the alleged offense occurred in coverage territory, and whether an alleged statement was made outside the policy period.

In response, InterDigital contends that Hartford's discovery requests are incredibly broad and burdensome, and seek information concerning matters that relate to the Nokia action,

3

which are irrelevant to the Court's determination of the duty to defend and may unduly prejudice InterDigitial if considered in this coverage dispute. InterDigital contends that the "limited exception" to the "four corners" rule cited by Hartford has not been adopted by Pennsylvania courts. InterDigital further contends that, even if Pennsylvania had adopted this exception, the discovery requested by Hartford does not fall within the exception, since Hartford seeks discovery regarding matters at issue in the Nokia action. InterDigitial contends that the issue of damages is ancillary to a determination of Hartford's duty to defend, and has proposed bifurcation of liability and damages, which Hartford has refused.

In its Cross-Motions for protective orders, Interdigital requests the Court stay further discovery until the Court determines whether Hartford has breached its duty to defend. Interdigital contends that because the duty to defend is determined as a matter of law by measuring the allegations on the face of the underlying complaint against the coverage language in the policies, discovery concerning facts relating to the underlying action is not reasonably calculated to lead to the discovery of admissible evidence concerning the duty to defend. Interdigital also contends that discovery regarding potential damages or the reasonableness of attorneys' fees incurred by InterDigital is premature before determination of Hartford's duty

to defend, and that delaying discovery on this topic until the existence of a duty to defend has been determined will not prejudice Hartford.

In response, Hartford contends that Interdigital's Cross-Motions should be denied because the discovery sought by Hartford is relevant to (a) the amount of damages InterDigital could potentially recover from Hartford, and (b) whether Hartford has, or had, any duty to defend Interdigital.

**2.    InterDigital's Motion for Leave to File Motion for Partial Summary Judgment**

Because InterDigital contends that the duty to defend is determined as matter of law by comparing the allegations of the underlying complaint to the language of the policies at issue, Interdigital requests the Court grant it Leave to File a Motion for Partial Summary Judgment regarding Hartford's duty to defend. According to InterDigitial, Pennsylvania law clearly prohibits courts from looking to extrinsic evidence in determining an insured's duty to defend, and therefore Hartford's demands for discovery relating to the allegations of the underlying complaint are improper and irrelevant to the Court's determination. Interdigital further contends that Hartford will not be prejudiced if the Court rules on the duty to defend based on the pleadings because should the Court rules that Hartford has a duty to defend InterDigital, Hartford will then be entitled to discovery concerning Interdigital's claimed damages.

In response, Hartford contends that InterDigital's Motion for Leave should be denied as premature, since discovery relevant to Hartford's duty to defend InterDigital is ongoing and uncompleted. Hartford contends that the four corners rule does not preclude Hartford from conducting discovery relevant to coverage but irrelevant to the issues in the Nokia actions, such as whether the underlying claims involve an offense in the coverage territory or during the policy period.

**DISCUSSION**

In <u>Kvaerner v. Commercial Union Ins. Co.</u>, 589 Pa. 317, 329-330 (2006), the Supreme Court of Pennsylvania stated that the obligation to defend is determined solely by the allegations of the complaint in the underlying action:

> It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured...This principle has been long held in this Commonwealth as well as in other jurisdictions. In <u>Wilson v. Maryland Casualty Co.</u>, 377 Pa. 588, 105 A.2d 304, 307 (1954), we explained: "[T]he rule everywhere is that the obligation of a casualty insurance company to defend an action brought against the insured is to be determined *solely* by the allegations of the complaint in the action."

<u>Id</u>. (emphasis in original)(finding that Superior Court erred in looking beyond the allegations of the complaint to determine duty to defend because "[w]e find no reason to expand upon the well-reasoned and long-standing rule that an insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint itself.") <u>See also</u> <u>Scopel v. Donegal Mut. Ins. Co.</u>,

6

698 A.2d 602, 607 (Pa. Super. Ct. 1997)(rejecting plaintiff's argument that court should consider deposition testimony obtained in discovery but not reflected in the underlying complaint when determining duty to defend since "as long has been the law in our Commonwealth, the allegations included within the four corners of the complaint must be dispositive of an insurer's duty to defend."); Sunoco, Inc. v. Illinois Nat'l Ins. Co., 226 Fed. Appx. 104, 107 (3d Cir. Jan. 31, 2007)(stating that District Court "appropriately refused to allow discovery into the underlying facts" because "in Pennsylvania, a court should look only to the four corners of the complaint to determine whether an insurer has a duty to defend.").[1]

Hartford contends that it is seeking discovery relevant to (1) whether Nokia's claims in the underlying action involve an offense covered by the policies; (2) whether the offenses alleged by Nokia were committed in the Hartford "coverage territory;" (3) whether the offenses alleged were committed during the Hartford policy period; and (4) whether a policy exclusion applies to negate or terminate Hartford's duty to defend.

---

[1] A review of recent Pennsylvania jurisprudence regarding the duty to defend makes clear that the "limited exception" to the "four corners" rule, as depicted in Dairy Road Partners v. Island Insurance Co., 92 Hawai'i 398, 418 (2000) has not been adopted by Pennsylvania courts. Further, as depicted infra, even if this exception had been adopted, it would not apply here since much of the discovery Hartford seeks could be at issue in the Nokia action.

As set forth above, to determine whether Nokia's claims in the underlying action involve a claim covered by the policies, the Court compares the policy at issue to the factual allegations of Nokia's complaint. Because the Court's "only task is to determine whether the allegations of the complaint against the insured potentially come within the policy's coverage," much of the discovery requested by Hartford is irrelevant to determination of coverage. Britamco Underwriters, Inc. v. B&D Milmont Inn, Inc., No. 9506039, 1996 WL 476624, at *1 (E.D.Pa. Aug. 16, 1996) (denying motion to compel discovery where documents requested by party were "irrelevant to the court's narrow task of comparing the allegations of the complaint to the specific policy language"). Even if Hartford were to obtain evidence through discovery tending to show that Nokia's claims were not covered by the policy, the Court could not consider this evidence in its determination. See, e.g., Kvaerner, 589 Pa. at 331 ("Superior Court erred in looking beyond the allegations raised in [underlying] Complaint to determine whether [insurer] had a duty to defend"). Similarly, the Court cannot consider extrinsic evidence to determine whether policy exclusions eliminate Hartford's duty to defend. In Air Products Chem., Inc. v. Hartford Accident & Indemnity Co., 25 F.3d 177, 180 (3d Cir. 1994), the Third Circuit, applying Pennsylvania law, stated that extrinsic evidence is not admissible to resolve whether the

allegations of an underlying complaint fall within policy exclusions.[2]

Finally, the Court agrees with InterDigital that discovery regarding where and when the offenses alleged in Nokia's complaint occurred will likely overlap with and implicate matters that may be resolved by trial in the Nokia action, and therefore is inappropriate at this time. See Old Republic Ins. Co. v. Chuhak & Tescon, P.C., 84 F.3d 998, 1003 (7th Cir. 1996)(analysis denying discovery "confirms the good sense of the general rule that the insurer's declaratory judgment suit is not a proper vehicle for resolving factual issues in the underlying suit against the insured.").

As Hartford contends, the requested discovery is relevant to the reasonableness of the attorneys' fees sought by InterDigital as damages. However, if the Court determines that Hartford has no duty to defend InterDigital, the issue of damages will be rendered moot, and the likely voluminous and extensive discovery

---

[2] In Air Products, the Third Circuit stated that the use of extrinsic evidence *by the insured* to establish exceptions to exclusions was permitted, and recognized "that the rule permitting the introduction of evidence to show that an exception to an exclusion applies, while disallowing evidence to show that an exclusion applies, appears to be one-sided. This construction against the insurer and in favor of the insured, however, is consistent with general insurance law principles, and, in particular, the Pennsylvania rule that requires only a 'potential' of coverage of the allegations in the complaint for the duty to defend to be triggered." Air Products, 25 F.3d at 180.

into the issue of damages avoided.  With this in mind, the Court concludes that discovery as to damages will be stayed until the Court determines whether Hartford has a duty to defend InterDigital in the Nokia action.  See Britamco Underwriters, Inc., 1996 WL 476624, at *1 ("It is within the discretion of the [C]ourt to postpone discovery of issues pending resolution of a potentially dispositive motion, if such a procedure will prevent the waste of time and effort of all concerned.").  Accordingly, the Court will grant InterDigital's Cross-Motions for Protective Orders (D.I. 63 and 65), and deny Hartford's Motions to Compel (D.I. 56 and 57).

Because the Court concludes that the issue of Hartford's duty to defend is a legal question appropriate for summary judgment, the Court will grant Interdigital's Motion for Leave to File for Partial Summary Judgment (D.I. 58).  The attached Motion for Partial Summary Judgment as to Liability, and Brief in Support of Motion for Partial Summary Judgment are deemed filed. Unless an otherwise agreed upon briefing schedule is filed with the Court within ten days of this Order, briefing shall be completed in accordance with Local Rule 7.1.2.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Compel Deposition Testimony (D.I. 56) is **DENIED**.

2. Plaintiffs' Motion to Compel Discovery (D.I. 57) is

**DENIED**.

3. Defendants' Motion For Leave to File for Partial Summary Judgment (D.I. 58) is **GRANTED**.

4. Defendants' Cross-Motion For Protective Order Concerning Plaintiffs' Discovery Requests (D.I. 63) is **GRANTED**.

5. Defendants' Cross-Motion for Protective Order Concerning Plaintiffs' Rule 30(b)(6) Notices (D.I. 65) is **GRANTED**.

November 29, 2007
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE