IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-422-JJF |
| v. | ) ) ) | |
| INTERDIGITAL COMMUNICATIONS CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE OF INTERDIGITAL COMMUNICATIONS CORPORATION AND INTERDIGITAL TECHNOLOGY CORPORATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CROSS-MOTION FOR SUMMARY JUDGMENT**

InterDigital Communications Corporation ("ICC") and InterDigital Technology Corporation ("ITC") (collectively, "InterDigital") oppose Plaintiffs' ("Hartford") motion for leave to file a cross-motion for summary judgment. In support of its opposition, InterDigital states as follows:

1. On January 7, 2008, the day before Hartford's opposition to InterDigital's motion for partial summary judgment was due, Hartford's counsel informed InterDigital's counsel that it intended to seek leave to file a cross-motion for summary judgment.

2. Counsel for InterDigital learned that Hartford's proposed cross-motion for summary judgment would rest on the same brief that Hartford was filing in opposition to InterDigital's motion for partial summary judgment. Indeed, as Hartford represented to the Court in its motion for leave to file the cross-motion, Hartford's cross-motion relies on the same brief and appendix that it filed in opposition to InterDigital's motion for partial summary judgment. (*See* Hartford

Mot. for Leave, ¶ 3 (D.I. 80).) In fact, Hartford admits that its cross-motion concerns "the same duty to defend issues raised by InterDigital's pending Motion." (*Id.*, ¶ 2.)

3. Because Hartford's cross-motion is a mirror image of InterDigital's motion for partial summary judgment (*i.e.*, the essence of Hartford's cross-motion is that if the Court rules against InterDigital, then it should enter summary judgment in Hartford's favor) that relies on the same brief and arguments Hartford filed in opposition to InterDigital's motion, InterDigital's counsel advised Hartford that InterDigital would not oppose Hartford's motion for leave to file if Hartford would agree to maintain the then-current summary judgment briefing schedule, ending with InterDigital's reply brief. (*See* e-mail message from Arleigh Helfer to Anthony Miscioscia dated Monday, January 7, 2008; a copy of that e-mail is attached hereto as Exhibit A.)

4. Hartford refused to agree to maintain the then-current summary judgment briefing schedule and, instead, said that the Local Rules would dictate the briefing schedule on its cross-motion for summary judgment if the Court were to grant it leave to file. (*See, e.g.*, Hartford Mot. for Leave, ¶ 8. (D.I. 80).)

5. In particular, Hartford insists that by filing a cross-motion, it would have the right to file a twenty (20) page "reply" brief, even though the issues on the cross-motion would have been finally briefed on InterDigital's motion. In effect, Hartford is "gaming the system" to obtain a sur-reply brief not permitted by the Local Rules.

6. Hartford's motion to file a cross-motion for summary judgment should be denied. If the motion is granted, it should be granted on the condition that there will be no further briefing.

2

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen J. Mathes
Arleigh P. Helfer III
Stacy B. Heenan
HOYLE, FICKLER, HERSCHEL &
   MATHES LLP
One South Broad Street - Suite 1500
Philadelphia, PA 19107
(215) 981-5700

Dated: February 12, 2008
848000 / 30373

By: */s/ Jennifer C. Wasson*
Richard L. Horwitz (#2246)
Jennifer C. Wasson (#4933)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendants*
*InterDigital Technology Corporation and*
*InterDigital Communication Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Jennifer C. Wasson, hereby certify that on February 12, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 12, 2008, the attached document was Electronically Mailed to the following person(s):

James S. Yoder
White & Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE 19899
yoderj@whiteandwilliams.com

Anthony L. Miscioscia
Gale White
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103
misciosciaa@whiteandwilliams.com
whiteg@whiteandwilliams.com

By: /s/ Jennifer C. Wasson
    Richard L. Horwitz
    Jennifer C. Wasson
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    jwasson@potteranderson.com

743996

# EXHIBIT A

## Arleigh Helfer

| | |
|---|---|
| **From:** | Arleigh Helfer |
| **Sent:** | Monday, January 07, 2008 5:02 PM |
| **To:** | 'Miscioscia, Anthony' |
| **Cc:** | 'White, Gale'; Stephen Mathes |
| **Subject:** | RE: InterDigital -- draft motion |

Tony,

Obviously, we do not have an objection to the court entering an appropriate order giving effect to its conclusions reached in deciding InterDigital's summary judgment motion. Nonetheless, it is InterDigital's motion for summary judgment that is pending before the court and which frames the issues. Hartford intends to rely on the same brief and arguments in opposition to InterDigital's motion as it proposes to rely on in support of its cross-motion. There is no reason why Hartford's late filing of a formalistic cross-motion for summary judgment should entitle you to file what is essentially an improper sur-reply brief.

In sum, we will not oppose Hartford's motion for leave to file the cross-motion for summary judgment if Hartford will agree to maintain the current briefing schedule, which will end with InterDigital's reply brief. Otherwise, we will have to address this issue with the court.

Arleigh

>
> -----Original Message-----
> **From:** Miscioscia, Anthony [mailto:Miscosciaa@whiteandwilliams.com]
> **Sent:** Monday, January 07, 2008 4:00 PM
> **To:** Arleigh Helfer
> **Cc:** White, Gale; Stephen Mathes
> **Subject:** RE: InterDigital -- draft motion
>
> Arleigh,
>
> Assuming the court allows it, I would assume that our cross-motion will be treated as a typical motion -- with Hartford getting a reply brief.
>
> Tony
>
> ---
>
> **From:** Arleigh Helfer [mailto:AHelfer@hoylelawfirm.com]
> **Sent:** Monday, January 07, 2008 3:14 PM
> **To:** Miscioscia, Anthony
> **Cc:** White, Gale; Stephen Mathes
> **Subject:** RE: InterDigital -- draft motion
>
> Tony,
>
> Because the brief is not attached, I have questions. If Hartford's opposition and cross-motion rely upon the same brief, it seems that the briefing structure should not change as Hartford's motion appears merely to be a mirror image to InterDigital's motion (i.e., you appear to be saying that if InterDigital loses as a matter of law, then Hartford should win). Are we correct in assuming that your proposed cross-motion will therefore not alter the original briefing schedule, with InterDigital's reply brief being the last pleading? Please let me know at your earliest convenience.
>
> Arleigh

2/11/2008

-----Original Message-----
**From:** Miscioscia, Anthony [mailto:Miscosciaa@whiteandwilliams.com]
**Sent:** Monday, January 07, 2008 2:38 PM
**To:** Arleigh Helfer
**Cc:** White, Gale; Cosgrove, Barbara
**Subject:** InterDigital -- draft motion

<<3844140_1.pdf>>

Arleigh,

Pursuant to your request of today's email, attached is the current draft of what we propose filing for our Motion for Leave to File Cross-Motion for SJ and our proposed Cross-Motion. The brief and appendix are still being finalized, but are what we will be filign in opposition to InterDigital's Motion for Partial SJ.

Please let me know whether I may advise the court if you consent to our motion for leave.

Tony


Anthony L. Miscioscia
**White and Williams LLP**
1800 One Liberty Place | Philadelphia, PA 19103-7395
Direct Dial: 215-864-6356 | Direct Fax: 215-789-7659
miscosciaa@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.